IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


WILLIAM D. REYNOLDS,

                 Plaintiff

          v.                                C–1–01–877

SHERIFF WINDELL CRAWFORD,
*et al.*,

               Defendants


## ORDER

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 71), Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge (doc. no. 72) and Defendants' Response to Plaintiff's Objections (doc. no. 74).

In the Report and Recommendation of the Magistrate Judge (doc. no. 71), the Judge recommends that summary judgment be granted in favor of the defendants, plaintiff's Motion for Summary Judgment be denied, plaintiff's federal claims be dismissed and plaintiff's state law claims be dismissed without prejudice.

Upon *de novo* review, this Court concludes that defendants Chris Snider, Larry Meyer, Clark Gray and Michelle Hudephol are not entitled to qualified immunity under the facts of this case; therefore, the Report and Recommendation will be modified.

2

Deputy Meyer's supplementary report attached to Defendants' Motion for Summary Judgment (doc. no. 55) described the incident that took place at plaintiff's home on October 11, 2000.  It states in its pertinent parts that Deputy Meyer and Deputy Snider arrived, William Reynolds met officers at the door and ask to come in.  Dep. Snider asked William what the problem was.  William started cussing and carrying on about dogs barking and officers weren't enforcing the laws.  Dep. Snider ask William to calm his tone and language and attempted to tell William he patrolled area, only dog barking was in his back yard.  At this point William became irrate again cussing and carrying on.  At this point Dep. Snider ans. he wasn't going to listen to this.  William asked officers to get the fuck out of his house.  At this point, Det. Snider placed William under arrest for persistent DOC[1].  The time I/O was present, no dogs were heard barking in area.

It is clear that the sole reason that Deputy Snider and Deputy Meyer were inside plaintiff's home was at plaintiff's invitation.  The officers were there to investigate plaintiff's barking dog complaint.  The time was shortly after 4:30 a.m. When plaintiff was told the only dog found by Deputy Snider was in plaintiff's backyard, plaintiff did engage in the conduct described by the Deputies; however, it was not until plaintiff ordered the Deputies out of his home that Deputy Snider placed plaintiff under arrest.

---

[1] Disorderly Conduct.

3

The Deputies were present in plaintiff's home shortly after 4:30 a.m. on October 11, 2000 at plaintiff's invitation.  Plaintiff terminated that invitation by ordering the Deputies to leave.  This Court concludes that it was not objectively reasonable for the Deputies to ignore the request to leave given by plaintiff.  Thus, the resolution of plaintiff's claim depends on the totality of the circumstances as they existed on October 11, 2000.  These circumstances include whether the Deputy Sheriffs were acting in good faith.

It has long been the law in Ohio that it is not a crime to make an offensively coarse utterance or communicate unwarranted and grossly abusive language to any person unless the words spoken are likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of peace. *State v. Hoffman*, 57 Ohio St.2d 129 (1979).  There is conflicting evidence whether plaintiff's conduct either inflicted any injury to the Deputies or would provoke them to breach the peace.

Under the facts of this case, it was not objectively reasonable for the Deputies to arrest plaintiff; thus, plaintiff is entitled to proceed in this case on his First and Fourth Amendment claim against defendants Chris Snider, Larry Meyer, Clark Gray and Michelle Hudephol.

4

The Court finds the remainder of plaintiff's objections to the Report and Recommendation regarding the federal claims have either been adequately addressed and properly disposed of by the Magistrate Judge or present no particularized arguments that warrant specific responses by this Court.

Except as modified herein, the Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and **AS MODIFIED, ADOPTS** the Recommendation of the Magistrate Judge regarding the federal claims.

Having reached this conclusion, it is also necessary to modify further the Report and Recommendation.  It is now necessary to address the claims made under Ohio law.

From its *de novo* review of the record and for the reasons advanced by defendants in their Motion for Summary Judgment at Paragraph II(A), pages 5−9, this Court concludes the defendants were all engaged in the performance of their respective governmental function at all times pertinent and are entitled to immunity for plaintiff's state law claims pursuant to Ohio Rev. Code § 2744.02. Accordingly, the Report and Recommendation is **MODIFIED** to reflect the plaintiff's state law clams are **DISMISSED WITH PREJUDICE**.

5

Plaintiff's Motion for Summary Judgment is **DENIED**.  The Court has dismissed the plaintiff's state law claims and all federal claims but his claim under the First and Fourth Amendment.  Whether plaintiff is entitled to any relief under his remaining claim depends on the totality of the circumstances which are in dispute.  Discovery has been stayed at the request of the defendants.  Because reasonable discovery has not been completed on plaintiff's remaining claim, plaintiff's Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE**.

To facilitate the conclusion of this case, the Court sets a case management conference before this Court on **NOVEMBER 3, 2005 AT 1:30 P.M.**

The Court requests the parties submit their respective suggested case management schedule to the Court **10 DAYS BEFORE THE CONFERENCE** and appear at this conference.

In conclusion, the defendants' Motion for Summary Judgment (doc. no. 55) is **GRANTED IN PART AND DENIED IN PART**.  Defendants' request for judgment regarding plaintiff's federal claim pursuant to the First and Fourth Amendments is **DENIED**.  Defendant's request for judgment on plaintiff's remaining federal and state law claims is **GRANTED** and these claims are **DISMISSED WITH PREJUDICE**.

Plaintiff's Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE**.

Plaintiff's Motion for Judgment on the Pleadings is **DENIED** pursuant to the foregoing.

6

Plaintiff's Motion to Reinstate Discovery is **GRANTED IN PART AND DENIED IN PART**.  The stay of discovery will remain in effect until the case management conference can be held by the Court and a discovery plan developed with the approval of the Court.

All claims against defendants Sheriff Windell Crawford, Corrections Officer Rick Hainey, Corrections Officer Geno Apgar, Dispatcher Andrea Snider, Dog Warden Michael Darnell and Commissioners of Brown County Ohio are **DISMISSED WITH PREJUDICE** at plaintiff's cost.

**IT IS SO ORDERED**.

s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court
