FILED
JAMES BONINI
CLERK

05 OCT 17 PM 2: 13

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO, WESTERN
DIVISION

William D. Reynolds, Col. USAF Ret.

Plaintiff Pro Se

vs

Windell Crawford, et.al.

Defendants

Case No. C-1-01-877, removed from Common Pleas Court, Brown County, Ohio Case No. 20010713 by counsel John E. Vincent.

Plaintiff's reciept of **ORDER** on 10/4/2005 and Certified **ORDER** on 10/4/2005. Below are listed Plaintiff's OBJECTIONS and submissions for violations under U.S. Constitution by named defendants.

A. 10/3/2005 Plaintiff filed his REBUTTAL and **REPEATED MOTION FOR TRIAL DATE** based on **ORDER** by Magistrate Timothy S. Black dated 8/23/2005, that has not been answered.

B. Court's Para.3: Plaintiff is in total agreement with the Conclusion of the de novo review that Defendants Chris Snider, Larry Meyer, Clark Gray and Michelle Hudepohol **ARE NOT ENTITLED TO QUALIFIED IMMUNITY** under the facts of this case; therefore, the Report and Recomendation will be **MODIFIED**. (Report and Recomendation was written by Magistrate Judge Jack Sherman Jr.)

C. This Court has FAILED to question why it would take two (2) deputy sheriff's to respond to a BARKING DOG COMPLAINT when in fact Deputy Snider had patroled the area and said that the only barking dogs were Plaintiff's, 2nd phone call on 10/11/2000 1:25AM Andrea Snider, employed by Sheriff Windell Crawford states, Quoted: The Sheriff told them there not to respond to dog calls anymore that all calls are to be refered to the dog warden. (The dog warden does not work at night unless there is a dog bite called in.) (See EXHIBIT D and therein EXHIBIT 2 where Plaintiff's dog was Euthanized 8/21/2000, therefore, self-evident that it was not, Plaintiff's dog barking., and EXHIBIT 5 is the message dictated by U-1, Sheriff Windell Crawford that DENIED Plaintiff

(1.)

equal protection under U.S.Constitution,Amendment XIV Section 1 that reads in part,Quoted:

:nor shall any State deprive any person of life,liberty,or property,without due process of law;nor nor deny to any person within its jurisdiction the equal protection of the laws.

1. Plaintiff has furnished this Court Tape Recorded and Written proof that Sheriff Windell Crawford is personally in violation of Plaintiff's rights under the U.S.Constitution on 10/11/2000,all to the damage of Plaintiff.

2. Plaintiff shall play said Tape Recording for the date of 10/11/2000 for the Court,only,not counsel Vincent or Landes to enable them to tell each Defendant how to testify.

D. DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT,and therein Page 14 in part reads,line 2 in part,2-7 in part,Quoted:

Specifically,Plaintiff alleges that he had prescription drugs in his home at the time he was arrested. (EXHIBIT D and therein EXHIBIT 4 confirms Plaintiff was taking Prescription Medications from 2/3/1997 to 6/8/2002,Further,PLAINTIFF'S DAILY MEDICATIONS REQUIRED ON 10/11/2000,attached as EXHIBIT (1.).

Following his arrest,Plaintiff claims that he advised the Brown County Jail that he "needed his morning prescriptions..." in response to which the Brown County deputies "offered Plaintiff a 2nd telephone call to get his medications..." which Plaintiff used to call his neighbor who brought his medications to the Brown County Jail.

1. Counsel Vincent and Landes' recitation is FALSIFIED and PERJURED as common sense dictates:

a. Plaintiff left his House and out-building keys with this UnNamed

(2.)

neighbor.

2. Said unnamed neighbor knew exactly where Plaintiff's medications were located, when in fact the only close proxcimity neighbor hadn't been inside Plaintiff's home since for more than 10 years is ABSURD. (F.P.)

3. The second close proximity neighbor has only been a speaking neighbor, therefore, self-evident Plaintiff wouldn't entrust his keys to T.H.

4. The next and farthest neighbor R.W. will testify at trial If and When Plaintiff entrusted his keys to him, state the location and what medications he allegedly brought to the jail on 10/11/2000. The Brown County, Ohio Jail shall be required to produce billing(s) for BOTH phone calls allegedly made by Plaintiff on 10/11/2000, under discovery, case management conference on NOV 3, 2005 at 1:30PM.

5. Counsel Vincent and Landes who allege they knew Plaintiff had made two (2) phone calls from the Brown County, Ohio Jail, under case management discovery on NOV 3, 2005 will be required to produce the OFFICIAL BILLING for the calls allegedly made by Plaintiff at 5:15AM, 10/11/2000 as evidenced on Booking Card, for the time of day the calls would have been made.

6. Defendant Chris Snider's PROBABLE CAUSE AFFIDAVIT on 10/11/2000 that was filed by Clark Gray has been TAMPERED by Chris Snider, Larry Meyer and or counsel John E. Vincent in concert with Mark Landes as submitted to this Court in PLAINTIFF'S EXHIBIT F and therein EXHIBIT B as submitted to this Court by CERTIFICATE OF SERVICE 22nd day of November, 2002, but filed with the Court on 11/25/2002, submitted by MARK LANDES (0027227), John E. Vincent (0070501)

1. Eradicated from Chris Snider's PROBABLE CAUSE AFFIDAVIT of 10/11/2000, just above the bold solid line, 2917.11 A-2 [M-4] (Persistent

(3.)

Disorderly ,Only counsel Vincent and Landes would be knowledgable enough to have Eradicated that because of,<u>CONSTITUTIONALITY OF STATUTE</u>.

2. on the back of said Probable Cause Affidavit by Defendant Chris Snider the name <u>CLARK GRAY</u> has also been Eradicated. Only counsel Vincent and Mark Landes are knowledgable enough to eradicate that because it is in violation of ORC Section 2935.09,2319.04 and 2935.19 as filed by Clark Gray.

INCONSISTENCIES IN DEFENDANT CHRIS SNIDER'S Probable Cause Affidavit of 10/11/2000 v/s <u>Supplementary Report</u>,also 10/11/2000.

A. The 1st three (3) lines contradict the 2nd paragraph,and reads,Quoted: After answering a call to a res on 221 I/O's came in contact w/Bill Reynolds Ref a earlier barking dog call.

1. That statement is FALSIFIED AND PERJURED by Chris Snider,because on 10/11/2000 Plaintiff made THREE (3) Calls to the Communication Center,378-4155,each will be played for the Court because one of the recordings Angela Snider,(Wife) states Chris Snider patroled the area and the only dog that was barking was Plaintiff's that sparked a response.

2. Angela Snider also states on tape: <u>that the Sheriff said not to respond to dog calls anymore</u>,etc.,therefore,Sheriff Windell Crawford by his own implications REFUSED to enforce ORC 3767.13 (A) and Section 955.01 through 955.99 and EXHIBIT D and therein EXHIBIT 5.

3. Deputy Snider's paragraph 2,reads,Quoted: <u>I/O's responded after being cussed on the phone at 911</u>.

a. Plaintiff's three tape recordings will show that to be <u>Falsified and Perjured</u>,as written by Deputy Snider on 10/11/2000.

(4.)

   b. Both Deputy Snider and Meyer were ROAD DEPUTYS on 10/11/2000. Snider was assigned to the SOURTERN PART OF THE COUNTY (Plaintiff's area) and Meyer to the NORTHERN PART OF THE COUNTY on 10/11/2000,therefore,:

   A. What do you suppose these TWO ROAD DEPUTIES were doing <u>FUCKING OFF</u> with the girls in the Communications Center,instead of Enforcing the Laws that we Brown Countyians pay them to do,is a BREACH of OATH.

   E. The Courts page 2 have FAILED to consider why it took two (2) Deputy Sheriff's to answer a Barking Dog Complaint by Plaintiff when in fact Deputy Snider had responded and said that the only dog that was barking was Plaintiff's as stated in her recording,to be played to the Court. Further, EXHIBIT D and therein <u>EXHIBIT 2</u> is Prima-Facie and irrefutable fact that the Plaintiff's dog had been EUTHANIZED on <u>8/21/2000</u>,which is FIFTY TWO (52) DAYS **BEFORE** Deputy Snider heard **THE TWO UNLICENSED DOGS BARKING AT 7021 St.Rt. NOT IN PLAINTIFF'S BACKYARD** [t[hus the INEPTNESS of the Brown County,Ohio Sheriff's Department.

   F. Plaintiff OBJECTS to ORDER,last paragraph,DISMISSALS as follows:
      1. As stated herein,Page 4,A 2 on Windell Crawford.

      2. OBJECTION to dismissal of Corrections Officer <u>Rick Hainey</u> violated Plaintiff's rights under U.S.Constitution,Amendment VIII,by <u>inflicting cruel and unusual punishments</u> by FAILING to contact his immediate supervisor so Plaintiff would be given his Prescription Medications,the minimum with Caution inscribed upon Caduceus hanging on a chain around his neck. (Ref. EXHIBIT D and therein EXHIBIT 4 Pages 1-6 as proof of need for long duration,see EXHIBIT 1,attached hereto.

      Correction officers Rick Hainey in concert with Geno aPGar conducted an illegal search and seizure of Plaintiff's worldly posessions by

making him stand on his tip-toes with nose against brick wall while Hainey searched each of Plaintiff's pockets and fondled Plaintiff's Penis when searching his front pockets in violation of department policy.

   3. Corrections Officer Geno aPGar on 10/11/2000 violated Plaintiff's rights under U.S.Constitution,Amendment VIII,by inflicting cruel and unusual punishments,for FAILING to contact his immediate supervisor so Plaintiff could be given his Prescription Medications,the Minimum with Cautions were inscribed upon his CADUCEUS hanging on a chain around his neck. (Ref. EXHIBIT D and therein EXHIBIT 4 Pages 1-6 as proof of need for long duration,see EXHIBIT 1 attached hereto.

   G. Violations by Rick Hainey and Geno aPHar on the date of 10/11/2000 are better shown  in: OAG 85-054,especially Page 2-202,Quoted: A prisoner has a constitutional right to receive medical treatment. The United States Supreme Court has held that a governmental body's deliberate indifference to the serious medical needs of its prisoners violates the eigth amendment to the U.S.Constitution which proscribes cruel and unusual punishment. (Each Case Law therein is applicable.) DENIED BAIL,Booking Card,Hold for Co.CRT.

   H. Altho this Court in ORDER makes reference to  Ohio Law not being a crime. Plaintiff points out that his telling Officers Snider and Meyer to get the fuck out of his house Were Not "FIGHTING WORDS" State v.Hoffman,Page 131,paragraph 6,Quoted:
                     The United States Supreme Court has stated that no matter how rude,abusive,offensive,derisive,vulgar,insulting,crude,profane or opprobrious spoken words may seem to be in their utterance may not be made a crime unless they are "fighting words" as defined in that tribunal.


   I. JAIL/BOOKING CARD filed by Rick Hainey in concert with Geno aPGar dated

10-11-00 at their hand knew what the charge was,Quoted: Offense Pers DOC 2917.11,and EXHIBIT A,Plaintiff's Certified Copy shows Clark Gray filed said Probable Cause Affidavit FOR Deputy Chris Snider,a FALSIFIED and PERJURED and DEPOSED DOCUMENT.

2. Plaintiff was BOOKED into the JAIL at 5:15AM,however,Defendant Clark Gray DIDN'T FILE HIS FALSIFIED and PERJURED COMPLAINT,EXHIBIT B,until,2000 OCT 11 9:13AM,therefore,it is self-evident Plaintiff was BOOKED---BEFORE--- a COMPLAINT was filed in violation of U.S.Constitution,Amendment(s) I,IV,V, VIII and XIV Section 1,[t]hus it is also important for this Court to NOTE that Clark Gray FAILED to file a Jurat under Crim R.3,as shown on the face of the ILLEGAL COMPLAINT he filed with Deputy Clerk Christine Adams on 10/11/00.

3. Lastly,on Clark Gray,he is in violation of ORC Section 2935.09,2935.19, 2319.04 and demonstrates the ineptness of the Brown County,Ohio Sheriff's Department.

J. **OBJECTION** to Judge Herman J.Weber's ORDER as follows:

1. Andrea Snider,communications dispatcher on 10/11/2000 was an Employee of then Sheriff Windell Crawford.  As his employee she was also mandated to correctly relay information to the ROAD DEPUTY inclusive of any ORC Section number Plaintiff stated in his three (3) calls on 10/11/2000.

2. EXHIBIT D and therein EXHIBIT 5 is irrefutable evidence that then Sheriff Crawford REFUSED to enforce ORC Section 3767.13 as stated by Plaintiff in each of his three (3) phone calls on 10/11/2000.

Andrea Snider states in either the 2nd or 3rd phone call made by Plaintiff that they do not respond to dog calls or words to that effect, therefore denying PLAINTIFF ONLY equal protection under the law in violation

(7.)

of U.S.Constitution,Amendment XIV.  Sheriff Crawford's REFUSAL to enforce the REVISED CODE for Plaintiff entitles him to file under <u>42 Section 1983,Civil action for deprivation of rights</u>.  In part reads,Quoted: ,<u>subjects,or causes to be subjected,any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,privileges,or immunities secured by the Constitution and laws,shall be liable to the party injured in an action at law,suit in equity,or other proper proceedings for redress</u>. Etc., copy attached EXHIBIT (2.).

    3. To the best of Plaintiff knowledge and belief,Sheriff Crawford's denial for Law Enforcement for Plaintiff Only,remained in effect until he was voted out of office in the year 2000.

    K. OBJECTION to Judge Herman J.Weber's **ORDER** as follows:

    1. Dog Warden Michael Darnall and the Commissioners of Brown County, Ohio because:

    a. The commissioners who hire/fire all Dog Wardens and Assistant Wardens FAILED to INSTRUCT any of their employees that ORC Section 955.12 MANDATES,in part,the following,Quoted:

    1. <u>The warden and deputies shall give bond in a sum not less than five hundred dollars and not more than two thousand dollars,as set by the board,conditioned for the faithful performance of their duties.</u>

    a. The previous Dog Warden Barbara Hibbs and deputy Coleene Lighten were both FIRED by the Commissioners for being intoxicated and or high on drugs while on duty. The Commissioners Were Not Intelligent enough to see through the ruse by Coleene Lighten,<u>A REGISTERED NURSE</u>,would be willing to take a job answering the telephone at the Animal Shelter is more than ABSURD.

Continuing with ORC Section 955.12 reads, Quoted:

b. The warden and deputies shall make a record of all dogs owned kept, and harbored in their respective counties. They shall patrol their respective counties and seize and impound on sight all dogs running at large and all dogs more than three months of age found not wearing a valid registration tag.

1. This has not been done and DISCOVERY will show that it hasn't, therefore, had it been done, Deputy Chris Snider, wouldn't have heard a dog barking in Plaintiff's backyard, remembering it was the Animal Shelter, Michael Darnall who Euthanized Plaintiff's dog fifty two (52) days before Deputy Snider began his Falsifications and Perjurys in concert with Larry Meyer on 10/11/2000 and afterwards in their respective AFFIDAVITS, filed with this Court.

2. The other portion of ORC Section 955.22 that Michael Darnall FAILED to enforce was Section 955.22 for the more than twenty (20) Vicious Dangerous dogs on both sides of Plaintiff. One of these dogs tore the throat out of Plaintiff's dog, accounting for the necessity of Euthanzation.

3. Dog Warden Michael Darnall has been CHARGED with **THEFT IN OFFICE** by the Prosecuting Attorney's office and subsequently Indited by the Grand Jury. Respectively, Charged MAR 10, 2005 and indited MAR 30, 2005, [t]hus the true character of Michael Darnall in his official capacity.

*Col. William D. Reynolds*, Plaintiff

CERTIFICATION

Two copies mailed to Federal Court for file stamp and return of one copy to Plaintiff in S.A.S.E. provided. Copy mailed to counsel Vincent/Landes at their Col's Ohio address, all by regular U.S.Mail on Saturday 10/14/2005.
DISCOVERY AND REQUEST(s) FOR PRODUCTION ATTACHED ON SEPARATE PAGE(s).

PUBLIC HEALTH AND WELFARE

**Sec.**
2000g-1. Functions of Service.
2000g-2. Cooperation with other agencies; conciliation assistance in con[...]dence and without publicity; information as confidential; [...]striction on performance of investigative or prosecuting fun[...]tions; violations and penalties.
2000g-3. Reports to Congress.

### SUBCHAPTER IX—MISCELLANEOUS PROVISIONS

2000h. Criminal contempt proceedings: trial by jury, criminal pract[...] penalties, exceptions, intent; civil contempt proceedings.
2000h-1. Double jeopardy; specific crimes and criminal contempts.
2000h-2. Intervention by Attorney General; denial of equal protection [...] account of race, color, religion, sex or national origin.
2000h-3. Construction of provisions not to affect authority of Atto[...] General, etc., to institute or intervene in actions or proceedi[...]
2000h-4. Construction of provisions not to exclude operation of State la[...] and not to invalidate consistent State laws.
2000h-5. Authorization of appropriations.
2000h-6. Separability of provisions.

---

## 42 § 1983

### § 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

R.S. § 1979; Pub.L. 96-170, § 1, Dec. 29, 1979, 93 Stat. 1284.)

### HISTORICAL AND STATUTORY NOTES

**Derivation Notes and Legislative Reports**
R.S. § 1979 is from Act Apr. 20, 1871, c. 22, § 1, 17 Stat. 13.
Section was formerly classified to section 43 of Title 8, Aliens and Nationality.
1979 Acts. House Report No. 96-548, 1979 U.S. Code Cong. and Adm. News, p. 2609.

**Amendments**
1979 Amendments. Pub.L. 96-170 added "or the District of Columbia" follow[...]

ing "Territory," and provisions relating to Acts of Congress applicable solely to the District of Columbia.

**Effective Dates**
1979 Acts. Amendment by Pub.L. 96-170 applicable with respect to any deprivation of rights, privileges, or immunities secured by the Constitution and laws occurring after Dec. 29, 1979, see section 3 of Pub.L. 96-170, set out as a note under section 1343 of Title 28, Judiciary and Judicial Procedure.

### CROSS REFERENCES

[...]p clause, see USCA [...]
Conspiracy to interfere with civil rights, damages for, see 42 USCA § 1985.
[...] Institutionalized persons required to exhaust remedies to maintain action under this section, see 42 USCA § 1997e.
[...] see 28 USCA § [...], see USCA Const. Art. IV § 2, cl. 1 and Amend. XIV, § 1.

### LIBRARY REFERENCES

**Administrative Law**
Defense against discrimination, complaint, see West's Federal Practice Manual § 16321 et seq.
Discriminatory zoning, see West's Federal Practice Manual § 12763.
Exhaustion doctrine, application of, see Koch, Administrative Law and Practice § 13.5
Federal jurisdiction, see West's Federal Practice Manual § 7521 et seq.
Habeas corpus, see Koch, Administrative Law and Practice § 8.15.
Immunity, see Koch, Administrative Law and Practice § 10.78
Preliminary procedures, see Koch, Administrative Law and Practice § 10.78
Preparation of complaint, see West's Federal Practice Manual §§ 16161 et seq.
Procedural techniques of constitutional damage suit, see Koch, Administrative Law and Practice § 7.42

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO, WESTERN
DIVISION.



William D. Reynolds, Col USAF Ret.    Case No. C-1-01-877, removed from
Plaintiff,    Common Pleas Court, Brown County,
    Ohio, case No. 20010713 by counsel
vs    John E. Vincent.

Windell Crawford, et al.,

Defendants    PLAINTIFF's Daily Medications,
    REQUIRED ON 10/11/2000.

1. Verapimil HCL          (2-240mg)   Dr. Terri Lynn Brody--Clermont V.A.

2. Potassium Choloride    (2-8MEQ)    Dr. Terri Lynn Brody--Clermont V.A.

3. Coumadin               (5mg)       Dr. Terri Lynn Brody--Clermont V.A.

4. Doxcyline Hyclate      (100mg)     Dr. Terri Lynn Brody--Clermont V.A.

5. Sylicylac Acid         (325mg)     Dr. Terri Lynn Brody--Clermont V.A.

6. Hydrocholorothiazide   (25mg)      Dr. Terri Lynn Brody--Clermont V.A.

7. Nizoral                (2%/A.R.)   Dr. Michael McHenry--Georgetown family
                                                                physicians.

These medications were deprived from Plaintiff by Defendants C. Snider, R. Hainey,
Geno aPGar on 10/11/2000 in violation of U.S. Constitution Amendment VIII, OAG
85-054, 055, and Case Law Ohio Law Abstract on nuisances, Article I Section 9 and
10 Ohio Constitution. Constitutional violations by defendants C. Snider in concert
with L. Meyer under First and Fourth Amendments occured by these arresting
officers, as specified in Original Complaint. Windell Crawford was Sheriff and
responsible for the conduct of his deputies.

Arrest was made without Warrant or Probable Cause as evidenced by Entry No.
810064 Judge Margaret Clark on April 19, 2001 case no. CRB0001246, leading
directly to the Captioned Case.

REGARDS:
*Col. William D. Reynolds* [signature]   SAF 7/27/2002
Col. William D. Reynolds
7013 St. Rt. 221
Georgetown, Ohio 45121

(1. oF 1.)