### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM D. REYNOLDS, | : | Case No. C-1-01-877 |
| Plaintiff, | : | Judge Herman J. Weber |
| vs. | : | Magistrate Judge Timothy S. Black |
| WINDELL CRAWFORD, et al., | : | |
| Defendants. | : | |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

On September 29, 2005, this Court issued its Order modifying the Magistrate's

Report and Recommendation in this matter regarding Defendants' Motion for Summary

Judgment. (doc. no. 87.)  Within its Order, this Court essentially concluded that all claims

presented by Plaintiff, with the exception of the First and Fourth Amendment claims against

Defendants Chris Snider, Larry Meyer, Clark Gray and Michelle Hudephol, were dismissed

with prejudice.  *Id.*   Thereafter, Plaintiff filed a "Motion by Plaintiff for the Court to

reconsider its **ORDER** of 10/4/2005, as shown below."  (doc. no. 95.)[1]  Plaintiff's Motion

for Reconsideration should be denied by this Court for a myriad of reasons, including that:

1) Plaintiff's Motion is untimely; 2) Even if Plaintiff's Motion were considered a Rule 60

motion for relief from judgment, it fails to contain any rationale which satisfies the

requirements thereof.  Accordingly, Plaintiff's Motion for Reconsideration should be denied

---

1    Plaintiff's Motion for Reconsideration bears two time stamps from the Clerk of Courts.  The earliest time-stamp appears to be November 30, 2005, and the second is December 8, 2005.  Regardless of which date is accurate, the fatal flaw in Plaintiff's Motion for Reconsideration remains.

in its entirety.

**II.    LAW AND ARGUMENT**

    **A.    Plaintiff's Motion for Reconsideration is Untimely.**

In the Sixth Circuit, a Motion for Reconsideration is construed as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment. *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). Fed. R. Civ. P. 59 provides, in pertinent part, that:

> (e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment **shall be filed no later than 10 days after entry of the judgment.** *Emphasis added.*

This Court's Order regarding the Magistrate's Report and Recommendation was filed on September 29, 2005. (doc. no. 87). Thus, any Motion for Reconsideration of this Court's Order was due on or before October 10, 2005, when time is calculated pursuant to Fed. R. Civ. P. 6(a). Plaintiff's Motion for Reconsideration was filed well beyond the 10 days allowed under Fed. R. Civ. P. 59(e), and as a result his Motion was untimely and must be denied.

    **B.    Even if Timely, Plaintiff's Motion Fails as a Matter of Law.**

When a party files an untimely motion for reconsideration, the Sixth Circuit has held that such a motion can be considered a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 268 (6th Cir. 1998). However, a motion for relief from judgment is subject to a much higher standard that a motion for reconsideration, since it may be granted only for clearly delineated reasons. Fed. R. Civ. P. 60(b) provides relief from judgment, when:

::ODMA\GRPWISE\IBLT_DOM.IBLT_PO.IBLT DOCUMENT LIBRARY:270355.1

>(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

As Plaintiff's Motion fails to specifically raise any of the requisite grounds for relief, it appears at best to be brought pursuant to Fed. R. Civ. P. 60(b)(6). The Sixth Circuit has held that a motion for relief from judgment based upon Fed. R. Civ. P. 60(b)(6) is only properly supported under "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

Plaintiff's Motion fails to set forth any "unusual" or "extreme situation" as required by *Olle*, supra. Instead, it is apparent that Plaintiff is simply unsatisfied with this Court's Order and is presenting the identical arguments (without any supportive evidence) that have already been deemed unpersuasive by this Court. As such, Plaintiff is not entitled to relief under Fed. R. Civ. P. 60(b). Accordingly, Plaintiff's Motion should be denied.

## III.    CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court deny

::ODMA\GRPWISE\IBLT_DOM.IBLT_PO.IBLT DOCUMENT LIBRARY:270355.1

Plaintiff's Motion for Reconsideration.

Respectfully submitted,


/s/      John E. Vincent
**MARK LANDES (0027227)**
*E-mail*: marklandes@isaacbrant.com
**JOHN E. VINCENT (0070501)**
*E-mail*: johnvincent@isaacbrant.com
ISAAC, BRANT, LEDMAN & TEETOR, LLP
250 East Broad Street, 9th Floor
Columbus, Ohio 43215-3742
(614)221-2121; FAX (614)365-9516
*Attorneys for Defendants*

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing was filed electronically.  Notice of this

filing will be sent to all parties by operation of the Court's electronic filing system.  A copy

was also served via U.S. Mail, postage prepaid this 9th day of December, 2005, upon:

William D. Reynolds
7013 St. Rt. 221
Georgetown, Ohio 45121
*Plaintiff pro se*

/s/      John E. Vincent
**MARK LANDES (0027227)**
**JOHN E. VINCENT (0070501)**
*Attorneys for Defendants*

::ODMA\GRPWISE\IBLT_DOM.IBLT_PO.IBLT DOCUMENT LIBRARY:270355.1