FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO, WESTERN
DIVISION

05 DEC 30 PM 2: 21

William D.Reynolds,Col.USAF Ret.
7013 St.Rt.221
Georgetown,Ohio 45121

      Plaintiff Pro Se

         vs,

Windell Crawford
7085 St Rt.125
Georgetown,Ohio 45121

      Defendant et.al.

Case No.C-1-01-877,removed from
Common Pleas Court,Brown County,
Ohio Case No.20010713 by counsel
John E.Vincent.

**MOTION** and One Time offer of

Settlement with Stipulations

based upon MOTION file-stamped

NOV 20 2005.

Plaintiff's description of events that occured in his trying to make
Settlement offer with (1) Attorney Anthony Sammons,his FAILURE to respond,
(2) Financial needs of Attorney Thad Muething and his FAILURE to get the
Case Number are two sound reasons why Plaintiff shall continue,Pro Se.

### STIPULATION(s) FOR SETTLEMENT,
### ONE TIME OFFER.

Each named Defendant in the captioned case **SHALL BE TERMINATED** from
their respective positions in the Brown County,Ohio Court System,NEVER to act
in **ANY LAW ENFORCEMENT POSITION** in the State of Ohio or any states surrounding
Ohio,inclusive of Indiana,Michigan,Pennsylvania,West Virginia or the
Commonwealth of Kentucky,they by name being:

1. Deputy Chris Snider.

2. Deputy Larry Meyer.

3. Deputy Clark Gray.

4. Deputy Michelle Hudepohol,each pursuant to **ORDER** received 10/4/2005.

(1.)

5. Deputy,Sgt. Tammy Dillinger,added with Courts permission Sept.6,2002.

6. Investigator Bobby Gifford from Prosecutor's Office,added with Courts permission Sept.6,2002.

Since the Court has not had time to respond to **MOTION** by Plaintiff file-stamped <u>OCT 17 2005</u> he SHALL add those persons back as Defendant(s) as described in that filing:

7. Sheriff Windell Crawford.

8. C.O.Rick Hainey.

9. C.O.Geno aPHgar.

10. Dispatcher Andrea Snider.

11. Assistant Dog Warden Michael Darnall.

12. Commissioners of Brown County,Ohio that were seated on 10/11/2000.

## <u>MONETARY OFFER OF SETTLEMENT</u>,
## <u>ONE TIME ONLY</u>.

Plaintiff shall in this **ONE TIME ONLY OFFER FOR SETTLEMENT**  and upon correction of EXHIBIT(s) B-1 and no.1,Case No.CRB0001246 respectively by Asst. Prosecutor Mary McMullen and Judge Margaret A.Clark previously filed with this Federal Court where Plaintiff <u>STOOD TRIAL</u> everything below becomes effective but not until that time.

1. <u>NOTICE OF REMOVAL,</u>Case No. 20010713CVH at the hands of  counsel Mark Landes and John E.Vincent occured on or about DEC 11,2001 according to Exhibit B Affidavit of JOHN E.VINCENT attached to NOTICE OF REMOVAL but not signatured and Notarized until 18th day of December. Plaintiff Did Not receive same until 12/27/2001.

(2.)

2. Attached to **NOTICE OF REMOVAL** was a copy of Plaintiff's COMPLAINT file-stamped 01 NOV 16 PM2:45 consisting of nine (9) Defendants and subsequent to that Defendant(s) Tammy Dillinger and Bobby Gifford were added with the permission of Magistrate Jack Sherman Jr's Calendar Order,therefore,and respectively became  COUNT TEN and COUNT ELEVEN,file-stamped SEP 06 2002.

3. Secquencially is Plaintiff's  **ONE TIME ONLY OFFER OF SETTLEMENT** for each Defendant as follows:

**A.** Deputy Chris Snider,for (1) False Arrest and Illegal Incarceration, without Warrant or Legal Probable Cause Affidavit on 10/11/2000, (2) Failure to furnish prescription medications to disabled person,namely Plaintiff with Caduceus and minimum daily requirements/Cautions inscribed thereon,in violation of U.S.Constitution,Amendment VIII,OAG 85-054 Page 2-202 para 2,[57 Ohio St.2d] STATE v.HOFFMAN and the U.S.Supreme Court's tribunal on Abusive Utterances.

(3) Medicare Fraud by taking Plaintiff to the Brown County,Ohio General Hospital in hand-Cuffs and Leg-Irons by Hamersville,Ohio EMS and billing Medicare for $602.00 and Plaintiff for the balance of $63.00,EXHIBIT D and therein EXHIBIT 3,EXHIBIT 6 and attachments thereto.

(4) By ORDER of Judge Margaret A.Clark Plaintiff had to STAND TRIAL on the Falsified and Perjured Probable Cause Affidavit,DEPOSED by Deputy Michelle Hudepohol. Plaintiff finds that Judge Clark's  JOURNAL ENTRY 810064, EXHIBIT D and therein EXHIBIT 1 to be TOTALLY INCONSISTENT with Crim.R. 29 and under Brady Doctrine the Prosecutors office in concert with Judge Clark have and continue to WITHHOLD EXCULPATORY evidence in said Journal Entry. (Plaintiff WAS ACQUITTED under Crim.R.29,therefore,Journal Entry 810064 is FALSIFIED and PERJURED!!!)

(3.)

(5) False Arrest and Illegal Incarceration,without Charge(s) on 10/11/2000,to this filing date,in violation of U.S.Constitution,Amendment(s) I,IV,V,VII,VIII and XIV Section 1.

(6) Illegally had Defendant,Deputy Michelle Hudepohol DEPOSE his Probable Cause Affidavit dated of 10/11/00 that Defendant,Deputy Meyer REFUSED to Swear was a TRUE and Accurate copy,however,Deputy Meyer in his Personal Affidavit dated 6th day of November,2002 and therein #7 EXHIBIT A,and state that it is a true and accurate copy of the Report of Investigation,and in #9 therein states in part,Quoted:       I have reviewed the document attached hereto as Exhibit B,and state that it is a true and and Brown County Sheriff's Department Jail/Booking Card that resulted from the arrest and detention of William Reynolds on October 11,2000 prior to his arraingment.

                ****** Plaintiff asks the Court to NOTE that Defendant,Deputy Larry
                      Meyer Did Not and or REFUSED to SWEAR the content of Deputy
                      Chris Snider's Probable Cause Affidavit,that same date.******

(7) Exhibit B,Booking Card by C.O's Hainey/aPHgar on 10/11/2000 is self-evident that Plaintiff was DENIED bail by Defendant,Deputy Chris Snider in violation of U.S.Constitution,Amendment VIII.

(8) This Court is to NOTE that Defendant,Deputy Meyer in his personal Affidavit dated  6th day of November #9 has SWORN it to be TRUE.

(9) DEFENDANT'S EXHIBIT 1,personal Affidavit by Chris Snider,#9 in part reads,Quoted:       I have reviewed the document attatchd hereto as Exhibit B and state that it is a true and aceurate copy of the Probable Cause Affidavit that I signed and resulted from the investigation and arrest of William Reynolds on

( 4.)

October 11,2000. All facts contained within the Probable Cause Affidavit are true to the best of my knowledge and belief.

a. This Court knows that the above statement is FALSIFIED and PERJURED because the 2nd EXHIBIT B, Probable Cause Affidavit 10/11/2000 was ILLEGALLY DEPOSED by Defendant,Deputy Michelle Hudepohol and EXHIBIT B by Plaintiff was SWORN,therefore,FALSIFIED by Defendant,Deputy Clark Gray,on 2000 OCT 11 AM9:15,that caused Plaintiff to Stand Trial.

b. Further,this Court has been told previously,that the 2nd EXHIBIT B as submitted by Defendant,Deputy Chris Snider has been TAMPERED by Chris Snider and or counsel John E.Vincent in concert with Mark Landes by ERADICATING at the top of the page:: 2917.11 [M-4] (Persistent Disorderly and from the back of this Double Sided document the name: Clark Gray.

   This TAMPERING can be easily proven with PLAINTIFF'S EXHIBIT A, a Certified Copy dated 11/25/02 the exact same date as shown on the Court's docket-file,BUT,are different,in content!!!!!!

(10) Plaintiff's ONE TIME OFFER TO SETTLE with Defendant(s) Deputies Chris Snider and Michelle Hudepohol and CROMPROMISE Compensatory damages for EACH, from $250,000.00 down to $200,000.00 and Punitive Damages not to exceed $750,000.00 for all Defendants.


B. Deputy Larry Meyer,for his inconcert False Arrest and Illegal Incarceration with Defendant,Deputy Chris Snider on 10/11/2000,without Warrant or LEGAL Probable Cause Affidavit as DEPOSED by Defendant Michelle Hudepohol on 10/11/2000 in violation of ORC Section(s) 2319.04 and 2935.09.

(5.)

Everything herein written from **STIPULATION(S) FOR SETTLEMENT,ONE TIME OFFER** on Page 1 through 5 is applicable as if rewritten herein except for the <u>asterisked</u> paragraph on Page 4,center of page that Plaintiff shall now address.

a. In Defendant,Deputy Larry Meyer's personal Affidavit dated 6th day of November,2002 he has SWORN the content of <u>Report of Investigation</u> (14-00-3083) dated 10/11/00 to be  true and accurate copy #7 therein.,and:

b. In #9 he has SWORN the content of EXHIBIT B,Jail/Booking Card,in part Quoted: <u>I have reviewed the document  attached hereto as Exhibit B,and state</u> <u>that it is a true and Brown County Sheriff's Department Jail/Booking Card that</u> <u>resulted from the arrest and detention of William Reynolds on October 11,2000</u> <u>prior to his arraignment.</u>

c. In b.,above Defendant,Deputy Larry Meyer has **ADMITTED** from the Exculpatory Evidence in said Booking Card,the following:

1. Plaintiff wasn't permitted to speak with his attorney for the unknown charge(s) against him as evidenced on Page 1,.: <u>in case of emergency</u> notify John Hackner (<u>Jon Hapner</u>), Address: <u>127 N.High St</u> Hillsboro, Phone: <u>Unknown</u>,Relationship: <u>Attorney</u>.

2. Plaintiff told both C.O's Hainey and aPHar  Hapner's name was spelled JON and also told them that he was listed in the YELLOW PAGES of the Georgetown,Ohio phone book under ATTORNEYS,therefore,they DENIED Plaintiff COUNSEL in violation of U.S.Constitution,Amendment V,VIII,XIV Section 1.

3. Page 1 of Booking Card  is further Exculpatory evidence that Plaintiff's <u>WEIGHT</u> has been FALSIFIED and Perjured by C.O's Hainey and aPhar and Defendant,Deputy Chris Snider as will be proven by Plaintiff's EXPERT WITNESS at trial unless this settlement is completed.

(6.)

4. Page 2 of BOOKING CARD is further EXCULPATORY EVIDENCE that Plaintiff was DENIED BAIL or talking with his attorney before arraignment at the hand of C.O's aPHar/Hainey as the Booking Officers and Searching Officers that shows: Hold For: Co.CRT.,and:

5. Plaintiff had $250.00 on his person when he was ILLEGALLY SEARCHED by C.O's aPHar and Hainey who tried to fondle Plaintiff's penis as he searched his pockets on 10/11/2000,therefore,more than enough to cover Plaintiff's Bail that was DENIED to him in violation of U.S.Constitution,Amendment VIII.


C. Defendant,Deputy Larry  Meyer REFUSED to SWEAR the content of 2nd EXHIBIT B.,Probable Cause Affidavit dated 10/11/00 by Defendant,Deputy Chris Snider that is TAMPERED,ILLEGALLY DEPOSED,FALSIFIED ans PERJURED and in part reads, Quoted:

After answering a call to a Res on 221 I/O's came in contact w/ Bill Reynolds ref a earlier Barking Dog Call. (Note a earlier barking dog call,when in fact there were three (3) calls made by Plaintiff on 10/11/2000.) and:

****** I/O's responded after being cussed on the phone at 911.,Etc. ******


a. That same date 10/11/00 by Defendant,Deputy Chris Snider's SUPP REPORT in part reads,Quoted: I/O responded to a call at William Reynolds Res.upon entering Driveway Mr. Reynolds meet officers at the door.

1. Chris Snider wrote I/0 responded,and is singular,and:

2. Mr.Reynolds meet officers at the door,is plural,and:

3. Personal Affidavit by Chris Snider dated 15th day of November,2002, ENHANCED by counsel John E.Vincent in concert with Mark Landes reads in part, Quoted:

(7.)

DEFENDANT'S EXHIBIT 1.,and therein #2 reads,Quoted: <u>At all times relevant to the above-captioned case,I was a Deputy Sheriff of Brown County,Ohio.</u>

PLAINTIFF'S EXHIBIT G and therein EXHIBIT 5 depicts Chris Snider getting <u>appreciation plaque after retirement with 9 years of service</u>.

1. Chris Snider is not old enough to have retired unless:

    a. He is Mentally Disturbed,in which case Plaintiff is entitled to know for his Meyer's and Clark Gray's charge on 10/11/2000.

    b. He is Physically unable to work and had to retire,in which case Plaintiff is entitled to know because of his,Meyer's and Gray's charge on 10/11/2000.

DEFENDANT'S EXHIBIT 1,Affidavit of Chris Snider and therein #3 reads, Quoted: <u>On or about October 11,2000,at approximately 4:30a.m.,I was dispatched to 7013 State Route 221,Georgetown,Ohio for complaints of barking dogs.</u>

    a. Note the Enhancement of: <u>COMPLAINTS</u> (Plural) OF <u>BARKING DOGS</u> (Plural) by counsel John E.Vincent in concert with Mark Landes.

    b. Does not Correspond/Correlate with either 2nd EXHIBIT B of PLAINTIFF'S EXHIBIT F and therein 2nd EXHIBIT B ,<u>Probable Cause Affidavit</u> by Chris Snider dated 10/11/00 or Snider's <u>EXHIBIT A</u> or Snider's <u>SUPP REPORT</u> that same date,therefore,INCONSISTENT  EXCULPATORY EVIDENCES as filed with this Federal Court.

DEFENDANT'S EXHIBIT 1,and therein #3 continued,reads Quoted: <u>This address is known to me as the residence of William Reynolds,an individual who has been repeatedly arrested for his misconduct within Brown County,Ohio.</u>

(8.)

1. Repeatedly Arrested,by definition in its most simple form means: **TIME AFTER TIME**,however,neither Chris Snider,Larry Meyer or Counsel John E.Vincent HAVE PRODUCED THIS ALLEGED AND DAMNING EVIDENCE, therefore,it must be FALSIFIED and Perjured as the Jury will note.

2. To save the Court time and effort in research,Plaintiff states that on 3/11/1998 at the hand of DEFENDANT,Deputy Jack B.Moore in concert with Dog Warden Michael Darnall Arrested Plaintiff for various crimes that is presently filed in this Federal Court Case No. 1:05CV224,Judge Beckwith for you to review if you so desire.

3. Plaintiff further states that he has NEVER had a Parking,Speeding,DUI, Charge in more than sixty (60) years of driving. Further,in his military career of 22.5 years and in multiable countries where he couldn't even speak the language he was never arrested for anything.

DEFENDANT'S EXHIBIT 1,continued,reads,Quoted: Prior to approaching the residence,I patroled the area and found only one barking dog,that being the dog in the Reynolds' back yard.

a. Defendant,Deputy Chris Snider has FAILED to enforce ORC CHAPTER 3767 or Plaintiff's rights under U.S.Constitution,Amendment(s) I,IV,V,VII,VIII, and XIV Section 1 on 10/11/2000.

b. Defendant(s) Chris Snider in concert with Larry Meyer FAILED  to listen to Plaintiff when he told them inside his home that he DID NOT own a DOG and what ORC Sections they were not enforcing and further:

c. Plaintiff told Defendant Chris Snider in one of the two calls he had his wife,Dispatcher Andrea Snider make from the COMMUNICATIONS CENTER  that he

from Deputy Chris Snider's ILLEGAL calls to Plaintiff at 4:30 AM and 4:31AM
Quoted:

What the hell can you want,This is Deputy Snider from the Sheriff's
office,What the hell is wrong with you,Nothing is wrong with me Sir what's
wrong with you,Get your ass down here God Damm it I don't even own a fucking
dog,You don't own a beagle dog,I don't own a fucking dog at all,Ok then Sir
if you don't own a dog,Its next door,While I was down there patroling I heard
a dog behind your house barking,No there's no dog down here its next door damm
it,its next door,what the hell is wrong with you,Well Sir while I was there ,
Get your ass down here and come to my door,While I was there:(Click I hung up
on him.) Call that cock-sucker,dial that mother-fucker back. (Andrea Snider
can be heard in the background,laughing like a school girl.)

Defendant,Deputy Snider's 2nd call can be heard on 1/18/2006 by the
Court,ONLY,because counsel Vincent and Landes refused to listen to
the tapes as part of Discovery.

ANALOGY for what Defendant(s) Deputy Chris Snider and Larry Meyer have said
in their respective filings,ALL on the date of 10/11/2000.

1. Dep.Snider,2nd EXHIBIT B,by counsel Vincent and Landes,where the Charge
at the top of the page and on the back of the page the name Clark Gray has been
ERADICATED by Chris Snider in concert with Larry Meyer and or Vincent and
Landes which is Tampering with Evidence and Tampering with Records,Obstruction
of Justice. (Eradications can be verified by looking at PLAINTIFF'S EXHIBIT A.)

2. Deputy Meyer,REFUSED to show in his Personal Affidavit #7 and #9 that he
was in the Communications Center at 4:30AM and 4:31AM to 4:51Am the time the
alleged crime took place,in his Probable Cause Affidavit,therefore,:

a. It only took Chris Snider,after his last call to Plaintiff at 4:31AM,

(10.)

to drive seven (7) miles from the Communications Center to Plaintiff's home, in the darkness and upon one of the most crooked St.Rt's.,in all of Brown County,Ohio is an ABSURD NOTION that he wants this Court to believe.

b. Deputy Chris Snider's <u>Probable Cause Affidavit</u> of 10/11/00 does not say that he was DISPATCHED,he in fact was SCREWING AROUND inside the Communications Center when he is furnished communications equipment in his patrol car so he can communicate with the Comm.Center as required.

Snider's Screwing Around inside the Communications Center is Exculpatory Evidenced in the two (2) calls he illegally made on 10/11/2000 at 4:30AM and 4:31AM. (See Page 10 top of page,Quoted,)

c. Chris Snider's REPORT OF INVESTIGATION on 10/11/00 does not show that he was DISPATCHED,EXHIBIT A.,however,<u>Larry Meyer has SWORN it to be true and correct in his personal Affidavit on NOV 6,2002</u>,therein #7.

d. Chris Snider's SUPPLEMENYARY REPORT 0f 10/11/00 Does Not say that he was DISPATCHED to Plaintiff's home.

e. Larry Meyer's SUPPLEMENTARY REPORT of 10-11-00 Does Not say that he was DISPATCHED to Plaintiff's home.

f. Larry Meyer in his personal Affidavit of NOV 6,2002 and in #9 has SWORN the Booking Card was true,however,he has never offered to explain why Plaintiff never got BAIL with $250.00 as shown on said card,in violation of U.S. Constitution,Amendment VIII.

AFFIDAVIT OF CHRIS SNIDER,

<u>DEFENDANTS EXHIBIT 1</u>

STATE OF OHIO  )
COUNTY OF <u>BROWN</u>) ss:

    I Chris Snider,having been first duly cautioned and sworn,states as
follows:

1. I am over eithteen years of age,<u>and I am competent to testify regarding
all the facts set forth herein.</u><u>I have personal knowledge of the facts
stated herein.</u>

   a. Herein,Page 8,1.,a.b.,is sufficient enough for this Court to have a
     PSYCHOANALYSIS conducted of former Deputy Sheriff Chris Snider to
     verify his COMPENTENCE to to what he has written 10/11/2000 and what
     he was signatory to on NOV.15,202,they being totally INCONSISTENT one
     to the other.

2. At all times relevant to the above captioned case,<u>I was a Deputy Sheriff
in Brown County,Ohio.</u>  (This Court is to note the <u>Past Tense</u>.)

3. On or about October 11,2000,at approximately 4:30a.m.,<u>I was dispatched to
7013 State Route 221,Georgetown,Ohio for complaints of barking dogs</u>.
   (That statement is FALSIFIED and PERJURED for the following reasons:)
   a. Plaintiff was the <u>COMPLAINTANT</u> about <u>barking dogs</u> at the address
     of 7021 St.Rt.221 as can be heard in EACH of his three calls to
     the Communications Center,therefore,confirmation of the Falsification
     and Perjury. (This Court has yet to hear each of those three (3)
     tape recordings,without counsel being present.)

   b. EXHIBIT D and therein EXHIBIT(s) 1,2,3,4,5 remain ignored that were
     still in effect and or Journal Entry being erroneous as written in

(12.)

violation of Crim.R.29,Case No.CRB0001246.

c. EXHIBIT E and therein EXHIBIT(s) A,B has not been resolved by the Brown County,Ohio Prosecutors Office,cannot be resolved by the Sheriff's Department under Sheriff Windell Crawford because they REFUSE to enforce ORC CHAPTER 3767 whose specific Section numbers are,and can be heard on EACH of the three (3) tape recordings made by Plaintiff on 10/11/2000.

d. Much to Plaintiff's horror the new Sheriff Dwayne Wenninger REFUSES to enforce ORC CHAPTER 3767. Plaintiff is inclined to believe that he never heard of it or the Prohibitions contained therein.

3. CONT: <u>This address is known to me as the residence of William Reynolds,</u> <u>an individual who has repeatedly been arrested for his misconduct within</u> <u>Brown County,Ohio.</u>

a. By definition,<u>REPEATEDLY</u>,in its most common usage means: (<u>TIME</u> <u>AFTER TIME</u>),and from NOV 15,2002 for Chris Snider and NOV 6,2002 for Larry Meyer they jointly have FAILED to produce any evidence of REPEATEDLY ARRESTED,with both of their #3's  being VERBATUM in content.

b. Failure to produce this ARREST,<u>Time After Time</u> evidence to Plaintiff means their CALUMINATED and Notarized Affidavits on the dates in a.,above shall result in yet another Law Suit in this Court.

3. CONT: <u>Prior to approaching the residence,I patroled the area and found</u> <u>only one barking dog,that being the dog in the Reynolds' back yard</u>., therefore.:

a. Patroled the area is Chris Sniders ADMISSION that he was on

the Roadway,in the Dark of the Night and without a Spot-Light,it being

a Measured 113 feet to the back yard and he never identified said barking

dog as Plaintiff's  is his ADMISSION that he FAILED to enforce ORC CHAPTER

3767 or U.S.Constitution,Amendment XIV Section 1 BEFORE he and Meyer

ILLEGALLY arrested Plaintiff. (The tape recording the Court has not heard

to date will reveal the time of NIGHT,Chris Snider "PATROLED THE AREA."

Further, EXHIBIT D and therein EXHIBIT 2 dated 8/20/2000 is self-evident

that it Was Not Plaintiff's dog that was barking because it had to be

EUTHANIZED because Shemp,Larry and Moe FAILED to make the dog warden(s)

enforce ORC Section 955.12.

Lastly,and evidenced in EXHIBIT D and therein EXHIBIT(s) 8 and attachments

thereto shows all of the Vicious Dangerous Dogs ON ST.RT.221  BEFORE and

and AFTER Plaintiff was Falsely Arrested and Illegally Incarcerated,and

looking at Account No.7026 from the Brown County Auditor's Office it Shows:

BELINDA HODGE,7021 St.Rt.221,Georgetown,Ohio,45121:

On 10/11/2000 it is self-evident that she had two (2) UnLicensed, Dogs,and

had Chris Snider at the 1st call at 12:20 AM  gone to that trailer he would

have found this out and impounded BOTH dogs,however,when Plaintiff the

COMPLAINTANT called in the 2nd call at 1:25AM he must have then Patroled

the Area ,but,failed,again,to go to 7021 St.Rt.221.

When Plaintiff,COMPLAINTANT,called the 3rd time at 4:22AM that prompted

Deputy Chris Snider to make his two (2) ILLEGAL calls to Plaintiff. Paying

close attention to Snider and Meyer's SUPP REPORTS on 10/11/00 by Snider and

10-11-00 by Meyer we see that both spell IRRATE incorrectly and both

I/O Responded to a call at William Reynolds Res,etc.,Snider and Meyer,I/O

Responded to 7013 S R 221 Reynolds Residence to assist Dep.Snider on dog

complaint. etc.

(14.)

EXHIBIT D and therein EXHIBIT 5 is self-evident that both Snider and Meyer DISOBEYED THE DIRECT ORDER OF U1, Sheriff Crawford's Order that was in violation of U.S.Constitution,Amendment XIV Section 1 that in part reads, Quoted: ;nor deny to any person within its jurisdiction the equal protection of the laws.  In the Captioned Case neither Sheriff Crawford OR ANY OF HIS DEPUTIES,inclusive of Chris Snider and Larry know what the laws are, therefore,what's to enforce when you don't know the laws.

:HOWEVER:

When counsel Vincent and Landes wrote AFFIDAVIT OF  CHRIS SNIDER, Notarized NOV 15,2002 and AFFIDAVIT OF DEPUTY LARRY MEYER,Notatized NOV 6, 2002 and therein #3 both were DISPATCHED and in #6 of Sniders CORRECTLY SPELL irate, and in Meyer's #5 CORRECTY SPELL irate,[t]hus counsel Vincent in concert with Landes WROTE said AFFIDAVITS and SUCKERED each of them to sign and have Notarized their respective signatures,therefore,BOTH ARE LIABLE and RESPONSIBLE for the content.

8. By Chris Snider,reads,Quoted: At no time while he was yelling and swearing did William Reynolds mention any medications that he was taking,nor request that any medications be taken from his home to the jail.

a. Defendant,Deputy Chris Snider FAILED to say that Plaintiff answered the door in his Underwear and Tee Shirt and that he was in full view of Plaintiff's Caduceus that contained Cautions and Minimum daily Prescription Medications hanging around his neck.

Further,C.O's aPHar and Hainey also FAILED to note Plaintiff's Caduceus that contained Cautions and Minimum daily Prescription Medications,hanging around his neck AND PLAINTIFF WAS STRIPPED NAKED

(15.)

IN THEIR PRESENCE!!!!!!  Chris Sniders <u>BLATANT IGNORANCE</u> preceeds this

#8 Falsification and Perjury BECAUSE Plaintiff was UNDER ARREST,therefore,

and as described in OAG 85-054,Page 2-202 therein para.2 in part reads,

Quoted:

<u>A prisoner has a constitutional right to receive medical treatment.</u>

<u>The United States Supreme Court has held that a governmental body's</u>

<u>deliberate indifference to the serious medical needs of its prisoners</u>

<u>violates the eighth amendment to the United States Constitution which</u>

<u>proscribes cruel and unusual punishment</u>.

OPINION No. 85-054

Syllabus:

<u>Where a person is confined to the county jail is in need of medical</u>

<u>care,including hospitalization the county sheriff must provide such</u>

<u>care at  county expense,even where medical care is necessary as a</u>

<u>result of injuries which have been self-inflicted</u>.

Further,EXHIBIT D and therein EXHIBIT 4 depicts Plaintiff's need of

daily Prescription Medication(s)  commencing 02/03/97 through 06/08/02 and

EXHIBIT 1 depicts Plaintiff's need of daily Prescription Medication(s)

by Dr's Terri Lynn Brody and Michael McHenry that were DENIED Plaintiff by

Deputy Chris Snider,Rick Hainey,Geno aPGar on 10/11/2000,in violation of

U.S.Constitution,Amendment VIII,OAG 85-054 and Case Law,Ohio Law Abstract on

nuisances,Article I Section 9 and 10 Ohio Constitution. Constitutional

violations by defendants Chris Snider in concert with Larry Meyer under

<u>First</u> and <u>Fourth</u> Amendments occured by these arresting officers,as specified

in the Original Complaint. Windell Crawford was Sheriff and responsible for

(16.)

the conduct of his deputies.

Arrest was made without Warrant or Probable Cause as evidenced by Entry No.810064 Judge Margaret A.Clark on April 19,2001 case no.CRB0001246, leading directly to the Captioned Case.

(Note: April 19,2001 is when Plaintiff <u>Stood Trial</u> for the Falsified and

Perjured Probable Cause Affidavit on 10/11/00,DEPOSED by Deputy

Michelle Hudepohol in violation of ORC Section 2319.04 and Clark Gray's

Erroneous,Falsified and Perjured COMPLAINT not filed until AM9:13 OCT

11,2000.,EXHIBIT B.,and

Judge Margaret A.Clark's Journal Entry in Case No.CRB0001246 under Crim.

R.29 is Falsified and Perjured because PLAINTIFF WAS EXONERATED!!!!!!)

<u>DEFENDANT'S EXHIBIT 2.</u>,by Defendant,Deputy Larry Meyer's personal Affidavit and therein his #8,Notarized NOV 6,2002 reads,Quoted:

<u>At no time prior to leaving his residence did William Reynolds mention any medications he was taking,nor request that any medications be taken from his home to the jail,as the policy of the Brown County Sheriff's Department is that such medications would be taken from the home along with the individual upon his arres</u>t.

1. Defendant,Deputy Larry Meyer's "BLANTANT IGNORANCE" preceeds this #8 FALSIIFICATION and PERJURY BECAUSE Plaintiff was ALREADY UNDER ARREST, therefore,:

2. The "Alleged Policy" of the Brown County,Ohio Sheriff's Department is that such medications would be taken from the home aling with the individual upon his arrest IS AN ABSURD NOTION  and would be in violation of the U.S.

Constitution,Amendment(s) IV,UNREASONABLE SEARCH AND SEIZURE because they FAILED to have a Warrant to Arrest and their Probable Cause Affidavit is a NULLITY and remains as such to this filing date,and V., that in part reads, Quoted:

,nor be deprived of life,liberty,or property,without due process of law; etc.

3. Amendment XIV that in part reads,Quoted: No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States;nor shall any State deprive any person of life,liberty,or property,without due process of law,nor deny to any person within its jurisdiction the equal protection of the laws.

4. Defendant,Deputy Larry Meyer and counsel both have FAILED to produce a copy of the Brown County,Ohio Sheriff's Department's "ALLEGED POLICY" for SEIZURE OF PROPERTY that does not violate the U.S.Constitution or under Discovery,therefore, his personal Affidavit of NOV 6,2002 is Falsified and Perjured.

5. With Plaintiff already being Under Arrest at the hand of Defendant(s) Chris Snider in concert with Larry Meyer it is self-evident from all of their Joint Paper Work that they FAILED to read Plaintiff his Rights under Miranda v. Airzona on 10/11/2000.

6. With Plaintiff being Under Arrest on 10/11/2000 it is self-evident that Defendant,Deputy Larry Meyer,from his Affidavit NOV 6,2002 and therein #8 NEVER read OAG 85-054,Page 2-202,therein Para. 2 that in part reads,Quoted:

A prisoner has a constitutional right to receive medical treatment. The United States Supreme Court has held that a governmental body's deliberate indifference to the serious medical needs of its prisoners violates the eight

amendment to the United States Constitution which proscribes cruel and unusual punishment.

7. Nor,as of 10/11/2000 had Defendant,Deputy Larry Meyer ever Read, Understood/Comprehended the OPINION of Attorney General Lee Fisher,as now Quoted:

OPINION No.85-054

SYLLABUS: (Legal Brief.)

Where a person is confined to the county jail is in need of medical care, including hospitalization the county sheriff must provide such care at county expense,even where medical care is necessary as a result of injuries which have been self-inflicted.

EXHIBIT D and therein EXHIBIT 4 depicts Plaintiff's need of Daily Prescription Medications,commencing 02/03/97 through 06/08/02 and EXHIBIT 1 depicts this continuing need by Dr's Terri Lynn Brody,(VA,Clermont.County, Ohio.) and Michael McHenry Family Physicians 421 Home St.Georgetown,Ohio that were DENIED Plaintiff on10/11/2000 by Deputies Chris Snider in concert with Larry Meyer,C.O's Rick Hainey,Geno aPGar, in violation of U.S.Constitution, Amendment VIII,OAG 85-054 and Case Laws therein,Ohio Law Abstract,Ohio Constitution Article(s) 9,10 and at the time of Arrest on 10/11/2000 in violation of U.S.Constitution,Amendment(s) I,VI,V,VII,VII and XIV Section 1, by arresting officers Chris Snider in concert with Larry Meyer on 10/11/2000.

8: Defendant,Deputy Larry Meyer alleges in his personal Affidavit of NOV 6,2002 that he was DISPATCHED to Plaintiff's address of 7013 St.Rt.221, altho,it was Plaintiff who was the COMPLAINTANT [t]hus to educated persons it is NOT remotely reasonable that Plaintiff would call the Comm.Center three (3)

(19.)

times on 10/11/2000,because **HIS OWN DOG WAS BARKING IS ABSURD**,and the proof is in EXHIBIT D and therein EXHIBIT 2,it is self-evident that Plaintiff's **DOG WAS DEAD** and had been dead from 8/21/2000,fifty two (52) days BEFORE Defendants,Deputies Chris Snider in concert with Larry Meyer **WERE ALLEGEDLY DISPATCHED** to COMPLAINANTS home on 10/11/2000.

Further,being DISPATCHED to Plaintiff's home is contrary to the address reported by Plaintiff,the complaintant,on 10/11/2000 at 12:20AM,1:25AM,4:22AM and 4:30AM that can be heard in the illegal call to Plaintiffs home by Defendant,Deputy Chris Snider,and lastly,:

It is self-evident in each 10/11/2000 SUPP REPORT by Defendant(s),Deputies Chris Snider in concert with Larry Meyer that they FAILED to enforce ORC CHAPTER 3767 and the Prohibitions therein for noisome animals,and Larry Meyer REFUSED to Swear Chris Snider's 10/11/2000 Probable Cause Affidavit was True and Correct in his personal Affidavit on NOV 6,2002,because,it is Falsified and PERJURED. Two Deputy Sheriff's to respond and or to get DISPATCHED for Barking Dog(s) is reprehensible conduct by the Dispatcher Andrea Snider.

9. Plaintiff's **ONE TIME OFFER TO SETTLE** with Defendant,Deputy Larry Meyer and **COMPROMISE** Compensatory Damages from $250,000.00 down to $200,000.00 and Punitive Damages not to exceed $750.000.00 for all Defendants.

DEFENDANT,DEPUTY Clark Gray:

Deputy Clark Gray,on 10/11/2000,**WAS NOT PRESENT AT PLAINTIFF'S HOME WHEN DEPUTIES,DEFENDANTS CHRIS SNIDER IN CONCERT WITH LARRY MEYER WERE ALLEGEDLY DISPATCHED TO "COMPLAINTANTS HOME" ON 10/11/2000**,therefore,:

1. Clark Gray's COMPLAINT is FALSIFIED and PERJURED because his ILLEGAL

(20.)

COMPLAINT under Crim.R.3 has never been filed,See STATE v.GREEN [Cite as
State v.Green(1988),48 Ohio App.3d 121.] [t]hus displaying the INEPTNESS of
Defendant,Deputy Clark Gray.

  2. Plaintiff was FALSELY ARRESTED and Incarcerated by Defendant,Deputy Chris
Snider in concert with Larry Meyer,<u>inside his home</u>,on 10/11/2000 at 4:51AM
according to Falsified and Perjured Probable Cause Affidavit that Deputy Larry
Meyer REFUSED to state in his personal Affidavit of NOV 6,2002,(<u>2 years and 26</u>
<u>days later</u>.) that it was a True and Correct copy of same,as he did for the
Booking Card and Report of Investigation ,respectibely Exhibit A and B filed
by counsel John E.Vincent and Mark Landes on 11/25/2000,EXHIBIT F.,by
Plaintiff.

  3. Defendant,Deputy Clark Gray's COMPLAINT under Crim.R.4,is in violation
of ORC 2935.09 as he was not present at Plaintiff's home at 4:51AM on
10/11/2000,Further,under Crim R.4 (3) reads,Quoted:
                                        <u>(3) By law enforcement</u>
<u>officer without a warrant</u>. <u>In misdemeanor cases where the the law enforcement</u>
<u>officer is empowered to arrest without a warrant,he may issue a summons in lieu</u>
<u>of making an arrest,when issuance of summons appears reasonably calculated to</u>
assure the defendants appearance.,etc.etc.

                        ::HOWEVER::

  4. Deputies Chris Snider in concert with Larry Meyer on 10/11/2000 <u>DID NOT</u>
<u>ARREST AND ILLEGALLY INCARCERATE PLAINTIFF ON A CHARGE OF MISDEMEANOR,BUT,ON</u>
<u>A CHARGE OF "MINOR-MISDEMEANOR."</u>

    a. Defendant Clark Gray,after Plaintiff had been Arrested and
Incarcerated from 4:51AM until his Falsified and Perjured  COMPLAINT was filed

                        ( 21.)

at AM9:13 (Elapsed Time: **4 hours 22 minutes**) that Plaintiff had been **DEPRIVED OF HIS FREEDOM WITHOUT DUE PROCESS,** in violation of U.S. Constitution, Amendment(s) I,VI,V,VII,VIII,and XIV Section 1,on the Eventual Charge of **MINOR-MISDEMEANOR** as depicted in EXHIBIT B.

b. EXHIBIT G and therein EXHIBIT 2,in part reads,Quoted:

## BRANCH FOUR

Now comes the defendant and requests,pursuant to Criminal Rule 16 the following:

A. Any written or recorded statements of the defendant. (None ever furnished.)

B. Summaries of any statements made by the defendant to any law law enforcement officer. (None ever furnished.)

C. Any books,papers,documents,etc.within control of the State that it intends to be used by the prosecution at trial or copies thereof. (None furnished to the best of Plaintiff's knowledge, belief or recollection.)

D. Witness'es names and addresses of all witnesses the Prosecution intends to call at trial. (None furnished to the best of Plaintiff's knowledge,recollection or belief,**HOWEVER**, Plaintiff states that the <u>COMPLAINTANT Defendant,Deputy Clark Gray</u> **WAS NOT PRESENT,SO HE COULD NOT BE CROSS EXAMINED FOR THE CONTENT OF OF EXHIBIT B** under ORC Section(s) 2935.09 or 2319.04.

( 22.)

## BRANCH FIVE

Now comes the defendant and moves the Court to dismiss the compalaint herein for (1)want of probable cause,(2) nullity in the execution of the complaint,(3) failure to state facts constituting a misdemeanor in the Fourth Degree.

Respectfully submitted.

Hapner & Hapner

By_____
         Jon C.Hapner
         Reg. No.0003017
         127 North High Street
         Hillsboro,Ohio 45133
         Phone 937-393-3487
         Attorney for Defendant

### MEMORANDUM

The plea,jury demand and waivers are self-explanatory.

The request for discovery is pursuant to rule.

Comming now to the FIFTH BRANCH,we note that the complaint arose out of a series of telephone calls to the sheriff's office over some barking dogs in the neighborhood.

None of the language in the calls would qualify under the statute. Regardless of the defendant's opinion of the ancestry of the deputies' opinion of the defendant there was no communication of unwarranted and grossly abusive language to any person. It is an objective standard. Cincinnati vs Karlan,35 Ohio St. 2d 34. State vs Hoffman,57 Ohio St.2d 129.

Generalized derogatory remarks,expressed in profane language,concerning the ineffecteveness of the police do not constitute fighting wrds when not addressed to any individual officer.

*wsr you have*

Toledo vs Grince 48 Ohio App. 3d 126. Stating that "just because /a f-king

(23.)

badge you can f--- with people." and continuing "f--- you and your gun,money talks si I'll walk" does not come under the purview of the statute. State vs Hampton,66 Ohio App.3d 30.

Nothing was said in the telephone calls between the defendant and the Sheriff's Office will give rise to a violation of 2917.11 A 2. There was a want of probable cause to issue the warrant. (Plaintiff's Note: There NEVER was a WARRANT!!!!!!)

We note that the execution of the complaint is defective. Chris Snyder is the complaintant. He did not sign it. It was executed by Dep. Chris Snyder by Clark Gray BCSO. It was sworn by Dep.Clark Gray. This is fatally defective execution of a complaint or an affidavit. Chris Snyder is the complaintant and he did not sign the complaint,nor was he sworn to it. This procedure violates RC 2935.09 and 2935.04 and 2935.19,which requires that it be made before a person authorized to take oaths. The fact is that Chris Snyder did not take an oath,and the complaint is a nullity.

Finally,the complaint is defective as being a fourth degree violation.It simply recites the statute making it a minor misdemeanor. Failure to desist is an essential portion of a fourth degree offense,as is a warning. Waynsville vs Combs,66 Ohio App.3d 292.

Therefore these proceedings should be dismissed.

Hapner & Hapner

By_____
Jon C.Hapner
Reg.No.0003017
127 North High Street.
Hillsboro,Ohio 45133
Phone 937-393-3487

CERTIFICATE

This is to certify that a copy of this motion,

(24)

plea and requests w office of the Brown County Prosecutor,200 E.Cherry Street,Georgetown,Ohio 21 day of November,2000.

*** Plaintiff's filing into this Court,file-stamped NOV 30 2005 is applicable is if it were fully written,again,herein with one outstanding question of:***

From Judge Margaret A.Clark's FEB 14,2001 JOURNAL ENTRY 790853,EXHIBIT 1-A,she shall explaain in this Court how Plaintiff was entitled to JURY TRIAL on the charge of Minor-Misdemeanor [t]hus her <u>Prejudicial Bias</u> preceeds her Convoluded <u>dismissal</u> rather than <u>Acquittal</u> pursuant to Crim R.29. EXHIBIT(s) 1-A and 5 are attached that were part of Ppaintiff's NOV 30 2005 filing.

<u>Exhibit D and therein EXHIBIT 1,file-stamped DEC 12,2002 depicts the</u> ILLEGAL JOURNAL ENTRY 810064 by Judge Margaret A.Clark,dated APR 19, 2001,for the TRIAL WITHOUT JURY,Plaintiff claims FOUL.

5. Plaintiff's **ONE TIME OFFER TO SETTLE** with Defendant,Deputy <u>Clark Gray</u> and **COMPROMISE** Compensatory Damages from $250,000.00 down to $200,000.00 and Punitive Damages not to exceed $750,000.00 for all Damages.

Defendant,Deputy Sgt.Tammy Dillinger in <u>COUNT TEN</u> file-stamped SEP 06 2002,was added by Plaintiff for the following reasons:

1. Evidences by EXHIBIT E and therein EXHIBIT A.,<u>Case # 950051</u> was Demand for Discovery,Production of Documents,Location of Persons,From Sheriff Windell Crawford that:

   a. Sheriff Crawford FAILED to read and Comprehend the last line in Paragraph 1 that reads,Quoted: <u>HAD TO TRANSFER HER SCHOOL RECORDS</u> <u>TO THEY THEN MOVED,IN LEAVING GEORGETOWN.</u>

(25.)

b. Sheriff Crawford FAILED to read and Comprehend paragraph 2 line 2
   in part to line 8,Quoted: <u>TO FURTHER TRY TO HELP YOU LOCATE LEROY</u>
   <u>ROBINSON HE WAS "WANTED"  IN 1994 FOR D.U.I. AS WELL AS DRIVING UNDER</u>,
   <u>A PERMINATE REVOCATION OF HIS DRIVERS LICENSE IN OHIO AND ALL STATES</u>
   <u>SURROUNDING OHIO!!!</u>
   <u>LEROY ROBINSON IS/WAS A CONVICTED FELON,ALTHO I PERSONALLY KNOW WHAT</u>
   <u>FOR,BUT THE POINT IS HE MAY HAVE STILL BEEN ON PROBATION FOR THE</u>
   <u>FELONY AND WITH THE D.U.I. AND PERMANET REVOCATION,HE COULD HAVE</u>
   <u>POSSIBLY WOUND UP BACK IN PRISON FOR ONE OR THE OTHER OR BOTH!!</u>


c. Sheriff Crawford FAILED to read and Comprehend paragraph 3,Quoted:
   <u>WITH THIS I'M REQUESTING YOU/YOUR OFFICE TO HELP LOCATE THE</u>
   <u>ROBINSONS THRU SCHOOL RECORDS TRANSFERS,OR IF HE HAPPENS TO INDEED</u>
   <u>BE PACK IN PRISON. I HAVE SOME DISCOVERY,VIA CIV.R.26 I WANT TO DO</u>
   ON LINDA ROBINSON AS WELL!!

   I REMAIN:

   COL.WILLIAM D.REYNOLDS
   7013 St.Rt.221
   Georgetown,Ohio 45121

   <u>A COPY OF THE ABOVE HAS BEEN PLACED IN PROSECUTOR THOMAS GRENNEN'S</u>
   <u>MAIL BOX IN THE CLERKS OFFICE,AS GRENNEN WAS LEROY ROBINSONS PUBLIC</u>
   <u>DEFENDER AND A COPY MAILED TO ATTY.JAY CUTRELL AT HIS OFFICE,202</u>
   SOUTH MAIN ST. GEORGETOWN,OHIO 45121.

To a.,b.,c.,above Sheriff Windell Crawford responded in page 2 in his OWN
PENMANSHIP,AND COMPREHENSION:  (Note the file-stamp date 97 OCT 29 AM9:17.)

Without A Court order i AS  SheRiFT CAh Uot SeeZe AhY EeCoRds FRoM Studaht.
At SChool.

(26.)

Further,in Exhibit E and therein EXHIBIT B dated 8-7-2000 Report of Investigation,Case No. 14-00-2459 by Sheriff Windell Crawford's Lt. Frank Lambros shows:  Date and Time offense Committed--ONGOING
                          Narrative: COMPLAINT OF DOGS BARKING
             INVESTIGATIVE ACTION: Spoke To Mr Reynolds by PHONE-
OFFERED TO SEND COPY TO DOG WARDEN WHICH HE DECLINED. (Dog warden does not ENFORCE ORC CHAPTER 3767) ADVISED HIM DOG BARKING AT 900AM IS NOT AN OFFENCE. REYNOLDS DISAGREED. REFERED TO PROSECUTORS OFFICE. REPORT CLOSED OTHERWISE.

   (It is self evident that THE PROSECUTORS OFFICE has FAILED to get ORC
   Chapter 3767 enforced as Plaintiff's COMPLAINTS are still going to the
   Communications Center as of NOV 2005,and or Lambros FAILED to send anything
   to the Prosecutors Office,Plaintiff would bet the latter.)

Not only does Lt.Lambros,NOT KNOW MUCH ABOUT THE REVISED CODE,but his BOSS Sheriff Windell Crawford is TOTALLY LACKING IN COMPREHENSION  OF THE ENGLISH LANGUAGE as evidenced in EXHIBIT E and therein EXHIBIT A,but,he has FAILED to tell his own Lieutenants what the laws are,and for sure NONE have the personal integrity to have read it for themselves.


   With Pages 25,last 14th of page,Page 26 and this Page 27 thus far,as PLAINTIFF"S EXCULPATORY EVIDENCE(s) for FAILURE to Comprehend,Defendant,Sgt. Tammy Dillinger's in part background,of Sheriff Windell Crawford is:
   a. She served as Secretary/Receptionist to Sheriff Windell Crawford for eight (8) years,therefore,she Knew or should have Known that he was ILLITERATE and or SEMI-ILLITERATE when she wrote,as a Defendant,the following file-stamped SEP 06 2005,COUNT TEN,therein Page 1 #5,Quoted: On the 14th day of June 2002, Defendant,Deputy Sgt. Tammy Dillinger Wrote and or was Furnished the following statementwith full knowledge of #4 above,and from #6 reads,Quoted:"The

<u>undersigned hereby certifies that he has read the foregoing interrogatory</u> <u>answers and that the same are true and correct to the best of his knowledge</u> <u>and belief</u>.

b. Plaintiff has just proven to this Court that Sheriff Windell Crawford is Totally Lacking in Reading,Writing and the ability to Comprehend the English language.

c. Sheriff Windell Crawford,<u>allegedly Certifys That He Has Read The</u> <u>Foregoing Interrogatory Answers</u> also serves as **HIS OWN ADMISSION** that he **NEVER PARTICIPATED** with answering any one interrogatory in **INTERROGATORY No.** <u>1 through 15</u>.

d. Sheriff Windell Crawford,through counsel John E.Vincent and Mark Landes have **IGNORED** Interrogatory No's. 16 through 20,Request for Production #3-11 and Request for **ADMISSION No.1.**

e. Defendant,Deputy Sgt. Tammy Dillinger **ILLEGALLY NOTARIZED HER OWN** **SIGNATURE** on 8-12-2002 when she FALSIFIED and PERJURED her submission on behalf of her former employer ,Sheriff Windell Crawford.

Plaintiff's charges are expressed in COUNT TEN for Defendant,Deputy Tammy Dillinger and if this goes to trial,Plaintiff would expect this Court,at a minimum to add Obstruction of Justice under Fed. R. Civ.Procedure 2921.32 and what other charges this Court deems.fitting and proper.

Plaintiff's **ONE TIME OFFER TO SETTLE** with Defendant,Deputy Sgt. Tammy Dillinger and **COMPROMISE** Compensatory from $250,000.00 down to $200,000.00 and costs herein,attorney fees,and Punitive Damages not to exceed $350,000.00 for both she and Bobby Gifford.

(28.)

Defendant,Investigator Bobby Gifford,COUNT ELEVEN,from the Brown County, Ohio Prosecutors office came into posesstion of Defendant,Deputy Chris Snider's **ORIGINAL MICRO-TAPE RECORDING** of 10/11/2000,sometime prior to Plaintiff having to STAND TRIAL on the charge of Minor Misdemeanor,as charged by Defendant,Deputy Clark Gray.

a. Defendant,Deputy Clark Gray **WAS NOT WITNESS TO ANYTHING** that occured at Plaintiff's home on 10/11/2000,therefore,his filing the charge of Minor Misdemeanor is in violation of ORC Section 2935.09.

b. Defendant,Investigator Bobby Gifford took the **ORIGINAL MICRO TAPE TAPE RECORDING** by Defendant,Deputy Chris Snider on 10/11/2000 and Tampered with the content,as received by Plaintiff's counsel Jon Hapner,in violation of ORC Section(s) 2921.12 (A) and 2913.42 (A).

c. Plaintiff had to STAND TRIAL for the ILLEGAL charge of Minor Misdemeanor on APR 19,2001 and was <u>EXONERATED</u> from any Wrong-Doing under Crim.R.29,altho Journal Entry 810064 by Judge Margaret A.Clark **DOES NOT** reflect **ACQUITTAL**, Plaintiff DEMANDS CORRECTION CF SAME.

d. Defendant,Investigator Bobby Gifford ALTERED said Micro-Tape Recording by adding Plaintiff's partial calls to the Communications Center on 10/11/2000 that Defendant,Deputy Chris Snider **COULD NOT HAVE POSSIBLY HEARD** if in fact he was a <u>Road Deputy,and On The Road</u>,or if he was in violation of his **OATH OF OFFICE TO SERVE AND PROTECT.**

Plaintiff's **ONE TIME OFFER TO SETTLE** with Defendant,Investigator Bobby Gifford and **COMPROMISE** Compensatory Damages from $250.00 down to $200,000.00 and costs herein,attorney fees,and Punitive Damages not to exceed $350,000.00 for both he and Defendant,Deputy Sgt.Tammy Dillinger.

This Court is to NOTE that Both counsel John E.Vincent in concert with Mark Landes **TESTIFIED** in EXHIBIT F and therein Page(s) 11,12,13,14 and in concert with Defendant(s) Deputy(s) Chris Snider,Larry Meyer and Clark Gray Tampered with Evidence,Tampered With Records,and Obstruction of Justice, as follows,secquencially:

a. Page 11 last paragraph,Page 12 1st Paragraph,reads,Quoted: <u>In the early morning of October 11,2000,Deputies from the Brown County Sheriff's Department were responding to Plaintiff's 911 call regarding barking dogs.</u>

COMMENT/CORRECTION to this Falsification and Perjury:

1. Falsification and Perjury by counsel Vincent and Landes is very easily proven with <u>each</u> of Plaintiff's <u>call(s)</u> on 10/11/2000 at 12:20AM,1:25AM and 4:22AM,**NOT ONE CALL, and NO CALL(s) TO 911** and Defendant,Investigator Bobby Gifford's Tampered call.

b. Page 11 cont,Quoted: <u>After they arrived at his</u> (Page 12) <u>home and investigatted Plaintiff's complaints of barking dogs,Deputies Snider and Meyer went to Plaintiff's door.</u>

COMMENT/CORRECTION to this Falsification and Perjury:

2. Counsel Vincent/Landes have gone from one (1) call to (Complaints), therefore,Plural and Barking Dogs also Plural **FOR ONE 911 call** that does not Correlate with Either <u>DEFENDANT'S EXHIBIT 1</u> and #3 therein or DEFENDANT'S EXHIBIT 2 and therein #4 nor does it Correlate with SUPP REPORT by Larry Meyer on 10-11-00.

c. Page 12 cont,Quoted: <u>After being invited inside,Plaintiff began berating, yelling and swearing at Deputies Snider and Meyer. Despite being warned to regain control of himself,Plaintiff persisted in his conduct,and was placed under arrest for persistent disorderly conduct in violation of O.R.C. Section</u>

<u>2917.11</u>

COMMENT/CORRECTION to this Falsification and Perjurys:

3. (1) Defendant,Deputy Chris Snider's FALSIFIED and PERJURED Probable Cause Affidavit dated 10/11/00 at 4:51Am,<u>**WAS MARKED AT THE TOP OF THE PAGE**</u>:::

2917.11 A-2 [M-4] (<u>Persistent Disorderly</u>,until it was **ERADICATED AS EVIDENCED** in EXHIBIT B as was Defendant,Deputy Clark Gray's name just to the feft of Defendant,Deputy Chris Snider's FALSIFIED signature.

(2) If this Court would look at <u>PLAINTIFF'S EXHIBIT A</u>,a Certified Copy of said Probable Cause Affidavit on 11/25/02 is also the same date counsel Vincent/Landes <u>**FILED THE ERADICATED VERSION WITH THIS COURT**</u>.

4. It is self-evident that counselors Vincent and Landes FAILED to read EXHIBIT (s) B and B-1 by Defendant,Deputy Clark Gray and Assistant Prosecuting Attorney Mary McMullen,respectively,[t]hus they would have seen that Plaintiff was Arrested and Incarcerated for a **ILLEGAL CHARGE OF MINOR MISDEMEANOR,AND HAD TO STAND TRIAL ON APRIL 19,2001.**

d. #4 just above demonstrates to this Court how the law is enforced in Brown County,Ohio and as far as counselors Vincent and Landes' Page 13 is conderned is just some more of their BULL-SHIT because this Court has seen and written down the information on Plaintiff's CADUCEUS that the Sheriff's Department MISSED BECAUSE THEY ARE INEPT.

e. Page 14 lines 2-7 reads Quoted: <u>Plaintiff alleges that he had prescription drugs in his home at the time he was arrested. Following his arrest,Plaintiff claims that he advised the Brown County Jail that he "needed his morning prescriptions..."</u>,

(31.)

in response to which the Brown County Deputies"offered Plaintiff a 2nd phone call to get his medications..." which Plaintiff used to call his neighbor who brought his medications to the Brown County Jail.

COMMENT/CORRECTION to this Falsification and Perjurys:

5. Counsel Vincent and Landes FAILED to state the NAME of the ALLEGED Neighbor that Plaintiff Allegedly called,in DISCOVERY.

6. Counsel Vincent and Landes FAILED to produce COPIES of the alleged two (2) phone calls he made in DISCOVERY.

7. Counselors Vincent and Landes FAILED to state which of the neighbors had a set of Plaintiff's keys to allegedly enter his home or where said prescription medications were located inside his home,in DISCOVERY.

8. Counselors Vincent and Landes FAILED to furnish the Listing of the alleged prescription medications were checked into the Medical Section of the Brown County,Ohio Jail,by name and prescription number(s) or the name of the person who did it,in DISCOVERY.

9. Plaintiff's CADUCEUS shows the minimun prescriptions by DOSAGE and EXHIBIT D and therein EXHIBIT 4 shows Plaintiff began Prescription Medications on 02/03/97 and CONTINOUSLY THEREAFTER until 06/08/02 [t]hus encompassing the date of 10/11/2000 when he was ILLEGALLY ARRESTED and INCARCERATED on the ILLEGAL CHARGE of MINOR-Misdemeanor.

10. Defendant,Deputy Chris Snider REFUSED to take Plaintiff to the hospital  enroute to Georgetown,Ohio in violation of 2305.41 through 2305.44, however he then had Plaintiff taken to the hospital by the Emergency Squad at the cost of $602.00 until Plaintiff filed MEDICARE FRAUD [t]hus counsel Vincent and Landes Falsification is EXPOSED,AGAIN.

f. Plaintiff's EXHIBIT D and therein EXHIBIT 6 is his Demand for Discovery to Jane Pack,Director of the Communications Center,Brown County,Ohio:

Altho Plaintiff left places for her Answers,she for what ever reason, elected to Answer on separate pages that became EXHIBIT F-1.

For now we will only concern ourselves with her Answers to # 1 and #2 that read,Quoted:

#1. <u>On the dates of 10/10/2000 and 10/11/2000,how many E-911 calls came into the communications center</u>??

a. ANSWER: Approximately 74. Not all were emergency calls.,See EXHIBIT F-1.

#2 <u>Of the E-911 calls received on 10/10/2000 and 10/11/2000.how many</u> calls were made by Bill Reynolds,Col.William D.Reynolds from 378-4331??

b. ANSWER: None.

g. From Jane Pack's ANSWER to #2 it is self-evident that counsel Vincent in concert with Landes have FALSIFIED and PERJURED their <u>**TESTIMONY**</u> in EXHIBIT F and therein Page 11,last para. Page 12 1st para. in part,Quoted:

<u>In the early morning of October 11,2000,Deputies from the Brown County Sheriff's Department were responding to Plaintiff's 911 call regarding barking dogs. After they arrived at his home and investigated Plaintiff's complaints of barking dogs,Deputies Snider and Meyer</u> etc.

h. <u>#2 just above</u>,is Prima-Facie irrefutable  fact that counsel Vincent in concert with Landes have FALSIFIED their Joint entry (EXHIBIT F) with this Court. They also have FALSIFIED their entrys into this Court on Page(s) 13,14 as well,therefore:

(33.)

COUNSELORS John Edwin Vincent,0070501,and Mark David Landes,00272227,SHALL within thirty (30) days of reciept of this filing,must have their check in the amount of $2,300,000.00 payable to Plaintiff or we SHALL go to trial wherein their <u>TESTIMONY</u> and <u>ERADICATION(s)</u> (Tamperings) will be aired to the Court and Jury [t]hus:

Disbarment will commence with Prison Time for them and Prison Time for each Defendant,when the Jury sees the Falsifications and Perjuries,by all.

Lastly,if this Court does not agree with the content of this **ONE TIME OFFER FOR SETTLEMENT**,Plaintiff requests a **TRIAL DATE** be set so the Jury can respond to the **PREPONDERANCE OF THE EVIDENCE**,and:

A. Plaintiff awaits the Court's response to MOTION to reconsider its **ORDER** file-stamped NOV 30 2005,and;

B. Plaintiff awaits the Court's <u>MODIFIED ORDER</u> of Report and Recomendation (doc.no.71) by M.J.Jack Sherman Jr.,and:

C. Plaintiff's Witness List is forthcomming.

Col.William D.Reynolds,Plaintiff

### CERTIFICATION

Two copies mailed to the Court for file-stamp and one copy mailed to counsel Vincent and Landes in Col's,Ohio on Thursday 12/29/2005,with P.O.reciept. . of mailing.

(34.)

# BROWN COUNTY COURT

## BROWN COUNTY, OHIO

2001 FEB 14 AM 10: 10

BROWN COUNTY COURT
GEORGETOWN, OHIO
DANNY L. PRIDE
CLERK
STATE OF OHIO,

Plaintiff

Vs

William Reynolds
Defendant

Case No. _CRB 0001246_

JOURNAL ENTRY

PLAINTIFF'S
EXHIBIT
_I-A._

_Feb. 14_ .2001

This matter was before the court on the Defendants motion to dismiss. Upon consideration of the testimony and evidence the court overruled the motion to dismiss.

Upon motion of the State, and for good cause shown, the State is permitted to amend the complaint and the complaint is hereby amended to include the language that the Defendant, William Reynolds, persisted in disorderly conduct after reasonable warning or request to desist. This matter shall be set for jury.

SO ORDERED

Mary McMullen
A.P.D. #0066551

_Margaret G Clark_
Judge, Brown County Court

CERTIFIED COPY
BROWN COUNTY COURT
BROWN COUNTY, OHIO
CLERK DANNY L. PRIDE
AGENT: _____
DATE: _11/25/02_

790853

Per ut IP Bill Reynolds

Calls on barking dogs, take

All the information and tell

him you will pass it on to

the Dog Warden. Do not.

Send officer!!! 05-15-00

a Smith

PLAINTIFF'S
EXHIBIT

5.