IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

06 JAN 13 AM 11:33

| | |
|---|---|
| William D. Reynolds, Col. USAF Ret.<br><br>Plaintiff,<br><br>vs<br><br>Windell Crawford, et al.,<br><br>Defendants | Case No. C-1-01-877, removed from Common Pleas Court, Brown County, Ohio Case No. 20010713 by counsel John E. Vincent.<br><br>MOTION, by Plaintiff, for Defense Counsel(s) to Cease and Desist their Absurd filings received 12/12/2005 and for the Court to correct its ORDER, Page 2 last paragraph, submit its Corrected ORDER. |

Now comes the Plaintiff who complains that **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** has been designed by counsel Vincent and Landes to further delay **TRIAL** in the captioned case wherein **COUNSELORS** Vincent and Landes have **TESTIFIED** in EXHIBIT F and therein Page(s) 11 last para., Page 12 para.1, Page 13,2, and its content, Para.1 for what <u>allegedly occured on 10/11/2000</u>.

The Court has yet to hear Plaintiff's Tape Recordings for the date of 10/11/2000, WITHOUT COUNSEL PRESENCE, as they have chosen not to hear same as part of DISCOVERY offered by Plaintiff, several years ago.

a. From the content of Plaintiff's tape recordings, the Court will then see that BOTH Affidavits by Chris Snider dated NOV 15, 2002 and therein Page 1 #3, Larry Meyer dated NOV 6, 2002 and therein Page 1 ALSO #3, <u>BOTH TWO (2) YEARS AFTER THE FACT</u>, are nearly <u>IDENTICAL IN CONTENT</u>, BOTH read:

b. <u>On or about October 11, 2000, at approximately 4:30am, I was dispatched to 7013 State Route 221, Georgetown, Ohio for complaints of barking dogs.</u>

1. Plaintiff was the COMPLAINTANT, therefore, it is Absurd to think he would be complaining about his own dog barking, especially, since:

(1.)

EXHIBIT D and therein EXHIBIT 2 is self-evident that it WAS NOT Plaintiff's dog that was barking and the fact it was he was the COMPLAINTANT in EACH of the three (3) calls he made on 10/11/2000 and the address/violation being made under ORC CHAPTER 3767,however,:

1. The Commissioners FAILED to instruct the various dog wardens what laws were to be enforced under ORC Section 955.08,955.11,955.12,955.21,955.22, 955.221 and:

2. The various dog wardens for the past 20 years plus that Plaintiff has lived in Brown County,Ohio have each FAILED to enforce ORC Section 955.23, simply because they never read it,and or did not Comprehend the content.

3. When the truth comes out,and as evidenced in EXHIBIT D and therein EXHIBIT 5,the Brown County,Ohio Sheriff's Department "DOES NOT DO DOGS" in violation of the OATH EACH HAS TAKEN,to uphold the U.S.Constitution,Ohio Constitution and the Laws for the State of Ohio,at a minimum,in violation of U.S.Constitution,Amendment XIV Section 1,in part,Quoted: ;nor deny to any person within its jurisdiction the equal protection of the laws.

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

1) Plaintiff's Motion is untimely; Response: NOT SO,neither Plaintiff or counsel Vincent/Landes have ever received A MODIFICATION OF SAID ORDER from Judge Herman J. Weber,therefore, NO TIME HAS TOLLED as counsel(s) in their LAW AND ARGUMENT,II.,Page 2,wants this Court to think/believe.

B. Page 2 reads in-part,Quoted: When a party files an untimely motion for reconsideration, etc,etc.: As proven in 1) above,without A MODIFICATION OF SAID ORDER by Judge Herman J.Weber NO TIME HAS TOLLED,therefore,Plaintiff's MOTION FOR RECONSIDERATION,is/was TIMELY.

(2.)

Counsel Vincent/Landes content of <u>Page 3</u> is an excellent **RECITATION** of the law, however Plaintiff takes exception to their para. 2 line 3 in-part, Quoted:

<u>(without any supportive evidence)</u>, is more of their Blowing since:

MOTION by Plaintiff for the Court to reconsider its **ORDER** of 10/4/2005, file-stamped <u>NOV 30 2005</u> as shown below:

1. The Court must understand that <u>Magistrate Jack Sherman Jr</u>. FAILED to Comprehend the content if Plaintiff's Law Suit, or was BIASED TOWARD counsel Vincent/Landes and evidenced as such in his **PERSONAL REPORT AND RECOMMENDATION** wherein he FAILED to note that counsel Vincent/Landes **TESTIFIED** in <u>EXHIBIT F</u>, filed with this Court on or about NOV 25,2002 wherein <u>their EXHIBIT B</u> does not correlate with PLAINTIFF'S EXHIBIT A, a Certified Copy from the Brown County, Ohio Court, <u>CERTIFIED on 11/25/2002</u>.

2. M.J. Jack Sherman FAILED to Read, Comprehend or Adjudicate the content of EXHIBIT F and therein Pages 11 last para.12 1st para.,13 1st Para. and the **TESTIMONY THEREIN** by counsel Vincent/Landes, therefore, his Prejudicial Bias toward Plaintiff.

3. Counsel Vincent/Landes in DISCOVERY have <u>FAILED to NAME the NEIGHBOR</u> who allegedly brought Plaintiff's Medications to the Brown County, Ohio JAIL on 10/11/2000, therefore, leaving Plaintiff without any alternative but to SUPOENA all thirty (30) neighbors that live on State Route 221 to see if they BREACHED Plaintiff's security at the JAIL by getting his keys from Deputy, Cpl.Carl Smith on 10/11/2000, by going into Plaintiff's home without permission [t]hus Breaking and Entering.

4. M.J. Jack Sherman Jr. FAILED to note as did Judge Margaret A.Clark that Deputy Clark Gray <u>was not a Witness</u> to EXHIBIT F and therein EXHIBIT B, Case No. CRB0001246 on 2000 OCT 11 <u>AM9:13</u> or EXHIBIT B, therefore, irrefutable that

(3)

Due Process has never occured for Plaintiff in violation of U.S. Constitution,Amendment(s) I,IV,V,VII,VIII,XIV Section 1,from 10/11/2000 to this file-stamp date.

5. Plaintiff shall once again bring his Tape Recordings to the Court on 1/18/2006 <u>WITHOUT</u> the presence of counsel Vincent/Landes or their law office to listen to the content because Judge Herman J.Weber <u>cannot hear the emphasis for what Plaintiff has written</u> and counsel Vincent/Landes REFUSED to listen to those tapes as offered to them in Discovery.

6. The balance of Pages 2,3 is nothing more than Vincent/Landes NONSENSICAL BLABBING that is meaningless to this Court and Plaintiff,alike. Lastly,and Quoted from,<u>DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION.</u>,

   1) Plaintiff's Motion is untimely; RESPONSE: <u>NOT SO,neither Plaintiff or counsel Vincent/Landes</u> have ever received <u>A MODIFICATION OF SAID ORDER</u> from Judge Herman J.Weber,therefore, <u>NO TIME HAS TOLLED</u> as counsel(s) in their LAW AND ARGUMENT,II.,Page 2,wants this Court to think/believe.

B. Page 2 reads in-part,Quoted: <u>When a party files an untimely motion for reconsideration</u>,etc.etc.: As proven in 1) above,without A MODIFICATION OF SAID ORDER by Judge Herman J.Weber NO TIME IS TOLLED,therefore,Plaintiff's MOTION FOR RECONSIDERATION,is/was TIMELY.

FURTHER,PLAINTIFF SAYETH NAUGHT.

                                                  Col.William D.Rrynolds,Plaintiff
                                                  (937) 378-4331

CERTIFICATION

Two original signatured copies mailed to the Clerk's office for file-stamp and rerurn of one copy to Plaintiff in the S.A.S.E. provided. Copy mailed to counsel Vincent/Landes at their business address in Col's Ohio on 1/10/2006, all by regular U.S.Mail.

(4.)