IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM D. REYNOLDS, | : | Case No. C-1-01-877 |
| Plaintiff, | : | Judge Herman J. Weber |
| vs. | : | Magistrate Judge Timothy S. Black |
| WINDELL CRAWFORD, et al., | : | |
| Defendants. | : | |

### DEFENDANTS' COMBINED RESPONSE TO PLAINTIFF'S "MOTION AND ONE TIME OFFER OF SETTLEMENT WITH STIPULATIONS" FILED ON DECEMBER 30, 2005 AND MOTION TO ALLOW TELEPHONE AVAILABILITY OF REPRESENTATIVE WITH FULL SETTLEMENT AUTHORITY AT JANUARY 18, 2006 CONFERENCE

During a status conference on November 3, 2005, this Court Ordered Plaintiff to seek counsel and to present a settlement demand to Defendants for all claims that remain in the present action. On December 30, 2005, Plaintiff filed a 34 page document entitled "Motion and One Time Offer of Settlement with Stipulations" in which he has presented unrealistic demands, including demands which he was informed by the Court could not be made.[1] (Doc. No. 97.) Although a motion is not the appropriate vehicle for Plaintiff to present his demands, Defendants believe they would be remiss to not provide this Court with their response to the document filed by Plaintiff. To the extent that Plaintiff has requested this Court to make any "Order" with respect to this most recent Motion, Defendants request that this Court deny same, or strike the document entirely. Further, as a result of the

---

[1] Plaintiff's Motion also makes numerous unsubstantiated allegations, of which this Court has previously disposed, and which will not be again responded to herein. In addition, although Plaintiff's document contains the word Stipulations, no stipulations have ever been agreed to between these parties by counsel for Defendants, and are entirely without foundation in fact.

untenable nature of Plaintiff's demands, Defendants would request that this Court allow a representative with full settlement authority to be available by telephone as opposed to attending the January 18, 2006 conference personally.

Within his Motion, Plaintiff has collectively demanded $3,500,000 as compensatory damages, and punitive damages of an amount not to exceed $750,000. These vast sums of money are demanded from various individuals, not all of whom are even Defendants to this action, including now counsel for Defendants. (Doc. no. 97, pp. 5, 20, 25, 28, 29, 34.) In addition, Plaintiff has indicated that any settlement in this case requires that several individuals (including non-parties) be "terminated from their respective positions... never to act in any law enforcement position" again. (Doc. No. 97, pp. 1, 2.) Plaintiff makes this demand despite the fact that this Court unequivocally advised Plaintiff during the status conference on November 3, 2005 that any demand in this matter must be only monetary in nature, and only against the Defendants who remain a party to this case. At the time of the November 3, 2005 status conference, Plaintiff indicated that he understood this Court's position on a settlement demand and would abide by same.

Defendants remain interested in working with this Court and Plaintiff to reach a resolution of this matter. However, despite Plaintiff's assurances to the Court and to counsel for Defendant, Plaintiff has taken a settlement position which is so far beyond reason that counsel for Defendants believe that it may be counterproductive to have a representative personally attend the upcoming conference on January 18, 2006. For this reason, Defendants would request that this Court allow a representative with full settlement

2

authority to be available during the upcoming January 18, 2006 conference via telephone only. Counsel for Defendants will obviously still personally attend the conference.

For all of the foregoing reasons, Defendants respectfully request that this Court deny any relief requested by Plaintiff within his "Motion and One Time Offer of Settlement with Stipulations" and to strike same as no such "Stipulations" exist. Further, Defendants request that this Court allow a representative with full settlement authority to be available by telephone only during the January 18, 2006 status conference.

          Respectfully submitted,

          /s/     John E. Vincent
          **MARK LANDES (0027227)**
          E-mail: marklandes@isaacbrant.com
          **JOHN E. VINCENT (0070501)**
          *E-mail*: johnvincent@isaacbrant.com
          ISAAC, BRANT, LEDMAN & TEETOR, LLP
          250 East Broad Street, 9th Floor
          Columbus, Ohio 43215-3742
          (614)221-2121; Fax (614)365-9516
          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. A copy was also served via U.S. Mail, postage prepaid this 13th day of January, 2006, upon:

William D. Reynolds
7013 St. Rt. 221
Georgetown, Ohio 45121
*Plaintiff pro se*

/s/     John E. Vincent
**MARK LANDES (0027227)**
**JOHN E. VINCENT (0070501)**
*Attorneys for Defendants*