06 FEB 15 PM 1:00

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

William D.Reynolds,Col.USAF Ret.

Plaintiff,

vs.,

Windell Crawford,et.al.

Defendants

Case No. C-1-01-877, removed from Common Pleas Court,Brown County, Ohio Case No. 20010713 by counsel John E.Vincent.

Motion,by Plaintiff,requesting for Deviation of EXHIBIT(s) to be used at trial,approved by counsel 2/6/06 after Deposition of Plaintiff.

1. Now comes the Plaintiff who has furnished the Court with Originals of his EXHIBIT(s) with copies of same to counsel Vincent/Landes consisting of PLAINTIFF'S EXHIBIT(s) A,B,B-1,and D with sub-exhibits 1-9.

All are to note that there is not an EXHIBIT C consisting of Judge Margaret A.Clark's ENTRY Amending Complaint (8??683,Affidavit of Disqualification,Journal Entry (810064 that does not conform to Crim.R.29 in content. Each,**Shall**,be placed into evidence at trial. Copies attached hereto for the Court and counsel Vincent/Landes and EXHIBIT numbers will be applied at that time.

2. Further,the Court and counsel Vincent/Landes are in posession of EXHIBIT E and sub-exhibit B,EXHIBIT F (DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT) of 17 pages,Sworn Affidavit of Chris Snider,DEFENDANT'S EXHIBIT 1,their EXHIBIT A, (Report of Investigation 14-00-3083),SUPP Report by Chris Snider of 10/11/2000, SUPP Report by Larry Meyer of 10/11/2000,Probable Cause Affidavit by Chris Snider of 10/11/2000 EXHIBIT B **THAT DOES NOT MATCH PLAINTIFF'S EXHIBIT A,** therefore,**TAMPERED**,Sworn Affidavit of Larry Meyer DEFENDANT'S EXHIBIT 2,2nd (Report of Investigation 14-00-3083) 2nd SUPP Report by Chris Snider,2nd SUPP Report by Larry meyer of 10/11/2000,2nd EXHIBIT B.

As the Court can see from Plaintiff's Original Complaint Case No. 20010713 file-stamped 01 NOV 16 PM12:43 defense counsel used EXHIBIT A and when counsel Vincent/Landes filed NOTICE OF REMOVAL file-stamped 01 DEC 19 PM1:56 continue to use EXHIBIT A in last sentence of NOTICE OF REMOVAL and again on Page 3 EXHIBIT A,the placement of EXHIBIT A on the Original Complaint is only near the LOWER RIGHT HAND CORNER OF THE DOCUMENT and the EXHIBIT A in the NOTICE OF REMOVAL.Page 3 is in the UPPER RIGHT HAND CORNER.

3. Further,Chris Snider's Sworn Affidavit DEFENDANT'S EXHIBIT 1 is in the UPPER RIGHT HAND CORNER as late as NOV 15,2002 and Sworn Affidavit by Larry Meyer,DEFENDANT's EXHIBIT 2 is in the UPPER RIGHT HAND CORNER as late as NOV 6,2002.

4. EXHIBIT A is near the Lower Right Hand Corner,EXHIBIT B is near the LOWER RIGHT HAND CORNER,2nd EXHIBIT A is near the LOWER RIGHT HAND CORNER and the 2nd EXHIBIT B is NO WHERE near the LOWER RIGHT HAND CORNER.

The simplicity of PLAINTIFF'S EXHIBIT(s) that have been INTENTIONALLY PLACED where it wasn't remotely possible to have covered ANY PORTON of a given EXHIBIT including the placement of PLAINTIFF'S EXHIBIT A on the obverse side of Chris Snider's Probable Cause Affidavit for that reason,and to show that Clark Gray's name was on said Sworn Affidavit,DEPOSED by Michelle Hudepohol,and that it was Clark Gray,not Chris Snider,who filed an ILLEGAL and INCORRECT COMPLAINT against Plaintiff in PLAINTIFF'S EXHIBIT B in violation of ORC Section 2935.09.

5. When counsel Vincent/Landes filed their DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT and received by Plaintiff on NOV 25,2002 it became self-evident that the 1st EXHIBIT B,Probable Cause Affidavit of 10/11/2000 had been TAMPERED by ERADICATION of CHARGE at the top of page and Clark Gray's name on the back,when compared with Plaintiff's CERTIFIED COPY on the same date.

6. For that reason alone it behooves this Court to grant this Deviation of EXHIBITS as mandated on Page two of TRIAL PROCEDURAL ORDER.

SO GRANTED:

Herman J.Weber,Senior Judge
UNITED STATES DISTRICT COURT

Col.William D.Reynolds,Plaintiff

CERTIFICATION

Two Original Signatured copies mailed by regular U.S.Mail on 2/11/2006 and a copy mailed to counsel Vincent/Landes at their address in Col's,Ohio this same date.

FILED

**BROWN COUNTY COURT**
**BROWN COUNTY, OHIO**

2001 MAR 29 AM 9:30

BROWN COUNTY COURT
GEORGETOWN, OHIO
DANNY L. PRIDE
CLERK

STATE OF OHIO : CASE NO. CRB0001246

Plaintiff : JUDGE CLARK

vs. :

WILLIAM REYNOLDS : **ENTRY AMENDING COMPLAINT**

Defendant :

Upon motion of the State, and for good cause shown, the complaint in the above reference case is hereby amended to reflect a charge of disorderly conduct, a violation of R.C. 2917.11(A)(2), a minor misdemeanor.

SO ORDERED.

Margaret A. Clark, Judge

Mary McMullen #0066589
Assistant Prosecuting Attorney

Jon Hapner
Attorney for Defendant

CERTIFIED COPY
BROWN COUNTY COURT
BROWN COUNTY, OHIO
CLERK DANNY L. PRIDE
AGENT: Mary Lindsey, Dep
DATE: 1/23/03

SO 683

4/10/01 Received DA's office

IN THE BROWN COUNTY COURT, BROWN COUNTY, OHIO

2001 APR 10 AM 10: 18
COUNTY COURT
GEORGETOWN, OHIO
DANNY L. PRIDE
CLERK

State of Ohio, *

Plaintiff, * Case No. CRB 0001246

vs. * **AFFIDAVIT OF DISQUALIFICATION**

William D. Reynolds, *

Defendant. *

RECEIVED APR 11 2001

State of Ohio )
)ss:
County of Brown )

William D. Reynolds, being first duly sworn, deposes and says:

1. Both of the County Court Judges in Brown County, Ohio are bias against the Defendant. In the instant case, Judge Margaret Clark, is assigned to hear this case, and the Affiant says that she is biased against him based on the following actions:

a. In 1998, Judge Clark, without hearing, set a bond of $5,000.00 on the Defendant for two misdemeanors, one a second decree misdemeanor of resisting arrest, and one of menacing, a fourth decree misdemeanor.

b. In the trial, the *State of Ohio vs. Pamela Daugherty*, in which the Affiant was the prosecuting witness, the Court, Judge Clark sitting on the bench, acquitted the Defendant, Pamela Daugherty. In the acquittal, the Judge, Judge Clark, implied that the photograph of the bruises on Mr. Reynolds arms was the photograph of some other injury. This would imply that the Affiant was lying under oath, and she went on to say that he didn't say a thing when she walked up to him to be absolutely incredible, thereby again reaffirming her position that his testimony is not credible.

c. Affiant says that the Judge has previously demonstrated a bias against him, but she will not give him a fair and unbias trial. Affiant further acknowledges that he has been in a running feud with the establishment in Brown County, Ohio, and that the County Court Judges have consistently displayed a bias against him, and refused to believe him although the testimony was given under oath, and frequently not refuted.

A copy of the partial transcript on the Pamela Daugherty matter is attached.

Affiant further says that there is a trial set before the Brown County Court with Judge Margaret Clark presiding on the 19th day of April, 2001, at 9:00 a.m., and that the said Maggie Clark as Judge of the Brown County Court has displayed a pronounced bias against him, and he therefore moves for her disqualification.

Further Affiant sayeth not.

Col. William D. Reynolds
William D. Reynolds,

Sworn to and signed before me by William D. Reynolds this 10th day of April, 2001.

NOTARIAL SEAL STATE OF OHIO

Tami E. Florek
Notary Public

TAMI E. FLOREK
Notary Public, State of Ohio
My Commission Expires April 10, 2002

CERTIFICATE

This is to certify that a copy of this Affidavit was filed with the Clerk of the Brown County Court, 770 Mt. Orab Pike, Georgetown, Ohio 45121 upon Judge Maggie Clark at the same address, and upon Mary McMullen, Asst. Prosecutor, 200 E. Cherry St., Georgetown, Ohio

for the State of Ohio, this 10th day of April, 2000.

Col. William D. Reynolds
William D. Reynolds

JCH/tf
4-9-01

CERTIFIED COPY
BROWN COUNTY MUNICIPAL COURT
BROWN COUNTY, OHIO
CLERK JAY H. ANDERSON
AGENT:
DATE: Aug. 19, 2004

**PARTIAL TRANSCRIPT**

**STATE OF OHIO VS. PAMELA DAUGHERTY**

before the Honorable Margaret Clark, Judge of the Brown County Court, Brown County, Ohio, as follows:

THE COURT: Thank you.

I have a couple of observations. One is, I'm not altogether certain that the camera strap is not, what I would refer to as a break-away cord, and that it's intended to separate. It is probably to keep from strangling people. But, in any case, it wasn't admitted into evidence. It's an observation I think kind of, cord strap or cord stock.

Another observation about one of the photographs, Exhibit 3, and that is if what Mr. Reynolds' was saying is correct, then that's a photograph of some other injury. At least, I would think so. I think that the damage would be on the outer part of his arm more than the inner part of his arm in the way he was demonstrating how he was holding the camera.

There was limited foundation for that photograph anyway. It was a, obviously a male arm with a significant bruise on it. It could very well be Mr. Reynolds', but it's not entirely consistent with his

testimony and his demonstration of how he was holding the camera.

I do find his statement that he just didn't say a thing when she walked to be absolutely incredible. I can't imagine that anyone would sit there silently in a vehicle when someone came out to obstruct, as he testified giving his testimony, the weight that I would need to. In the circumstances, I haven't seen that, that would be credible.

In any case, I think you see where I'm going. I'm entering a finding of not guilty.

If you would please do an entry, Mr. Ring, I'll sign it.

MR. RING: Yes, Your Honor.

MR. ERHARDT: Thank you, Your Honor.

THE COURT: And the circumstances, I see no need to retain the exhibits.

MR. RING: Take them home.

May I approach?

THE COURT: You may.

Okay, thank you.

**CERTIFICATE**

COUNTY OF BROWN

STATE OF OHIO

I, Deborah S. Adkins, Official Court Reporter for the Court of Common Pleas of Brown County, Ohio, do hereby certify that the foregoing is a true and accurate transcript of the proceedings had before the Honorable Margaret Clark, Judge of the Brown County Court, in the matter of STATE OF OHIO, Plaintiff, vs. PAMELA DAUGHERTY, Defendant, as recorded by Courtroom Tape Recording Procedure in July 2000, and afterwards reduced to typewriting at my direction.

Given under my hand and official seal this 24 January 2001.

Deborah S. Adkins, Court Reporter
Brown County Common Pleas Court
Georgetown, Ohio 45121




DEBORAH S. ADKINS
Notary Public, State of Ohio
My Commission Expires 4 Jan. 2005

## [§ 2701.03.1] § 2701.031 Disqualification of municipal or county court judge.

(A) If a judge of a municipal or county court allegedly is interested in a proceeding pending before the judge, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the judge or to a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the judge, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the court in which the proceeding is pending.

(B) An affidavit of disqualification shall be filed under this section with the clerk of the court in which the proceeding is pending not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled and shall include all of the following:

(1) The specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations;

(2) The jurat of a notary public or another person authorized to administer oaths or affirmations;

(3) A certificate indicating that a copy of the affidavit has been served on the judge of the municipal or county court against whom the affidavit is filed and on all other parties or their counsel;

(4) The date of the next scheduled hearing in the proceeding or, if there is no hearing scheduled, a statement that there is no hearing scheduled.

(C)(1) Except as provided in division (C)(2) of this section, when an affidavit of disqualification is presented to the clerk of a municipal or county court for filing under division (B) of this section, the clerk shall enter the fact of the filing on the docket in that proceeding and shall provide notice of the filing of the affidavit to one of the following:

(a) The presiding judge of the court of common pleas of the county;

(b) If there is no presiding judge of the court of common pleas of the county, a judge of the court of common pleas of the county.

(2) The clerk of the municipal or county court in which a proceeding is pending shall not accept an affidavit of disqualification presented for filing under division (B) of this section if it is not timely presented for filing or does not satisfy the requirements of divisions (B)(2), (3), and (4) of this section.

(D)(1) Except as provided in divisions (D)(2) to (4) of this section, if the clerk of the municipal or county court in which a proceeding is pending accepts an affidavit of disqualification for filing under divisions (B) and (C) of this section, the affidavit deprives the judge of a municipal or county court against whom the affidavit was filed of any authority to preside in the proceeding until the judge who was notified pursuant to division (C)(1) of this section rules on the affidavit pursuant to division (E) of this section.

(2) A judge of a municipal or county court against whom an affidavit of disqualification has been filed under divisions (B) and (C) of this section may preside in the proceeding if, based on the scheduled hearing date, the affidavit was not timely filed.

(3) A judge of a municipal or county court against whom an affidavit of disqualification has been filed under divisions (B) and (C) of this section may determine a matter that does not affect a substantive right of any of the parties.

(4) If the clerk of a municipal or county court accepts an affidavit of disqualification for filing under divisions (B) and (C) of this section, if the judge who is notified pursuant to division (C)(1) of this section of the filing of the affidavit of disqualification denies the affidavit pursuant to division (E) of this section, and if, after the denial, a second or subsequent affidavit of disqualification regarding the same judge and the same proceeding is filed by the same party who filed or on whose behalf was filed the affidavit that was denied or by counsel for the same party who filed or on whose behalf was filed the affidavit that was denied, the judge of a municipal or county court against whom the second or subsequent affidavit is filed may preside in the proceeding prior to the ruling, by the judge who is notified pursuant to division (C)(1) of this section, on the second or subsequent affidavit pursuant to division (E) of this section.

(E) If the clerk of a municipal or county court accepts an affidavit of disqualification for filing under division (B) and (C) of this section and if the judge who is notified pursuant to division (C)(1) of this section of the filing of the affidavit determines that the interest, bias, prejudice, or disqualification alleged in the affidavit does not exist, the judge who is so notified shall issue an entry denying the affidavit of disqualification. If the judge who is notified pursuant to division (C)(1) of this section of the filing of the affidavit determines that the interest, bias, prejudice, or disqualification alleged in the affidavit exists, the judge who is so notified shall issue an entry that disqualifies the judge against whom the affidavit was filed from presiding in the proceeding and designate another judge of the municipal or county court, or of the court of common pleas, to preside in the proceeding in place of the disqualified judge.

**HISTORY: GC § 13433-19; 113 v 123(148), ch 12, § 9; Bureau of Code Revision, RC § 2937.20, 10-1-53; 127 v 423 (Eff 8-27-57); 146 v H 151 (Eff 12-4-95); RC § 2701.03.1, 146 v S 263. Eff 11-20-96.**

**Research Aids**

Interest, bias or prejudice of judge:
**O-Jur3d:** Cts & Jud §§ 114, 117, 121, 122, 125, 133, 139

### CASE NOTES AND OAG

**1.** (1997) Where a judge learned at trial that a client was about to testify and disclosed that relationship to the parties, a party's failure to object until after the trial was over waived all but plain error: Paulding-Putnam Coop., Inc. v. Kuhlman, 117 OApp3d 156, 690 NE2d 52.

**2.** (1999) The state was not entitled to disqualification of a judge for bias against the state in gambling cases merely because the judge on a single occasion imposed a nominal fine for gambling offenses, stating that the state was only trying to protect its lottery monopoly: State v. Fraternal Order of Eagles, Aerie 2347, 99 OMisc2d 33, 715 NE2d 630 (CoC).

## § 2701.04 Removal of residence of judge.

If a judge of the supreme court removes his residence

# BROWN COUNTY COURT

# BROWN COUNTY, OHIO

STATE OF OHIO * CASE NO. CRB 0001246



Plaintiff *

vs * **JOURNAL ENTRY**

*

William D. Reynolds * April 19, 2001

Defendant

This matter was before the court for trial on a violation of R.C. 2917.11. Upon consideration of the testimony and evidence, ~~the~~ and upon motion of the Defendant, pursuant to Crim. R. 29, the court granted the Defendant's motion and dismissed the case.

Prior to the start of the trial, the court denied the Defendant's motion for disqualification.

SO ORDERED.

Margaret A. Clark
Judge, Brown County Court

Mary McMullen
A.P.A.

[signature]
Atty for Δ.

CERTIFIED COPY
BROWN COUNTY COURT
BROWN COUNTY, OHIO
CLERK DANNY L. PRIDE
AGENT: [signature], Dep.
DATE: 4-23-01

S1006.1