**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM D. REYNOLDS, | : | Case No. C-1-01-877 |
| Plaintiff, | : | Judge Weber |
| vs. | : | Magistrate Judge Black |
| WINDELL CRAWFORD, et al., | : | |
| Defendants. | : | |

## **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Now come Defendants, Chris Snider, Larry Meyer, Michelle Hudepohol, and Clark Gray, by and through their counsel, and pursuant to Fed. R. Civ. P. 56 hereby request that this Court issue an Order granting summary judgment in favor of Defendants as to all of Plaintiff's claims. No genuine issue of material fact remains to be litigated and Defendants are entitled to judgment in their favor as a matter of law for the following reasons, which are more fully set forth in the attached Memorandum in Support.

Respectfully submitted,

 /s/ John E. Vincent
**MARK LANDES (0027227)**
*E-mail*: marklandes@isaacbrant.com
**JOHN E. VINCENT (0070501)**
*E-mail*: johnvincent@isaacbrant.com
ISAAC, BRANT, LEDMAN & TEETOR, LLP
250 East Broad Street, 9th Floor
Columbus, Ohio 43215-3742
(614)221-2121; FAX (614)365-9516
*Attorneys for Defendants*

**MEMORANDUM IN SUPPORT**

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

This Court is no doubt familiar with the present matter and the underlying facts and circumstances of Plaintiff's arrest of October 11, 2000.  However, now that the discovery deposition of Plaintiff has been conducted, it is apparent that Plaintiff has no evidence to support his First or Fourth Amendment claims against Defendants Snider, Meyer, Gray and Hudepohl.[1]  Now that discovery has been completed, this matter is ripe for a Motion for Summary Judgment based upon the facts which have been established through Plaintiff's own testimony.

**II.    STANDARD OF REVIEW**

F.R.C.P. 56(c) mandates summary judgment against a party who fails to establish an essential element upon which that party will bear the burden of proof at trial.  See *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  To avoid summary judgment, the nonmoving party must demonstrate that there is a genuine issue of a material fact.  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment…" *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986).  If, after an appropriate time for discovery, the plaintiff is unable to demonstrate a *prima facie* case, summary judgment against the plaintiff is warranted.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1480 (6th Cir. 1986).

**III.    LAW AND ARGUMENT**

On September 29, 2005, this Court held that the only claims remaining for trial were those for alleged First and Fourth Amendment claims against defendants Chris Snider, Larry Meyer, Clark Gray and Michelle Hudepohl.  (doc. no. 87.)  Following this Court's decision on

---

[1] Plaintiff's First and Fourth Amendment claims are the only claims remaining in this matter

Defendants' Motion regarding qualified immunity, counsel for defendants had an opportunity to depose Plaintiff on February 6, 2006. During that deposition, it became apparent that Plaintiff had no factual support for any of his claims. In order to demonstrate the absence of any claim against defendants, Plaintiff's deposition testimony concerning the remaining named defendants is set forth below for this Court's convenience. This case is now ripe for a Motion for Summary Judgment.

### MICHELLE HUDEPOHL

Within his Complaint, Plaintiff alleges that Michelle Hudepohl violated his constitutional rights. However, when Plaintiff was deposed, he was unable to provide any support for such claims. First, as to any claim that Plaintiff believes he may have against Michelle Hudepohl under the First Amendment, Plaintiff testified that:

Q. Did Michelle Hudepohl do anything to violate your first amendment Rights?

A. **Not my first amendment.**

*(Deposition of Plaintiff William D. Reynolds attached hereto as Exhibit A, p. 110, lines 7 - 9, emphasis added.)*

Further, with respect to any possible Fourth Amendment claim against Michelle Hudepohl, Plaintiff stated:

Q. How do you believe that [Michelle] Hudepohl violated your fourth amendment rights?

A. That would come under 2319.

Q. We are not talking about the Ohio Revised Code. You're claiming that she [Michelle Hudepohl] violated your fourth amendment rights; correct?

A. I don't know. I got to get - - do you have a copy of - -

Q. I don't. This is your claim and your complaint.

---

pursuant to this Court's Order of September 29, 2005. (doc. no. 87.)

      A.      Without my amendments, I can't tell you.  **I just cannot recall**.

*(Reynolds depo., p. 111, lines 13 - 24, emphasis added.)*

      Q.      What do you think, tell me everything that you think Deputy Hudepohl did wrong.

      A.      She deposed that probable cause affidavit.

* * *

      Q.      Did Michelle Hudepohl to your knowledge do anything else that violated your constitutional rights?

      A.      Other than deposing that probable cause affidavit, nothing I can think of.

*(Reynolds depo., p. 112, lines 1 - 14.)*

Regardless of the manner in which Plaintiff would like to categorize Michelle Hudepohl's actions, it is apparent that at no time did Defendant Hudepohl violate either Plaintiff's First or Fourth Amendment rights.  Defendants are aware of no clearly established law that would put a reasonable officer on notice that simply signing a document as a notary public is somehow a violation of Plaintiff's Fourth Amendment due process rights under 42 U.S.C. §1983.  As Plaintiff has no support for his claims against Michelle Hudepohl, such claims should be dismissed on the basis of qualified immunity.

      **D**EPUTY **C**LARK **G**RAY

Within his Complaint, Plaintiff alleged that Deputy Clark Gray violated state law when he signed a criminal complaint against Plaintiff.  (doc. no. 1, Exhibit A, p. 7.)  As was recognized by this Court, all of Plaintiff's state law claims against Defendants were dismissed with prejudice pursuant to the immunity afforded to Defendant Gray under Ohio Rev. Code §2744.02.  (doc. no. 87, p. 4.)  Thus, the only possible remaining claims against Defendant Gray were recognized by this Court as being claims under either the First or Fourth Amendment.  (*Id.*

at p. 3.)

During his deposition, Plaintiff was asked to provide all factual support that he had for his claims against Deputy Clark Gray. Despite being given ample opportunity to do so, Plaintiff failed to do so when he testified as follows:

Q. Did deputy [Clark] Gray violate your first amendment rights?

A. **Not per se.**

*(Reynolds' depo., p. 110, lines 20 - 22, emphasis added.)*

Q. How about Deputy Gray, did Deputy Gray do anything else to violate your constitutional rights?

A. **Not that I can recall**, but he is the one that filed the charge, which he isn't allowed to do because he wasn't there.

Q. What do you mean he filed a charge?

A. He filed the complaint against me.

Q. What do you mean he filed the complaint? Did he stamp it, did he sign it?

A. He signed his complaint against me under 2917.11(A)(2), a minor misdemeanor.

Q. So is that - - is there anything else you believe Deputy Gray did that violated your constitutional rights?

A. That said it all.

Q. Nothing else then?

A. **Nothing else that I can think of**.

*(Reynolds' depo., p. 112, lines 15 - 24, p. 113, lines 1 - 8.)*

It appears that Plaintiff believes that the probable cause affidavit was signed by Defendant Gray. However, attached hereto as Exhibit B is the probable cause affidavit at issue in this matter. It is clear that the only signatures appearing on such form are those of Deputy

5

Snider and Michelle Hudepohl. As can be seen, Plaintiff has no factual support for the allegations contained within his Complaint as against Deputy Gray. Plaintiff admits openly that Deputy Gray did not violate any First Amendment right on October 11, 2000 and states unequivocally that his only support for any alleged Fourth Amendment claim against Defendant Gray is that Defendant Gray signed a document, which is inaccurate. Even if it were true that Defendant Gray affixed his signature to a document, that act alone would not amount to a violation of Plaintiff's Fourth Amendment due process rights, and summary judgment in favor of Defendant Gray is warranted.

### DEPUTY CHRIS SNIDER

Plaintiff's testimony during his deposition establishes that summary judgment in favor of Deputy Snider is appropriate. Plaintiff admits to directing profanity towards Deputy Snider. Ohio courts interpreting Ohio Revised Code §2917.11 have upheld convictions against offenders for conduct similar to Plaintiff's belligerent conduct on October 11, 2000. A reasonable police officer confronted with the same facts as Deputy Snider on October 11, 2000 would not have been put on notice that arresting Plaintiff for persistent disorderly conduct would be a violation of Plaintiff's First or Fourth Amendment rights.

In the early morning of October 11, 2000, Deputies from the Brown County Sheriff's Department were responding to Plaintiff's 911 call regarding barking dogs. After they arrived at his home and investigated Plaintiff's complaints of barking dogs, Deputies Snider and Meyer went to Plaintiff's door, and Plaintiff invited them inside. *(Reynolds' depo., p. 77, lines 15 - 18.)* Once the deputies were inside of Plaintiff's home, Plaintiff began yelling and swearing at them. *(See Snider Aff. ¶'s 5, 6; Meyer Aff. ¶'s 5, 6; Reynolds' depo., p. 78, lines 11 - 19.)* Despite warnings that he would be arrested if he continued his disorderly conduct, Plaintiff continued

6

yelling and swearing at the deputies, resulting in his arrest for persistent disorderly conduct. *(See Snider Aff. ¶ 7; Meyer Aff. ¶7.)*

In order to prevail on a 42 U.S.C. §1983 claim, Plaintiff must show that the Defendants were acting under the color of law and that they violated a right secured by the United States Constitution. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Rhodes v. McDaniel*, 945 F.2d 117, 199 (6th Cir. 1991). It appears that Plaintiff is attempting to claim that there was no probable cause for his arrest on October 11, 2000, however, such claim is entirely without merit. Probable cause has been defined as:

> [F]acts and circumstances within [an] officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing that [a] suspect has committed, is committing, or is about to commit an offense...

*Michigan v. DeFillippo*, 443 U.S. 31 (1979); *Sutkiewicz v. Monroe County Sheriff*, 110 F.3d 352 (6th Cir. 1997); See also, *Diamond v. Howd*, 288 F.3d 932, 936 (6th Cir. 2002).

In making a probable cause determination, courts must look at the totality of the circumstances. *New Jersey v. T. L. O.*, 469 U.S. 325 (1985). Further, the fact that a criminal defendant was later acquitted from criminal charges has no relevance to whether there was probable cause to institute a prosecution. *Coogan v. Wixom*, 820 F.2d 170 (6th Cir. 1987). Now that Plaintiff's deposition has been taken, it is apparent that Deputy Snider had probable cause to Place Plaintiff under arrest on October 11, 2000, for persistent disorderly conduct under Ohio Revised Code §2917.11.

R.C. §2917.11 sets forth, in pertinent part that:

> (A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
> \* \* \*
>
> (1) Engaging in fighting, in threatening harm to persons or

property, or in violent or **turbulent behavior**;

(2) Making unreasonable noise or an offensively coarse utterance, gesture, or display or **communicating unwarranted and grossly abusive language to any person**;

* * *

(E)(1) Whoever violates this section is guilty of disorderly conduct.

(2) Except as otherwise provided in division (E)(3) of this section, disorderly conduct is a minor misdemeanor.

(3) Disorderly conduct is a misdemeanor of the fourth degree if any of the following applies:

(a) **The offender persists in disorderly conduct after reasonable warning or request to desist**.

* * *

(c) The offense is committed in the presence of any law enforcement officer, firefighter, rescuer, medical person, emergency medical services person, or other authorized person who is engaged in the person's duties at the scene of a fire, accident, disaster, riot, or emergency of any kind.

Plaintiff testified during his deposition that:

Q.  Sir, isn't it true that you started swearing at the officers?

A.  **Yes**.

*(Reynolds depo., p. 77, lines 11 - 13, emphasis added.)*

It is evident that Plaintiff's conduct on October 11, 2000 was in direct violation of Ohio Revised Code §2917.11. Deputies Snider and Meyer warned Plaintiff to stop his misconduct prior to arresting him, but instead of ceasing his yelling and swearing, Plaintiff chose to persist is his aggressive and turbulent behavior. Ohio Courts have previously recognized that an individual's loudness and aggressiveness in speech toward a police officer qualifies as behavior which is sufficient to establish the elements of an offense under Ohio Revised Code §2917.11(A)

without violating the individuals free speech or freedom of expression. *State v. Rajeski,* No. CA2002-11-120, 2003 WL 21257968 (Ohio Ct. App., June 2, 2003). It was reasonable for Deputy Snider to believe that Plaintiff was acting in violation of §2917.11, as Plaintiff was committing the violation in his presence, and Deputy Snider is entitled to qualified immunity as to any possible First or Fourth Amendment claim of Plaintiff. Thus, Plaintiff's claims against Deputy Snider should be dismissed.

### DEPUTY LARRY MEYER

Plaintiff claims within his Complaint that Deputy Meyer somehow violated his First and Fourth Amendment rights on October 11, 2000. (doc. no. 1, Exhibit A, pp. 5 - 6.) However, during Plaintiff's deposition, Plaintiff's testimony did not support any such claims. In fact, Plaintiff admitted that Deputy Meyer did not place him under arrest on October 11, 2000, nor did Deputy Meyer take Plaintiff into custody.

> Q. What did deputy Meyer do to violate your first amendment rights?
>
> A. Participated in the arrest and in violation of the first amendment.
>
> Q. How did he participate in your arrest?
>
> A. He Didn't stop it, so therefore he was a party of the first part to it.
>
> Q. Did he arrest you, Deputy Meyer?
>
> A. **No.**
>
> Q. Did he at any point take custody of you at your home?
>
> A. **No.**
>
> Q. Other than being at the residence, did he actively participate in your arrest?
>
> A. Certainly he did.
>
> Q. How?

> A. He did not tell Snyder back off, leave him alone.
>
> Q. Okay.
>
> A. So therefore he condoned the arrest.

*(Reynolds' depo., p. 108, Lines 10-24, p. 109, lines 1-7, emphasis added.)*

> Q. You don't remember what Deputy Snyder did to violate your fourth amendment rights?
>
> A. I don't recall.
>
> Q. How about Deputy Meyer?
>
> A. **I can't recall** without the amendment.

*(Reynolds' depo., p. 114, lines 14 - 18, emphasis added.)*

The Sixth Circuit Court of Appeals has previously recognized that police officers may be required to affirmatively intervene to prevent fellow officers from violating an individuals constitutional rights, and found that such an obligation exists when an officer observes or has reason to know that: (1) excessive force is being used; (2) a citizen has been unjustifiably arrested; or, (3) any constitutional violation has been committed by a law enforcement official. *Jacobs v. Village of Ottawa Hills*, 5 Fed. Appx. 390, 395 (6th Cir. 2001). In the present matter, as discussed thoroughly above, Plaintiff was arrested for persistent disorderly conduct in violation of Ohio Revised Code §2917.11 on October 11, 2000. The arrest of Plaintiff was performed by Deputy Snider and was based upon probable cause, and therefore, Defendant Meyer had no reason to believe that Plaintiff was being "unjustifiably arrested" or that any constitutional violation was being committed by Deputy Snider. Deputy Meyer had no reason to intervene in the arrest of Plaintiff and Defendant Meyer is entitled to qualified immunity.

**IV.** **CONCLUSION**

Based upon the foregoing, Defendants Chris Snider, Larry Meyer, Michelle Hudepohol, and Clark Gray, hereby request that this Court issue an Order granting summary judgment in their favor as to all of Plaintiff's claims.

Respectfully submitted:

 /s/ John E. Vincent
**MARK LANDES (0027227)**
*E-mail*: marklandes@isaacbrant.com
**JOHN E. VINCENT (0070501)**
*E-mail*: johnvincent@isaacbrant.com
ISAAC, BRANT, LEDMAN & TEETOR, LLP
250 East Broad Street, 9th Floor
Columbus, Ohio 43215-3742
(614)221-2121; FAX (614)365-9516
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. A copy was also served via U.S. Mail, postage prepaid this 31st day of May, 2006, upon:

William D. Reynolds
7013 St. Rt. 221
Georgetown, Ohio 45121
*Plaintiff pro se*

/s/    John E. Vincent
**MARK LANDES (0027227)**
**JOHN E. VINCENT (0070501)**
*Attorneys for Defendants*