IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO,WESTERN
DIVISION

William D.Reynolds,Col.USAF Ret.

Plaintiff,

vs.,

Windell Crawford,et.al.

Defendants

Case No. C-1-01-877.removed from
Common Pleas Court,Brown County,
Ohio Case No.20010713 by counsel
John E.Vincent.

Discovery of Defendant,Deputy
Chris Snider,pursuant to Fed.R.
Civ.P.Rule 26(a)(2),no later
than MAR 31,2006,and Larry Meyer.

INTERROGATORY No.1

On the date of 10/11/2000 state Each Personal Information(s) that Plaintiff
furnished to you,after his arrest,and used in your Probable Cause Affidavit
EXHIBIT A at 4:51AM??

ANSWER(s):

INTERROGATORY No.2

From the same Affidavit in no.1 above,how did C.O. Rick Haney & C.O. Geno
aPGar become WITNESS 2,since Plaintiff did not see them at 7013 St.Rt.221,nor
were they inside his home on 10/11/2000??

ANSWERS:

INTERROGATORY No.3

Due to its length/width ratio,Brown County,Ohio was divided into two (2) distinctly different sections commonly known as Northern and Southern parts of the County,for the purpose of Equal Patroling for the two Road Deputies on duty the date of 10/11/2000,therefore,your questions are: (1) Where,by location was the dividing line,(2) Was the dividing line for the purpose ,only,of patroling or was there another purpose??

    ANSWER(s):

INTERROGATORY No.4

Plaintiff,as the COMPLAINTANT on 10/11/2000 made three (3) different calls to the Communications Center,at (937) 378-4331 at 12:20AM,counsel Vincent listened to each of the calls on 1/18/2006,Answered by Luther, (Shaun Luther), therefore,your questions: (1) What address did I state on that Tape Recording for where the Barking Dogs were,(2) What Section and or Sections of the ORC did I say were in violation in that call??

    ANSWER(s):

INTERROGATORY No.5

As a Deputy Sheriff for nine (9) years before your Retirement,according to newspaper article DEC 2002 copy attached,(1) What Section of the ORC

(2.)

Prohibited Noxious Exhalations or Noisome or Offensive Smells,becomes Injurious to the Health,Comfort,or Property if individuals or the public,(2) On the night of 10/11/2000 did you enforce that Section of the ORC for Plaintiff??

    ANSWER(s):

INTERROGATORY No.6

Plaintiff's noting your young age on 10/11/2000 when you in concert with Deputy Larry Meyer placed Plaintiff under Arrest,inside my home and the two (2) of you being the only ones present,therefore,your questions: (1) What Criminal Charge did you PERSONALLY file in any COMPLAINT,(2) Under what Section of the ORC would permit anyone other than Deputy Larry Meyer,who was present inside my home on 10/11/2000,but did not file a COMPLAINT,and (3) What Section of the ORC Legally permited Defendant Clark Gray to file a Complaint under Crim.R.3, and 4,and the Charge under Crim R.4,by Clark Gray,is ERRONEOUS and he also FAILED to file a JURAT,why?? (Ref.STATE v. Green,ORC Section 2935.09,2319.04.)

    ANSWER(s):

INTERROGATORY No.7

In Plaintiff's 1st phone call on 10/11/2000 to the Comm. Ctr.at 12:20AM
what did Plaintiff tell Dispatcher Luther when he gave him his phone number??

ANSWER:

INTERROGATORY No.8

In Plaintiff's 2nd phone call on 10/11/2000 and your wife Andrea Snider
as Dispatcher answered (1) What time did I tell her that I had called in
before,(2) Who  did she tell me was on duty,(3) What did she tell me that The
Sheriff said (Crawford) ,(4) What law enforcement did I tell her I was being
denied,by the two officers in (2) above,(5) Where did she say Defendant,Deputy
Chris Snider was located??  (Road Deputy)

ANSWER(s):

(4)

INTERROGATORY No.9

In Plaintiff's 3rd call to the Comm.Ctr. on 10/11/2000,answered by Dispatcher Andrea Snider,wife of Defendant,Deputy Chris Snider, (1) What time did I tell her it was in the morning,(2) What ORC violations did I tell her was occuring,(3) What did she tell me that you had done BEFORE this 3rd call, (4) Whose dogs did Defendant,Deputy Chris Snider say were barking as he had reported back to his wife??    (Ref.EXHIBIT D and therein EXHIBIT 2 for whose dog was barking on 10/11/2000.)

ANSWER(s):

INTERROGATORY No.10

With Plaintiff being the COMPLAINTANT in each of the three (3) calls he made to the Comm Ctr. on 10/11/2000 who specified the ADDRESS in each of those calls,(1) What was the persons name at that address,(2) Were the Vicious/ Dangerous dogs at that address licensed under ORC Section 955.07,955.08,955.09 955.11.955.12,955.22 (A)-(E),955.221,955.23.

ANSWER(s):

(5.)

REQUEST FOR PRODUCTION No.1

Furnish the <u>MICRO-TAPE RECORDING</u> made by Defendant, Deputy Chris Snider on 10/11/2000. Plaintiff's copy furnished by Investigator Bobby Gifford and received by Plaintiff from Counselor Jon Clark Hapner cannot be the exacting copy as it slows down to speeds inaudible to the human ear. This can be verified by counsel John E.Vincent in Judge Weber's chambers on 1/18/2006, that he FAILED to listen to the entire tape. (That tape-recording is probably in the Prosecutor's Office. (937) 378-4151

INTERROGATORY No.11

How many 911,E-911 calls did Plaintiff make on 10/11/2000?? (Ref.P.C.A. by Chris Snider dated 10/11/2000 at 4:51AM.)

ANSWER(s):

REQUEST FOR PRODUCTION No.2

Furnish recording from the 911,E-911 office that shows Plaintiff made any such calls. (Ref. P.C.A. by Chris Snider on 10/11/2000.)

INTERROGATORY No.12

What ORC Section permitted Defendant, Deputy Michelle Hudepohol to <u>DEPOSE</u> your Probable Cause Affidavit dated 10/11/2000 at 4:51AM since Plaintiff did not see her at 7013 St.Rt.221 on 10/11/2000, nor was she inside Plaintiff's home?? (Ref.ORC Section 2319.04,2935.09.)

(6)

ANSWER(s):

INTERROGATORY No.13

Why is EXHIBIT A,Probable Cause Affidavit by Defendant,Deputy Chris
Snider dated 10/11/2000 at 4:51AM **DIFFERENT** than your submission in EXHIBIT F
and therein YOUR EXHIBIT B,wherein (1) The Charge has been **ERADICATED** from the
FRONT,and (2) The name Clark Gray has been ERADICATED fron the BACK,just to the
LEFT of Chris Snider's signature?? (Ref ORC Section(s) 2921.12 (A),2913.42 (A),
2921.32 (A),2921.52 (A),2921.32 (A).)

ANSWER(s):

INTERROGATORY No.14

Why is EXHIBIT B in Case No.CRB0001246 show COMPLAINTANT: Dep.Chris
Snider,BCSO,BY Dep.Wayne Bingaman,BCSO,**CROSSED OUT**, and Clark Gray's name
inserted and printed then signatured by Clark Gray,who was not present on
10/11/2000 at 7013 St.Rt.221 nor was he inside Plaintiff's home?? (Ref.ORC
Section(s) 2921.12 (A),2913.42 (A),2921.32 (A),2921.52 (A).2921.32 (A).)

ANSWER(s):

INTERROGATORY No.15

What ORC Section permits any Deputy Sheriff in Brown County,Ohio to (1) File a COMPLAINT for an Alleged Crime that he/she WAS NOT WITNESS TO,(2) Who by Name and Authority authorized the usage of the PREPRINTED,COMPLAINT, form shown as EXHIBIT B in the captioned case??

ANSWER(s):

INTERROGATORY No.16

Who by Name and Authority and as evidenced in EXHIBIT F and therein Page 11 last para.that reads Quoted: In the early morning of October 11,2000, Deputies from the Brown County Sheriff's Department were responding to Plaintiff's 911 call regarding barking dogs.

A. That statement makes it self-evident that PLAINTIFF was the COMPLAINTANT for each of the three (3) calls he made to (937) 378-4155.however.:

B. Failure,by Defendant(s) Deputies Chris Snider and or Larry Meyer to produce a Tape Recording of that Alleged 911 call,would represent their first PERJURY as I shall point out to the jury.

(8.)

Continuing with Page 11,Page 12 1st para.reads,Quoted: <u>After they arrived</u>
<u>at his home and investigated Plaintiff's complaints of barking dogs,</u>

A. No where since 10/11/2000 was a <u>REPORT OF INVESTIGATION</u> filed for the
   Alleged Investigation filed by either Deputy Sheriff.

B. No where in that Alleged Investigation did either Deputy Sheriff state
   what address they investigated for barking dogs.

C. EXHIBIT D and therein EXHIBIT 2 depicts Plaintiff's dog had been
   <u>EUTHANIZED</u> on 8/21/2000 some fifty two days before 10/11/2000,therefore,
   1. It wasn't Plaintiff's dog barking as alleged by Deputy Chris Snider.
   2. Both Deputy Sheriff's Chris Snider and Larry Meyer FAILED to go to
      to the address Plaintiff stated in each of the three (3) calls he made
      on 10/11/2000.

   3. It should be self-evident that Plaintiff wouldn't have called (937)
      378-4155 for his OWN DOG BARKING on 10/11/2000 and C.,above confirms
      that neither of the Defendant(s) Deputies Chris Snider and or Larry
      Meyer know what they are doing,as Law Enforcement Officers.

CONTINUING,Page 12,reads Quoted: <u>Deputies Snider and Meyer went to Plaintiff's</u>
            <u>door. After being invited inside,Plaintiff began berating,yelling and</u>
            <u>swearing at Deputies Snider and Meyer.</u>
   1. Deputy Chris Snider's Probable Cause Affidavit on 10/11/2000 DOES
      NOT use the word <u>BERATING</u>,[t]hus was written by someone other than
      Chris Snider.

   2. Deputy Chris Snider's Probable Cause Affidavit on 10/11/2000 FAILS
      to meet the requirements of <u>ORC Section 2935.19  Form of affidavit</u>
      <u>for ordinary and concise language,</u>and Deputy Larry Meyer REFUSED
      to corroborate the content of Deputy Chris Sniders Probable Cause

Affidavit for its content that will come out at trial as will the balance of what is written on Page 12 to 14 of EXHIBIT F.

INTERROGATORY No.15

What does STATE v. Hoffman say in Criminal Law--offensive utterances--R.C. 2917.11 (A)(2)--Punishable,when--Constitutionality of statute,and (2) What does the United States Supreme Court say about Abusive Language??  [Cite as State v. Hoffman (1979) Ohio St.2d 129.]

ANSWER(s):

INTERROGATORY No.16

With particularity,(1) State why you REFUSED to take Plaintiff to the hospital **BEFORE BOOKING** on 10/11/2000 in violation of ORC 2305.41 to 2305.49 when in fact you were told that my Blood Pressure was up and so stated on your Micro-Tape Recording enroute to Georgetown,Ohio,and (2) After Booking into the Jail you had the Hammersville,Ohio Life Squad transport plaintiff to the Brown County,Ohio hospital Emergency Room and had them bill MEDICARE and Plaintiff (EXHIBIT G and therein EXHIBIT 6 and attached thereto letters dated JAN 18,2001,FEB 13,2001,billing for $602.00 and billing to Plaintiff for $63.54.) and (3) After you hand-cuffed me to the bed in the Emergency Room you FAILED to leave the area in violation of Doctor/Nurse Privilege,and (4) During that violation,What medications did you observe being administered to Plaintiff that precluded a violation under U.S.Constitution,Amendment VIII as

(10.)

Cruel and Unusual Punishment??    (Ref. OAG 85-054,Pages 2-200 to 2-203,
especially Page 2-202,see Cuyahoga County Hospital v. City of Cleveland,15
Ohio App. 3d 70 N.E. 2d 757 (Cuyahoga County 1984) etc.etc.,and para.2
therein and the other case law.

ANSWER(s):

INTERROGATORY No. 17

Why,with particularity,(1) Did you FAIL and or REFUSE to respond to
Plaintiff's  first call at 12:20AM on 10/11/2000,and (2) Why did you IGNORE
the content of that 1st call at 12:20AM and called Plaintiff anyway at 4:30AM
and again at 4:31AM,using your wife,Dispatcher Angela Snider to make the call
as can be heard in said recordings??

ANSWER(s):

INTERROGATORY No.18

As can be heard on your Micro-Tape Recording on 10/11/2000,(1) Who by Name and Qualification(s)  at the Brown County,Ohio jail at or about 4:51AM 10/11/2000,and Quoting you: We'll Access and or Assess medical needs,AFTER you're Booked into the jail,and (2) Was that in violation of ORC Section(s) 2305.41 to 2305.49 on 10/11/2000??

        ANSWER(s):

INTERROGATORY No. 19

From EXHIBIT G and therein Page 14 1st paragraph,(1) Who by Name was alleged neighbor that brought Plaintiff his medications sometime after 4:51AM on 10/11/2000,and (2) How did that alleged neighbor get Plaintiff's keys to his house and out buildings on 10/11/2000,when in fact they were suppose to be under lock and key at the Brown County,Ohio jail,and (3) Who by Name and Authority did the alleged neighbor leave said medications with on 10/11/2000??

        ANSWER(s):

FILED WITH THE U.S.DISTRICT COURT,(PLAINTIFF'S EXHIBIT F,titled: DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT,on or about NOV 22,2002 is an ENHANCEMENT by

( 12.)

**DEFENDANT(s)** LARRY MEYER,notarized by Helen Hensley NOV 6,2002 and Chris

Snider NOV 15,2002 notarized by Rebel Martin,alphanumerically are Plaintiff's

REQUEST(s) FOR PRODUCTION and INTERROGATORIES TO EACH:

INTERROGATORY No.1

From your statement in #1,furnish a copy by your Medical Doctor stating

the fact that you are in fact COMPETENT to testify regarding all the facts

set forth in your personal Affidavit dated NOV 6,2002.


INTERROGATORY No.2

From your sworn statement in #3,consideration given that Plaintiff was

the COMPLAINTANT in each of his three (3) phone calls on 10/11/2000 and

therein stated the ORC violations and ADDRESS for the barking dog(s) and

Deputy,Defendant Chris Snider's illegal calls to me at 4:30AM and again at

4:31AM wherein one of those calls Plaintiff specified the location of the

barking dog(s),state with particularity:

1. Why you would be DISPATCHED from the NORTHERN PART OF BROWN COUNTY,OHIO

for barking dog(s) in the SOUTHERN PART OF BROWN COUNTY,OHIO?? and:

2. Who by Name and Authority DISPATCHED you to the SOUTHERN PART OF BROWN

COUNTY,OHIO,just for two (2) barking dog(s)?? and:

3. Why would you be DISPATCHED TO Plaintiff's home,when in fact EXHIBIT D

and therein EXHIBIT 2 is the irrefutable fact that Plaintiff's dog was DEAD,

having been Euthanized on 8/21/2000 because the dog warden FAILED to do his

job pursuant to ORC 955.23?? and:

4. Furnish complete ARREST RECORD of Plaintiff that corroborates his having

been REPEATEDLY ARRESTED for his misconduct within Brown County,Ohio,inclusive

of:

a. Each Trial date and sentencing thereto,and:

b. What if any,Law Suit(s) resulted by Plaintiff as a result of these
   REPEATEDLY ARRESTED for this alleged misconduct within Brown County,
   Ohio??  (IE. 1:05 CV 224 now pending in this Federal Court is not
               necessary to repeat,but all others are required.)


ANSWER(s):




INTERROGATORY No.3

From your sworn statement in #4,state with particularity,(1) How Deputy
Defendant Chris Snider who you have "Sworn,Patroled the Area" while you were
in the NORTHERN part of the County,therefore,FROM St.Rt.221,IN THE DARK,a
measured One Hundred Eighteen Feet (118') and with certainty determined:: The
only dog barking was in the Reynolds' backyard,however, EXHIBIT D and therein
EXHIBIT 2 is that IRREFUTABLE proof of your FALSIFICATION because Plaintiff's
DOG WAS DEAD,[t]hus and also serves as your ADMISSION that BOTH of you FAILED
to enforce ORC CHAPTER 3767,(2) BOTH of you FAILED to enforce ORC 955.01 to
955.99,how say you to both (1) and (2) Deputy,Defendant Larry Meyer??

(14.)

ANSWER(s):




INTERROGATORY No.4

From your sworn statement in #5 you have,(1) Failed to show what time the two of you Defendant(s) arrived at Plaintiff's home on 10/11/2000.(2) Failed to note and write what Plaintiff was wearing or what was hanging around his neck when he invited you into his home,(3) Failed upon arrest of Plaintiff on 10/11/2000 to read the Inscription(s) and Cautions  on Plaintiff's Caduceus', (4) Neither of your REPORTS/SUPP REPORTS of your Sworn Statement of NOV 6,2002 meet the mandated requirements of ORC Section 2935.19,therefore,you must show that requirement has been depleted and the date thereof.


ANSWER(s):

INTERROGATORY No.5

From your sworn statement in #6,state with particularity,(1) Who by name and Authority wrote this your Personal Affidavit,notarized NOV 6,2002,wherein the word (irate) is suddenly spelled correctly,then suckered you into signing it,(2) Both of your and Chris Snider's SUPPLEMENTARY REPORTS on 10/11/2000 INCORRECTLY spell that word (IRRATE),yours in the 1st and 2nd paragraphs,and Chris Snider's twice in paragraph 1,(3) What law if any did Plaintiff violate when he told the both of you to get the fuck out of his house on 10/11/2000, (4) What else transpired inside Plaintiff's home on 10/11/2000 before he told the both of you to get the fuck out,was it possibly Plaintiff had told you AGAIN what laws you wern't enforcing??  (Ref. OAG 85-054,Pages 2-200 to 2-203, State v. Hoffman,Page(s) 129 to 134 inclusive of each Case Law therein.)

ANSWER(s):

INTERROGATORY No.6

From your sworn statement in #7 it is self-evident in your SUPP REPORT of 10/11/2000 that you never have Read and or Comprehended the content of ORC 2935.19 for ordinary and concise language,therefore,(1) Who by Name is the supervisor with the initals (WC) in Report of Investigation,Case # 14-00-3083 that approved your EXHIBIT A,(2) Does your EXHIBIT A,you have Sworn it to be

a True and Accurate Copy of REPORT OF INVESTIGATION resulting from the
investigation and arrest of William Reynolds on October 11,2000,Correlate with
the ILLEGAL Probable Cause Affidavit,your EXHIBIT B that has been TAMPERED by
YOU by Eradicating the CHARGE at the top of the page and the name Clark Gray
on the back of that page. (PLAINTIFF'S EXHIBIT A,a Certified Copy on
11/25/2002 is the Prima-Facie irrefutable fact of TAMPERING.) (2) Is EXHIBIT
B in Case No. CRB0001246 that Plaintiff had to Stand Trial on correlate with
YOU as being a fourth degree misdemeanor as CHARGED by Deputy,Defendant Clark
Gray,(3) What ORC Section permitted Clark Gray to file a charge against
Plaintiff that HE WAS NOT WITNESS TO?? (Ref.ORC Section(s) 2921.12 (A),
2913.42 (A),2921.32 (A),2935.09,2319.04.)

      ANSWER(s):

INTERROGATORY No.7

    From your sworn statement in # 8 and EXHIBIT D and therein EXHIBIT 4
consisting of eight (8) typewritten pages,is irrefutable evidence that
Plaintiff had been on Prescription Medications from 02/03/97 to 06/08/02 that
encompasses the date of Arrest and Incarceration on 10/11/2000,therefore, that
Sworn Statement by Deputy,Defendant Larry Meyer is self-evident to being
FALSIFIED,(2) From DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT,filed on or about
11/25/2002 and therein Page 14,you have also sworn in part as follows,Quoted:

,Plaintiff claims that he advised the Brown County Jail that he "needed his morning prescriptions...",in response to which the Brown County deputies " offered Plaintiff a 2nd phone call to get his medications..."to which Plaintiff used to call his neighbor who brought his medications to the Brown County Jail, is in DIRECT CONTRADICTION of his Sworn Affidavit and therein #8,is FALSIFIED.

From that you are to furnish the following:

1. Copy of the Sheriff's Department phone bill for the date of 10/11/2000 showing the number Plaintiff allegedly called in call #1 and call #2, and:

2. State how the alleged neighbor got Plaintiff's Keys when in fact he was under Arrest and Incarcerated in the Brown County,Ohio Jail,and:

3. State how that alleged neighbor knew where Plaintiff's prescription medications were located so that neighbor knew Exactly which medications were for the "MORNING",and:

4. Who by Name and Authority at the Brown County,Ohio Jail received the alleged "MORNING PRESCRIPTION(s)" from the,yet unknown and alleged neighbor,and:

5. Furnish a listing,by RX number,each Morning Medication(s) and the Name and Authority of the deputy sheriff who was on duty in the early morning hours of 10/11/2000 that placed said medication(s) into the Medical Section of the Brown County,Ohio Jail,and:

6. Who by Name and Authority in the early morning hours of 10/11/2000 at the Brown County,Ohio Jail,was on duty to Dispense said "Early Morning Medications to Plaintiff??

(/8.)

ANSWER(s):




INTERROGATORY No.8

On 10/11/2000 when you in concert with Defendant,Deputy Chris Snider
placed Plaintiff under Arrest,(1) When are you MANDATED to read Miranda v.
Arizona to the person you just placed Under Arrest,and (2) Did you,inside
Plaintiff's home on 10/11/2000 in the early morning hours,read Plaintiff his
rights under Miranda v. Arizona or,(3) Did Defendant,Deputy Chris Snider read
Plaintiff his rights under Miranda v. Arizona,in your presence on 10/11/2000??


ANSWER(s):

INTERROGATORY No. 9

From Page 11 of DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT you state in the last Para.that reads Quoted: In the early morning of October 11,2000, Deputies from the Brown County Sheriff's Department were responding to Plaintiff's 911 call regarding barking dogs.

Furnish,Tape recording of that 911 call you allege that Plaintiff made to 911 and or E-911 on 10/11/2000 and:

1. Why,with particularity,would you also state in your AFFIDAVIT on NOV 6,2002 then say in #3 that you were DISPATCHED to Plaintiff's address when in fact he was the COMPLAINTANT in the three calls he made to Comm.Ctr. on 10/11/2000??

2. Why with particularity would you be DISPATCHED from the NORTHERN part of Brown County when in fact you don't know what Section of the ORC was being violated on 10/11/2000,is that correct or specify what ORC Section was being violated??    (Ref. Chapter 3767 ORC.)

3. Why did it take you from 10/11/2000 to NOV 6,2002 to begin using the word (berating),and:

4. Why,with particularity,have you REFUSED to corroborate the content of EXHIBIT B,the Probable Cause Affidavit by Defendant,Deputy Chris Snider dated 10/11/2000 at 4:51AM??,and:

5. Since you have corroborated the content of your Second (2nd) EXHIBIT B,Who called,in case of emergency,Jon (Not John ) Hapner (Not Hackner) whose listing is in the yellow pages of the LOCAL DIRECTORY under Attorneys as mandated in ORC Section 2935.20,and:

(20.)

6. How much was Plaintiff's BAIL for the <u>MINOR MISDEMEANOR CHARGE</u> by Defendant,Deputy Clark Gray on 10/11/2000,pursuant to ORC Section 2935. 14 and 2935.15??

      ANSWER(s):

  That concludes Plaintiff's Interrogatories and Requests for Production from Deputy,Defendant Larry Meyer. Plaintiff reserves the right to continue,based on the PROMPTNESS and QUALITY of Answers.

      **PLAINTIFF SHALL NOW GO BACK TO DEFENDANT DEPUTY CHRIS SNIDER and his SWORN AFFIDAVIT,<u>dated NOV 15,2002</u>.**

    INTERROGATORY No.20

From your Affidavit in #1,furnish a copy from your Medical Doctor stating

(21.)

the fact that you are in fact **COMPETENT** to testify regarding  all the facts set forth in your Probable Cause Affidavit,SUPP REPORT both dated 10/11/2000 and now this Personal,Sworn Affidavit dated NOV 15,2005.

INTEROGATORY No.21

From your Sworn Affidavit #2 therein furnish all evidences for why you are no longer a deputy sheriff in Brown County,Ohio that is suggestive of:

1. How you illegally Arrested and Incarcerated Plaintiff on a CHARGE written by Defendant,Deputy Clark Gray dated 10/11/2000 at 9:13AM,a Minor Misdemeanor for an alleged Crime inside Plaintiff's home THAT HE WAS NOT WITNESS TO,in violation of U.S.Constitution,Amendment(s) IV,V,VIII,XIV and ORC 2935.09,and:

2. Was it because you not only were unable to Comprehend and Enforce the U.S. and Ohio Constitution(s) or the ORC or unable to conduct your own personal business in your own home when Registration Systems vs. Chris Snider,FORECLOSURE decended upon you,in the amount of $138,732.21,and:

3. EXHIBIT G and therein EXHIBIT 5 depicts you as RETIREMENT with ONLY nine (9) years service in P.E.R.S. or:

4. You are INCOMPETENT to carry a Gun and Badge as a Law Enforcement officer??

ANSWER(s):

ANSWER(s),cont:

INTERROGATORY No.22

From your Sworn Affidavit and therein #3,consideration given that Plaintiff was the COMPLAINTANT in each of the three (3) calls he made to the Comm. Ctr. on 10/11/2000 and further told you in one of the two ILLEGAL calls you made to Plaintiff's home also on 10/11/2000 where the barking dog(s) were located,state with particularity:

1. Why you were DISPATCHED to Plaintiff's home and had Defendant,Deputy Larry Meyer DISPATCHED from the NORTHERN part of Brown County,Ohio for two (2) barking Dog(s),and:

a. Who by name and Authority DISPATCHED both you and Meyer to Plaintiff's home for barking dog(s),and:

b. EXHIBIT D and therein EXHIBIT 2 ,is every reason that you DID NOT need to come to Plaintiff's home,unless of course the INTENT was to illegally Arrest and Incarcerate Plaintiff for the ILLEGAL COMPLAINT FALSIFIED by Deputy, Defendant Clark Gray,a Minor-Misdemeanor,that Plaintiff had to Stand Trial on before Judge Margaret A.Clark,and:

c. Furnish complete ARREST RECORD of Plaintiff that corroborates his having been REPEATEDLY ARRESTED for his misconduct within Brown County,Ohio, inclusive of:

A. Each Trial date and sentencing thereto,and:

B. What if any,Law Suit(s) resulted by Plaintiff as a result of these
   REPEATEDLY ARRESTED his alleged misconduct within Brown County,Ohio??
   (IE. 1:05 now pending in this Federal Court is not necessary to repeat,
    but all others are required.

   ANSWER(s):

INTERROGATORY No.23

   From your Sworn Affidavit in #3,state with particularity Exactly how many
times did you,Patrol the Area,IN THE DARK and a measured One Hundred Eighteen
feet (118') and with any degree of certainty determined,and Quoted: The only
dog barking was in the Reynolds' backyard,however,EXHIBIT D and therein EXHIBIT
2 is that Prima-Facie irrefutable proof of your FALSIFICATION because
Plaintiff's dog was DEAD as of 8/21/2000 because the Commissioners and dog
warden FAILED to enforce ORC 955.01 to 955.99 and both you and Defendant,Deputy
Larry Meyer FAILED to enforce ORC CHAPTER 3767 [t]hus your ADMISSION,how say
you Defendant Chris Snider??

(24.)

ANSWER(s):




INTERROGATORY No.24

From your Sworn Affidavit and therein #4,with particularity state,(1) How many times did you <u>Patrol The Area</u> on 10/11/2000,and (2) What direction did you travel when you patroled the area on 10/11/2000,and (3) Why haven't you furnished Plaintiff with copies of Your Reports for Patroling the Area on 10/11/2000,<u>NOT ON NOV 15,2002 as you now have stated</u>??

ANSWER(s):




INTERROGATORY No.25

From your Sworn Affidavit and therein #5 you have,(1) Failed to show what time you two (2) Defendant(s) arrived at Plaintiff's home,and (2) Failed to note and write what Plaintiff was wearing or what was hanging around his neck when he invited him into his home on 10/11/2000,and (3) Failed,upon arrest of

( 25.)

Plaintiff inside his home on 10/11/2000 to read the content of Plaintiff's CADUCEUS',and (4) Neither of your Reports or SUPP Reports or this Sworn Affidavit of NOV 15,2002 meets the mandated requirements of ORC Section 2935.19,how say you,Defendant Chris Snider??

ANSWER(s):

INTERROGATORY No.26

From your **DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT,EXHIBIT F** and therein Page 11 last para. and Page 12 para.1,wherein you will be required to produce documentation(s) throughout,reads,Quoted:

In the early morning of October 11,2000,Deputies from the Brown County Sheriff's Department were responding to Plaintiff's 911 call regarding barking dogs.

A. Furnish a copy of each 911 call you allege that Plaintiff made on 10/11/2000,and with particularity state why you were not DISPATCHED as you have Sworn in your personal Affidavit dated NOV 15,2002 and therein #3.

After they arrived at his (Page 12) home and investigated Plaintiff's complaints of barking dogs,Deputies Snider and Meyer went to Plaintiff's door.

(26.)

B. Furnish copies if those alleged investigation(s) conducted by each
Deputy Chris Snider and Larry Meyer that shows:

a. What address they conducted their investigation,and (2) Who by Name
did they speak to during their alleged investigation,and (3) Were the
DOG(s) properly licensed as would be reported in each of their Report
of Investigation??  (Ref.EXHIBIT D and therein EXHIBIT 2 that is Prima-
Facie Irrefutable FACT that they were not investigating at Plaintiff's
address.)


ANSWER(s):


INTERROGATORY No.27

From your Page 13,**DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT** you have

written in no.2,Quoted:

> **Plaintiff Was Not Denied Medical Care While a Detainee
> in the Brown County Jail and Therefore Is Not Entitled
> to Relief Herein under 42 U.S.C. Section 1983.**


U.S.C. 42 Section 1983,titled,Civil action for deprivation of rights.,in part

Quoted: Every person who,under color of any statute,ordinance,regulation,custom
or usage,of any State or Territory or the District of Columbia,subjects,
or causes to be subjected,any citizen of the United States or other
persons within the jurisdiction thereof to the deprivation of any
rights,privileges,or immunities secured by the Constitution and laws,
shall be liable to the party injured in an action at law,suit in

equity,or other proper proceeding for redress. etc.etc.,therefore,on the date of 10/11/2000 between the hours of 4:51AM and 10:40AM,Who by Name and Authority dispensed "Morning Medications"to Plaintiff,and by RX Number,what medications were given Plaintiff. (See Page 14,forthcomming.)

Page 13 as written by you,Defendant,Deputy Chris Snider,FAILS to state that "After Booking" on 10/11/2000 and in violation of ORC Section 2305.41 to 2305.49 you then had the Hammersville,Ohio Life Squad transport Plaintiff 2 ALS miles after some unknown person,with you Assessed Accessed Plaintiff's Medical Condition and at the cost of $602.00 (EXHIBIT D and therein EXHIBIT 3 and attachments,and EXHIBIT G and therein EXHIBIT 6 are letters from MEDICARE FRAUD INVESTIGATION UNIT dated NOV 28,2000,JAN 18,2001,FEB 13,2001 that is Prima-Facie Irrefutable FACT that with Malice of Forethought you purposely left those informations out.,therefore,:

1. After you hand-cuffed Plaintiff to the bed in the Emergency room of the Brown County,Ohio General Hospital you failed to leave the area in violation of Doctor/Nurse Privilege,What medications did you see the Nurse and or the Doctor dispence to Plaintiff on 10/11/2000,both your answers to U.S.C.42 1983 are required??

ANSWER(s):

(28.)

INTERROGATORY No.28

From your Page 14 line 2-7,reads,Quoted: <u>Plaintiff alleges that he had</u>
<u>prescription drugs in his home at the time he was arrested</u>. (Plaintiff's
Complaint at p.6.) (Ref. EXHIBIT D and therein Exhibit 2 is that FACT.)

<u>Following his arrest,Plaintiff claims that he advised the Brown County Jail</u>
<u>that he "needed his morning prescriptions...",in response to which the Brown</u>
<u>County deputies "offered Plaintiff a 2nd phone call to get his medications..."</u>
<u>which Plaintiff used to call his neighbor who brought his medications to the</u>
<u>Brown County Jail</u>., [t]hus Defendant,Deputy Chris Snider you must furnish and
or answer the following:

1. Furnish a copy of each of Plaintiff's phone calls <u>FROM</u> the Brown County,
   Ohio Jail for the billing period <u>encompassing the date of 10/11/2000</u>.

2. Why was Plaintiff DENIED BAIL/BOND for the illegal charge of MINOR-
   MISDEMEANOR by Deputy Defendant Clark Gray who was not witness to the
   alleged crime on 10/11/2000,when in fact Plaintiff had $250.00 on his
   person as evidenced on Booking Card??

3. What was the 1st phone call for,FROM the Brown County,Ohio Jail and
   Who by Name placed the call for Plaintiff on 10/11/2000??

4. Who called Plaintiff's Attorney Jon C.Hapner who is listed as the person
   to notify in case of emergency,whose nimber is in the DEC 1999 local
   phone book,yellow pages and therein on <u>Page 21</u> as told to C.O's Rick
   Haney and Geno aPGar and self-evident they were to LAZY to look it up,
   in violation of ORC Section(s) 2935.14 and 2935.20??

ANSWER(s):

INTERROGATORY No.29

From your Sworn Affidavit and therein #6 is a TOTAL FAILURE by Deputy,
Defendants Chris Snider and Larry Meyer to comprenend the content of ORC
Section 2935.19 for Ordinary and Concise Language,HOWEVER,Neither Chris Snider
or Larry Meyer filed a COMPLAINT under (Rule 3)(Rule 4),therefore,as of this
date,FEB 3,2006 Plaintiff has never been CORRECTLY CHARGED,but,Stood Trial
before Judge Margaret A.Clark WITHOUT DUE PROCESS OF LAW and in violation of
U.S.Constitution,Amendment(s) IV,V,XIV Section 1,how say you Defendant(s) Chris
Snider and Larry Meyer??

ANSWER(s):

INTERROFATORY No.30

From your Sworn Affidavit and therein #7,Furnish the documentation that shows YOU LEGALLY placed Plaintiff under arrest for PERSISTENT DISORDERLY CONDUCT on 10/11/2000 and accordingly filed a COMPLAINT under Crim. (Rule 3), Rule 4),furnishing copies of each/all,and remembering the Constitutionality of 2917.11 (A) (2)?? (Ref. OAG 85-054 Pages 2-200 to 2-203 and  STATE v. HOFFMAN,Pages 129 to 134 [Cite as State v.Hoffman (1979),57 Ohio St,2d 129.]

ANSWER(s):

INTERROGATORY No.31

From your Sworn Affidavit of NOV 15,2002 and therein #8 it is self-evident that both Defendant(s) in DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT,and therein EXHIBIT F,Page 14 line 2-7 have been FALSIFIED in their respective #8's when compared,that reads Quoted:

Specifically,Plaintiff alleges that he had prescription drugs in his home at the time he was arrested. (EXHIBIT D and therein EXHIBIT 4 confirms that fact for the date of 10/11/2000,date of Arrest.)

(Plaintiff's Complaint at p.6.) Following his arrest,Plaintiff claims that he advised the Brown County Jail that he"needed his morning prescriptions

...",in response to which the Brown County deputies"offered Plaintiff a 2nd phone call to get his medications..." which Plaintiff used to call his neighbor who brought his medications to the Brown County Jail.

***** Defendant,Deputy Chris Snider's #8 reads,Quoted:

At no time while he was yelling or swearing did William Reynolds mention any medications that he was taking,nor request that any medications be taken from his home to the jail.

A. The quoted #8 by Defendant,Deputy Chris Snider is in DIRECT CONTRADICTION with what his own EXHIBIT F,Page 14 line 2-7 reads and quoted in Interrogatory No.31,therefore,One or the other is FALSIFIED and or BOTH are FALSIFIED,and when Plaintiff points out to the Jury the falsifications,they will find him guilty of PERJURY.

***** Defendant,Deputy Larry Meyer's #8 reads Quoted:

At no time prior to leaving his residence did William Reynolds mention any medications that he was taking,nor request that any medications be taken from the home to the jail,as the policy of the Brown County Sheriff's Department is that such medications would be taken from the home along with the individual upon his arrest.

A. The quoted #8 by Defendant,Deputy Larry Meyer is in DIRECT CONTRADICTION of his own EXHIBIT F,Page 14 line 2-7 as quoted just above.

B. Further,Plaintiff was UNDER ARREST,therefore,and under OAG 85-054 Page 2-200 to 2-203 are applicable as is 57 Ohio St.2d STATE v. HOFFMAN  [Cite as State v. Hoffman (1979),57 Ohio St.2d 129.],consisting of pages 129 to 134, the COUNTY SHERIFF is responsible for medications and hospitalizations, therefore,Larry Meyer's #8 is FALSIFIED,and when Plaintiff points that out to the Jury,they will find him guilty of PERJURY.

INTERROGATORY No.32

From  your Sworn Affidavit and therein #9 brings up multiable questions as follows:

1.1st sentence  is your ADMISSION that you are in violation of ORC Section(s 2305.41 to 2305.49.

2. 2nd sentence is FALSIFIED as Plaintiff was charged with a MINOR-MISDEMEANOR. (See EXHIBIT B and B-1.

3. 1st EXHIBIT B is FALSIFIED because the only ILLEGAL question Defendant, Chris Snider ask Plaintiff without his COUNSEL being present was: "Do you wear hearing aids" as can be heard on the Micro-Tape Recording,enroute to Georgetown,Ohio,and,therefore,due to Deputy Chris Sniders PERSONAL IGNORANCE he FAILED to note the only possible variable in his,DATA BANK,on Plaintiff was his weight which he FALSIFIED and failed to get Plaintiff's phone number correct or his fellow officers names correct,and FALSIFIED WITNESS No.2.

***** Defendant(s) Michelle Hudepohol and Clark Gray are forthcomming.******


That concludes Plaintiff's  Self-Styled Interrogatories/Request for Production. Based on Prompt answers Plaintiff reserves the right to continue his questioning.

_____
Col.William D.Reynolds,Plaintiff Pro Se.

### CERTIFICATION

Plaintiff's 33 page Interrogatories/Requests for Productions were handed to counsel Vincent immediately after his Deposition of Plaintiff on MON.2/6/06.