does Plaintiff refer to Defendant,Deputy Chris Snider as Defendant,
Deputy Chris <u>Snyder</u> (S-n-y-d-e-r) as Transcribed from <u>STENOTPY</u>,Page
3 line 4 of Deposition by Ms.Shoemaker. (<u>STENOTYPE</u>,is the correct
word.)

2. Nowhere in any of Plaintiff's filings into this Feferal Court,did he
refer to Defendant,Deputy Chris Snider as S-n-y-d-e-r as inferred by
Ms.Shoemaker in Deposition PAGE 73 line 1-4.

3. Counsel Vincent is responsible for everything filed with this Federal
Court,however,he FAILED to Read,and if he did Read,FAILED to comprehend
the Gravity for the FACT,for WHO,by NAME,were the Defendant(s). See
PAGE 2 of Deposition,that Was Not Spelled Out,[t]hus,facilitating,
Interpitation of FACTS,rather than PRESENTING FACTS to the Court.

   a. Deposition,PAGE 74 line 11-12 reads,Quoted: <u>I can't get a police</u>
   <u>report that he went there.</u> As stated in EACH of the three (3) calls
   made by Plaintiff on 10/11/2000,counsel Vincent/Landes have DENIED
   Plaintiff,<u>DISCOVERY</u>,for a Police report that Defendant(s) Deputies
   Chris Snider and or Larry Meyer EVER went to the ADDRESS,Plaintiff
   as COMPLAINTANT.stated in EACH CALL on 10/11/2000.

   b. In EACH of Defendant(s) Deputies Chris Snider and Larry Meyer's
   SWORN AFFIDAVITS,<u>DEFENDANT'S EXHIBIT 1 and 2</u>,PLAINTIFF'S EXHIBIT F,
   and therein #3 IN BOTH reads,Quoted: <u>On or about OCTOBER 11,2000,at</u>
   <u>approximately 4:30a.m.,I was dispatched to 7013 State Route 221,</u>
   <u>Georgetown,Ohio for complaints of barking dogs. This address is</u>
   <u>known to me as the residence of William Reynolds,an individual who</u>
   <u>has been repeatedly arrested for his misconduct within Brown County,</u>
   <u>Ohio. Prior to approaching the residence,I patroled the area and</u>
   <u>found only one barking dog,that being the dog in the Reynolds'</u>

backyard. (Defendant,Deputy Chris Snider's FALSIFICATION lays in FACT Plaintiff's dog WAS DEAD,on 8/21/2000,Evidenced of FACT in PLAINTIFF'S EXHIBIT D and therein EXHIBIT 2.,52 days BEFORE 10/11/2000.,and Defendant,Deputy Larry Meyer's is only slightly different and reads,Quoted:

On or about October 11,2000,at approximately 4:30a.m.,I was dispatched to 7013 State Route 221, Georgetown,Ohio for complaints of barking dogs. Upon my arrival,I saw that Deputy Chris Snider was already present and standing near his patrol car. The address was known to me as the residence of William Reynolds,an individual who has been repeatedly arrested for his misconduct within Brown County,Ohio.

To the date of this filing,counsel Vincent/Landes have FAILED to furnish DISCOVERY to Plaintiff that meets the criteria of REPEATECLY ARRESTED, by DEFINITION.

1. Why would two (2) officers need to be DISPATCHED at approx.4:30 AM since the COMPLAINTS began at 12:20AM,1:25AM,and 4:22AM with specified ADDRESS??

2. Why didn't Defendant,Deputy Larry Meyer and Chris Snider respond to any of the three (3) calls by Plaintiff AT THE ADDRESS stated in EACH Tape Recording.(See PLAINTIFF'S EXHIBIT D and therein EXHIBIT(s) 2 and 8??

3. Why has counsel Vincent/Landes DENIED Plaintiff the PHYSICAL/ MENTAL attributes of Defendant(s) Michelle Hudepohol,Chris Snider and Larry Meyer to serve in Law Enforcement??

PAGE 75,is Correct as Written,altho Plaintiff is puzzled  at line 9 and what counsel Vincent meant about: We'll talk about 1998 another time.

( 35.)

The balance of PAGE 74 can be heard on the tape recordings Plaintiff made on 10/11/2000 that counsel Vincent ORIGINALLY PROMISED the Court would be picked up by Courier that he has FAILED to do,then he PROMISED the Court that someone from his OFFICE would pick them up,which he has also FAILED to do.

From Plaintiff's perspective it is self-evident that counsel Vincent/ Mark Landes are doing their utmost to keep Plaintiff's Tape Recordings OUT OF EVIDENCE,therefore,:

****** Plaintiff MOTIONS the COURT,to Enter into Evidence his Tape Recordings for the dates of: 1/31/2000 at 21:17 hours,2/10/2000 at 20:34 hours, 10/11/2000 three (3) calls at 12:20 hours,1:25 hours,4:22hours and Defendant,Deputy Chris Snider's two (2) calls to Plaintiff at 2:30 hours and 4:31 hours on 10/11/2000.******

PAGE 76,is Correct as Written and depicts the Ineptness of Defendant,Deputy Larry Meyer. PLAINTIFF'S EXHIBIT(s) D and therein EXHIBIT(s) 2 depicts the Ineptness of Dog Warden and Chris Snider,3 depicts the Ineptness of Chris Snider as Plaintiff was under arrest,4 depicts the Ineptness of both Chris Snider and Larry Meyer on 10/11/2000,5 depicts the Ineptness of Sheriff Crawford,therefore,ALL deputy sheriffs including Defendant(s), Deputies Chris Snider and Larry Meyer,6 in combination with 7 depicts the FALSIFICATION by Defendant(s) Chris Snider and Larry Meyer BECAUSE THERE WERE NOT ANY 911/E-911 CALLS MADE BY PLAINTIFF,as alleged in PLAINTIFF'S EXHIBIT F and therein Page 11 last paragraph,WERE RESPONDING to Plaintiff's 911 call regarding barking dogs,etc.,Does Not correlate with SWORN AFFIDAVITS by Defendant(s) Chris Snider,Larry Meyer's respectively DEFENDANT'S EXHIBIT 1,2 and therein #3 where they NOW

ALLEGE THEY WERE "<u>DISPATCHED</u>",8 depicts Unlicensed Dog(s) on 10/11/2000 at 7021 St.Rt.221,that both Chris Snider and Larry Meyer FAILED to respond to,with Plaintiff having made three (3) calls to the Comm. Center that date.,Account no. 1890 depicts Vicious Dangerous Dogs Unlicensed without $50,000.00 Liability Insurance or requirements of ORC Section 955.22.,Report of Investigation 14-00-1483 depicts the Ineptness of Deputy Shaw and reading STATEMENT OF: further depicts the Ineptness of Deputy Shaw and the last sentence shows that the 1/31/2000 call by Mike Flaugher was FALSIFIED.,Account no.333 another Vicious Dangerous dog.,Account no.9168 depicts more Vicious Dangerous dogs, Account no.9206 depicts 4 Male,3 Female Pit-Bull dogs,Vicious Dangerous in violation of ORC Section 955.22.,Account no.3941 depicts more Vicious Dangerous dogs in violation of ORC Section 955.22.,Account no.985 depicts more Vicious Dangerous dogs in violation of ORC Section 955.22., Account no.3941 depicts more Vicious Dangerous dogs in violation of ORC Section 955.22.

PLAINTIFF'S EXHIBIT E and therein EXHIBIT A depicts the COMPREHENSION LEVEL of Sheriff Windell Crawford and his COMMAND of the ENGLISH LANGUAGE,Report of Investigation  no. 14-00-2459 PLAINTIFF'S EXHIBIT B and the Investigative  Action depicts the Intellect Level of Sheriff Crawford's Lt.Frank Lambros who determined:"<u>ADVISED BLLKL-BARKING AT 9:00PM IS NOT AN OFFENCE</u>",etc.,it being self-evident that Lt.Lambros NEVER read ORC CHAPTER 3767,and if he did HE FAILED TO COMPREHEND WHAT IT MEANT,and Worse Yet,FAILED to talk with Prosecution Attorney Tom Grennen.,Lt.Lambros turned it over to Grennen,WHO NEVER DID ANYTHING.

PAGE 77,is Correct as Written and depicts that the Sheriff Crawford and ALL of his Deputies KNOW VERY LITTLE ABOUT THE LAW,and NOTHING about ORC Section 2917.11 (A) OR CHAPTER 3767,ORC.

(37.)

PAGE 78,is Correct as Written,and it is self-evident that counsel Vincent is

so YOUNG that he Does Not Comprehend that the Brown County,Ohio Sheriff

Windell Crawford and ALL Deputies are: (1) Ignorant of the LAW,when a

Complaintant,such as Plaintiff,tells the Comm.Center/Road Deputies  what

ORC Section Numbers are being violated [t]hus bringing out the ARROGANCE

of Defendant(s) Deputies Chris Snider,Larry Meyer,Clark Gray.,(2) Counsel

Vincent is WRONG PAGE 78 line 11,12,13,because,it was Defendant,Deputy

Chris Snider,at 1:30AM 10/11/2000 that called Plaintiff a COCK-SUCKER

and a MOTHER-FUCKER,much to the delight of his wife Andrea Snider,

Dispatcher Comm.Center that date,who giggled like a school girl.(3) The

Evidence that none of the three (3) Defendant(s) Snider,Meyer,Gray is

their IN CONCERT FAILURE,respectively,File a P.C.A. or SUPP.Report that

meets the critera of ORC Section 2935.19 while they were FUCKING OFF

INSIDE IHE COMM.CENTER ON 10/11/2000 and Clark Gray NEVER READ ORC Section

2935.09 when he filed COMPLAINT of a MINOR-MISDEMEANOR and the three (3)

of the Defendant(s) EACH FAILED to file JURAT under Crim.R.3,yet

Plaintiff had to Stand Trial,Judge Clark FAILED to follow RULE 29 to the

Letter of The Law.


PAGE 79,is Correct as Written,and line 5-8 is where Defendant(s) Deputies Chris

Snider and Larry Meyer begin their FALSIFICATIONS starting with P.C.A.

and SUPP.Reports all on 10/11/2000 wherein: (1) Chris Snider FAILS to

show in P.C.A. that Plaintiff told him to GET THE FUCK OUT OF  HIS HOUSE,

yet Defendant,Deputy Larry Meyer states that Alleged Fact in SUPP Report,

10-11-00 Para 2 line 11 that is Also Alleged to be D.O.C.,when in FACT

the ONLY ILLEGAL CHARGE by Defendant,Deputy Clark Gray was MINOR-

MISDEMEANOR that Plaintiff had to STAND TRIAL FOR,and wasn't ACQUITTED

(38.)

under Crim.R. 29 (A),that in part reads,Quoted: <u>The court on motion of a</u>
<u>defendant or on its own motion,after the evidence on either side is</u>
<u>closed,shall order the entry of a judgement of acquital of one or more</u>
<u>offenses charged in the indictment,information,or complaint if the</u>
<u>evidence is insufficient to sustain a conviction of such offense or</u>
<u>offenses</u>. etc.

Placed,IN MEMORANDUM,is <u>PLAINTIFF'S EXHIBIT X-9</u>,JOURNAL ENTRY 810064
by Judge Margaret A.Clark that is self-evident of her FAILURE to file
her ENTRY pursuant to Crim.R.29 (A),with PLAINTIFF'S EXHIBIT X-10 that
is self-explanatory,<u>for her personal conduct</u>,ON THE BENCH.

Lastly,Defendant,Deputy Chris Snider's P.C.A. and SUPP. Report,both,
on 10/11/2000,<u>FAIL to State</u>,that Plaintiff told him to GET THE FUCK OUT
OF HIS HOUSE,but,he does say on 10-11-2000,Quoted: <u>I/O ReSPonDeD To a</u>
<u>Call at William Reynolds ReS</u>.,Etc.,and on NOV 15,2002 and Larry Meyer on
NOV 6,2002,and BOTH therein #3 have SWORN they were <u>DISPATCHED</u> to
Plaintiff's residence for <u>BARKING DOG(s)</u>,(PLURAL),but,FAIL to say WHO
BY NAME AND AUTHORITY,was the person that <u>DISPATCHED THEM AT THE SAME</u>
<u>TIME</u>,when IN FACT,<u>SNIDER WAS TOLD IT WAS NEXT DOOR</u> that can be confirmed
by listening to EACH of the three (3) calls Plaintiff made on 10/11/2000
to the Comm.Center.

PAGE 80,is Correct as Written,however,it was Defendant,Deputy Chris Snider at
4:30AM,10/11/2000 that called Plaintiff,and <u>herein PAGE 33 Para. 2 is</u>
Verbatum as if ReWritten hereon. Line 2-4 is TRUE,line 8-9 ARE TRUE,they
<u>WERN'T DOING ANYTHING</u> and that <u>IS INCLUSIVE</u> for their,<u>IN CONCERT FAILURE</u>,
to file their own paperwork correctly under ORC Section 2935.19 that

attests to the INABILITY of Sheriff Crawford to have TAUGHT these three (3) Defendants,Deputies Snider,Meyer,Gray,MUCH IF ANYTHING ABOUT THE LAW.

These same Defendant(s),Deputies Snider,Meyer,Gray appear to have never read ORC Section 2935.09 and if they did read it they FAILED to Comprehend the FACT that Deputy Clark Gray WAS NOT WITNESS TO ANY ALLEGED DISORDERLY CONDUCT and or any PERSISTANT DISORDERLY CONDUCT inside Plaintiff's home on 10/11/2000,Simply Because,He Was Not Present, therefore,HIS COMPLAINT,PLAINTIFF'S EXHIBIT B,is INVALID,as follows:

1. The COMPLAINT,as written by Defendant Clark Gray,is for a MINOR-MISDEMEANOR:

2. Defendant(s) Snider,Meyer,Gray FAILED to Write and File a JURAT, under Crim.R.3,and Judge Margaret A.Clark FAILED TO NOTE THIS INEPTNESS by three (3) Deputy Sheriff's at Trial or she Covered Up for them.

3. Criminal Law Handbook (Plaintiff's copy) and therein Page A-3 MISDEMEANORS (M)  2929.21 and therein is described CONFINEMENT for Minor Misdemeanor, NONE,Maximum fine $100,however,Defendant(s),Deputy Chris Snider in concert with Larry Meyer,(A) FAILED to read Col.Reynolds Miranda v.Arizona,(B) FAILED to note Col.Reynolds' CADUCEUS,(C) FAILED to take Col.Reynolds to Medical Practicioner in violation of ORC Section 2305.43-2305.49,PRIOR,to ILLEGAL BOOKING for Minor Misdemeanor,(D) DENIED Col.Reynolds his Prescription Medications in violation of OAG 85-054 Page 2-200-2-203. Page 2-202 reads,Quoted: A prisoner has a constitutional right to receive medical treatment. The United States Supreme Court has held that a governmental body's deliberate indifference to the serious medical needs of its prisoners violates the eighth amendment to the United States Constitution which proscribes cruel and unusual punishment.

(40.)

Case Law therein is applicable.,(E) After Booking Col.Reynolds into the Brown County,Ohio Jail,Col.Reynolds was taken to the Brown County, Ohio General hospital. Col.Reynolds was in Hand-Cuffs and Leg Irons at the hand of Defendant,Deputy Chris Snider and upon arrival at the hospital Deputy Chris Snider Hand-Cuffed Col.Reynolds to the Bed Rail, but,never left the area of the emergency room where Col.Reynolds was, therefore,Deputy Snider SHALL TESTIFY,for what Prescription Medications were given on 10/11/2000. PLAINTIFF'S EXHIBIT G and therein EXHIBIT 6, dated NOV 28,2000 is self-explanatory and JAN 18,2001--The Brown County, Ohio General Hospital writes,in part para.1,Quoted: You indicated that you received the service. However,the bill should have been paid by Brown County Detention Center. Etc.

Para.2,in part,reads,Quoted: According to the information we received from the hospital,they have no records for you this date. Etc. That by and of itself is self-evident that Plaintiff DID NOT receive his Prescription Medications on 10/11/2000.,Ref.PLAINTIFF'S EXHIBIT D and therein EXHIBIT(s) 3 billing to BILL D.REYNOLDS and 4 Prescription Medication(s) prescribed by Dr.Michael McHenry commencing 08/06/97 to date of arrest on 10/11/2000,and continuing through to 06/08/2002.

4. Defendant(s),Deputies Chris Snider,Larry Meyer,Clark Gray in concert on 10/11/2000 DENIED Col.Reynolds (1) Rights of person arrested, 2935.14,(2) Right to BAIL,2935.15,(3) Right to counsel,2935.20 all of which are Part of The Record at TRIAL,Case no. CRB0001246 as JOURNAL ENTRY 790853,Brown Counrt,Ohio Court wherein Col.Reynolds was DENIED Trial By Jury as written by Judge Margaret A.Clark,filed with this Court and counsel Vincent/Landes as PLAINTIFF'S EXHIBIT 1-A,dated FEB 14,2001, and now entered IN MEMORANDUM is PLAINTIFF'S EXHIBIT X-10, ENTRY AMENDING COMPLAINT 80?683 as some ABSURD NOTION by Judge Clark,in

(41.)

violation to the U.S.Supreme Court's ruling in [57 Ohio St.2d 129] STATE v.HOFFMAN [Cite as State v.Hoffman (1979),57 Ohio St.2d 129.], Criminal law-- Offensive Utterances--R.C.2917.11 (A)(2)--Punishable, when--<u>Constitutionality of Statute.</u>,therein Page 131 reads Quoted: <u>"(5) Creating a condition which is physically offensive to persons or which presents risk of physical harm to persons or property,by any act which has no lawful and reasonable purpose of the offender."</u>

<u>The United States Supreme Court has stated that no matter how rude, abusive,offensive,derisive,vulgar,insulting,crude,profane,or approbrious spoken words may seem to be in their utterance may not be made a crime unless they are "fighting words" as defined in that tribunal.</u> Defendant,Deputy Chris Snider,"<u>is held to a higher standard as a deputy sheriff</u>,therefore,PAGE 33 herein is applicable as if ReWritten hereon,being self-evident of his personal violation toward Plaintiff on 10/11/2000 in his 1st ILLEGAL call to Plaintiff's home at 4:30AM and recorded on Tape Recording,and again at 4:31AM.

PAGE 81,is NOT Correct as Written,line 21 is WRONG,by Ms.Shoemaker and counsel Vincent FAILED to have her correct it.

Line 5 and the usage of BERATING reflects back to PLAINTIFF'S EXHIBIT F and therein Page 12 1st para.line 2 reads,Quoted: <u>After being invited inside,Plaintiff began berating,yelling,and swearing at Deputies Snider and Meyer,</u>under signature of counsel Vincent/Landes and filed with the Court on 11/25/2002,see Docket File.

A. Nowhere in Defendant Deputy Chris Snider's P.C.A. of 10/11/2000, SUPP.Report 10/11/2000,Report of Investigation 14-00-3083,TRIAL of Plaintiff APR 19,2001 PLAINTIFF'S EXHIBIT X-9 placed IN MEMORANDUM herein,does he use the word <u>BERATING</u>.

(42.)

B. Nowhere in Defendant,Deputy Larry Meyer's SUPP Report of
10/11/2000 does he use the word BERATING nor in his Sworn Affidavit of
NOV 6,2002,however,it is to be NOTED by the Court that Defendant,Deputy
Larry Meyer did in FACT,Swear Exhibit A was a true and accurate copy of
Report of Investigation,but,DiD Not use the word BERATING,and:

Swore Exhibit B,and state that it is a true and Brown County
Sheriff's Department/Booking Card that resulted in the arrest and
detention of William Reynolds on October 11,2000 prior to his
arraingment.,HOWEVER,:

This Court and counsel Vincent/Landes are to NOTE: (1) Defendant,
Deputy Larry Meyer FAILED as LATE AS NOV 6,2002 that the CHARGE was a
MINOR-MISDEMEANOR,(2) REFUSED to Swear Exhibit B was a true and accurate
copy of PROBABLE CAUSE AFFIDAVIT on 10/11/2000,because,IT IMPLICATES HIM
AS FUCKING OFF IN THE COMMUNICATIONS CENTER WITH Defendant,Deputy Chris
Snider,that has been TAMPERED,BY ERADICATION,portions of said P.C.A.,
by person/persons unknown to Plaintiff as of this file-stamp date.

PAGE 82,is Correct as Written,and it PROVES the INEPTNESS  of two (2) Alleged
to be Qualified Deputy Sheriff's who NEVER read ORC Section 2305.43 to
2305.49 and if in FACT they did read it,they Did Not Comprehend their
responsibilities. Further,neither Defendant,Deputies Chris Snider and
or Larry Meyer read Col.Reynolds Miranda v.Arizona or know what a
CADUCEUS is,or what it is for. Shows counsel Vincent was never,military.

PAGE 83,is Not Correct as Written. Line 7 3rd word is WRONG. Backtracking to PAGE
82 line 24 reads,Quoted: A. No,hanging out. See,when you're in (PAGE 83)
bed,it always comes out.

Line 23-24 reads,Quoted: They were hanging right there. They're

(43.)

<u>investigating</u>. Both Defendant(s) Deputies Chris Snider in SWORN AFFIDAVITS,respectively Snider,DEFENDANT'S EXHIBIT 1 and Meyer in DEFENDANT'S EXHIBIT 2 EACH Allege in #3,Quoted: <u>On or about October 11, 2000,at approximately 4:30 a.m. I was dispatched to 7013 State Route 221 for complaints of barking dogs.</u>

1. Who by name and authority,DISPATCHED,two (2) Deputy Sheriff's for barking dogs,and furnish copy of that Tape Recording on 10/11/2000 at approximately 4:30AM. (Ref.PLAINTIFF'S EXHIBIT D and therein <u>EXHIBIT 5</u>.)

2. What was the address Plaintiff stated in each of his three (3) calls at 12:20AM,1:25AM and 4:22AM for the barking dogs?? (Ref. PLAINTIFF'S EXHIBIT D and therein EXHIBIT 2 for Plaintiff's dog that had been <u>DEAD</u> for fifty two (52) days BEFORE Defendants Deputies Snider and Meyer were DISPATCHED for barking dogs,NOTE THE PLURAL--DOG(s).

PAGE 84,is Correct as Written. However.line 6-8 is counsel Vincent's Convoluted Distortion of FACTS:

1. Plaintiff was UNDER ARREST,therefore,the MEDICATION REQUIREMENT was upon Defendants,Deputies Chris Snider and Larry Meyer. Plaintiff's CADUCEUS was hanging in plain sight in front of them,and they both were to ignorant to ask what it was,[t]hus,their INEPTNESS is Confirmed.

2. PLAINTIFF'S EXHIBIT D and therein EXHIBIT 4 shows Dr.McHenry's medication requirements commencing 08/06/97 to 10/11/2000 and continuing to <u>06/08/2002</u>.

3. Line 18-20 Q. By counsel Vincent is VOID of RATIONALITY as seen in Answer line 21-24,Quoted: No,no. <u>I had a fresh prescription in my field jacket and I pulled it out as we were getting ready to leave and I laid</u>

(44.)

it on the coffee table and all the other medications were sitting there.

PAGE 85, is Correct as Written. Line 2-4 reads, Quoted: A. And they picked that bag up and looked at it, laid it back down and then they said I never told them that I had -- I needed any medications.

Line 12, reads, Quoted: A. I didn't have to. they were visible.

Line 16-18 reads, Quoted: A. These speak for everything. These two medical alerts say, hey, take a look at me, I'm a sick guy.

1. Counsel Vincent/Landes have FAILED to furnish Finger-Print Cards for Defendants, Deputy Chris Snider and Larry Meyer to confirm that they had handled RX  6073717 dated 10/10/00, therefore, knew the need for Plaintiff's medications.

2. Why would Defendant, Deputy Chris Snider take Plaintiff to the hospital at the cost of ALS EMERGENCY TRANSPORT $590.00 10/11/2000 and 2.0 ALS MILEAGE $12.00                    $602.00 10/11/2000 if there wasn't something wrong. See PLAINTIFF'S EXHIBIT D and therein EXHIBIT 3 and attached thereto BILLING TO PLAINTIFF in the amount of $63.54, when IN FACT he was UNDER ARREST.

PAGE 86, is NOT Correct as Written, line 5 is WRONG. Line 1-3 depicts the INEPTNESS of Defendants, Deputy Chris Snider and Larry Meyer TO CONDUCT AN INVESTIGATION.

PAGE 87, is NOT Correct as Written. Line(s) 6 1st word is WRONG, 15 1st word is WRONG. Line 4 reads, Quoted: A. Transfered to the jail. En route I told it them I had to have my medications., that is very questionable by Ms. Shoemaker.

(45.)

Q. Who did you tell?  Snyder (Snider). <u>My blood pressure was up,I need to go to the hospital</u>. (Ref.ORC Section 2305.(A)(B)(E) that Defendant,Deputy Chris Snider FAILED to do.)

Line 19,in part reads Quoted: <u>There wasn't anyone at the sheriff's office with a lick of intelligence that could assess or access any medical</u>. (This will be established at Trial for what Defendant,Deputy Chris Snider said and meant on his Micro-Recorder,10/11/2000, upon arrival at the Brown County,Ohio Jail,and the CHARGE/ COMPLAINT/JURAT that he wrote,if the Court allows all the recordings into evidence.)

Lastly,<u>by definition</u>,Defendant Chris Snider SHALL state what he meant for his usage of the word(s) ASSESS,ACCESS medical,Who by name and authority/medical knowledge,Assess/Accssed Col.Reynolds' medical condition,and subsequently sent him to the hospital on 10/11/2000.

PAGE 88,is Correct as Written. Line 20-21 again establishes the INEPTNESS of Defendants,Deputies Chris Snider in concert with Larry Meyer.

PAGE 89,is Correct as Written.  Line 6-7 reads,Quoted: A. <u>Right</u>. <u>Because he knew about my back problems</u>.  (In Tape,Recording,10.11/2000 when Defendant, Deputy Chris Snider ILLEGALLY called Col.Reynolds at 4:30AM,having been told not to call down here at 12:20AM,Deputy Snider KNEW that Col. Reynolds had a <u>Beagle Dog and IMPOUNDED SAME</u> on 5/25/2000 (<u>Thursday</u>), the dog had to remain impounded for three (3) days,therefore,Col. Reynolds couldn't  adopt this stray dog until <u>MAY 30,2000</u>,however,it is to be NOTED by the Court and counsel Vincent/Landes that Defendant,Deputy

(46.)

Chris Snider,FAILED,to Impound any of the other Unlicensed Dogs,
Illegal Confinement of Vicious/Dangerous Dogs,or Liability Insurance,
under ORC 955.22 (A)(B)(C)(D) (1)(2)(a)(b)(c)(E). PLAINTIFF'S EXHIBIT
X-11 entered IN MEMORANDUM that goes to the character of Defendant,
Deputy Chris Snider and the character of the entire Brown County,Ohio
Sheriff's Department. (PLAINTIFF'S EXHIBIT D and therein EXHIBIT 8 with
attachments,describes the TRUE CHARACTERS,and SECLECTIVE LAW ENFORCEMENT
IN BROWN COUNTY,OHIO.

Plaintiff Answer,line 10-15 reads,Quoted: A. I don't recall if I did
or not. He handcuffed me in the front. That's in violation of a rotary
code of ethics of the jail that everybody will be cuffed in the rear.

Q. Would you have prefered that he --

A. That's the policy.


AGE 90,is NOT Correct as Written. Line 1 is WRONG, line 5 is WRONG,line 7 is
WRONG.   Line 5-13 reads,Quoted: I received from John Hapner,(Jon Hapner)
who was my counsel at that time,I received a tape recording,this micro-
tape recorder (WRONG,recording) that Snyder (WRONG,Snider) had that was
so jumbled up that you couldn't make heads or tails of what was being
said except for one small portion,and I played that for you but you were
in such a hurry to leave when we were there on the 18th (1/18/2006) you
didn't hear it all. Anyway,that's when he said something about accessing
or accessing your medical -- PAGE 46 herein and under line 19 and the
two (2) paragraphs below,are applicable as if fully ReWritten hereon.

(47.)

PAGE 91,is Correct as Written,however it is self-evident to Plaintiff that

counsel Vincent IS NOT familiar with ORC Section 2935.15 titled: <u>Amount</u>

<u>and disposition of bail</u>,2935.26 titled: <u>Issuance of citation for minor</u>

<u>misdemeanor</u>,2935.14 titled: <u>Rights of person arrested</u>,2935.20 titled:

<u>Right to counsel</u>,2935.19 titled: <u>Form of affidavit</u>.

    Further,and as can be heard on micro-tape recording by Defendant,

Deputy Chris Snider on 10/11/2000,<u>Col.Reynolds told Snider that he wanted</u>

<u>to go to the hospital for his Blood Pressure,and wanted to talk to his</u>

<u>lawyer</u>. Deputy Chris Snider's ARROGANCE/IGNORANCE/INEPTNESS prevailed,as

he began questioning Col.Reynolds about his <u>Medical Needs</u> for Hearing

Aids,<u>WITHOUT HIS ATTORNEY BEING PRESENT</u>.

    Line 5-24 describes how little counsel Vincent knows about the law,

and the 1st para. above,proves it,and reads,Quoted:

A. <u>Because I don't trust them</u>. <u>Period</u>.

Q. How come?

A. <u>Anyway</u>.

Q. <u>One second</u>. <u>Why don't you trust them</u>?

A. <u>Because they won't enforce the law,so why should I trust them</u>.

Q. <u>All right</u>.

A. <u>I knew I HAD $200 in my pocket plus some other bills</u>. <u>So when you look</u>

    <u>at the booking record,I had $250 in my pocket and I couldn't get out</u>

    <u>on bail,nor would they call my attorney</u>.

Q. <u>Wait a minute</u>. <u>You hadn't been arraigned yet;right</u>?

A. <u>That's correct</u>.

Q. <u>What does bail have to do with anything</u>? (Counsel Vincent <u>FAILS</u> to

    Comprehend,as <u>LATE AS FEB 6,2006</u>,that the <u>ONLY CHARGE on 10/11/2000</u>

    was a MINOR-MISDEMEANOR,filed ILLEGALLY by Defendant,Deputy Clark

Gray,in violation of ORC Section 2935.09,because He Was Not Witness to any alleged crime at 7013 St.Rt.221,(Plaintiff's home) on 10/11/2000, therefore, his COMPLAINT is FALSIFIED,Plaintiff had to Stand Trial for his CHARGE of MINOR-MISDEMEANOR. Lastly,None of the Defendants Wrote or Filed JURAT under Crim.R.3.

A. I wanted out on bail.

Q. Before you were arraigned?  (Counsel Vincent/Landes are still of the:

(1) ABSURD NOTION,that a Minor Misdemeanor is an INCARCERATION CHARGE,

(2) Both counsel Vincent/Landes FAILED to read and COMPREHEND that the FALSIFIED CHARGE by Defendant,Deputy Clark Gray,WAS,AFTER THE FACT OF FALSE ARREST and ILLEGAL INCARCERATION,Adjudicated a MINOR-MISDEMEANOR,APR 19,2001,JOURNAL ENTRY 810064 by Judge Margaret A.Clark,Who personally FAILED to Comprehend the content of Crim.R.29 and write her Journal Entry,accordingly, as evidenced in PLAINTIFF'S EXHIBIT X-9,filed herein IN MEMORANDUM.

A. Why not? Sit up there in that stinking jail.


PAGE 92,is Correct as Written. Line 20-24 reads Quoted:  A. Well,I told them I needed my morning medications.

Q. All right. This is while you were at the jail before you were taken to the hospital;right?

A. Uh-huh. Correct.

It is self-evident to Plaintiff that counsel,Vincent/Landes FAILED to read ORC 2305.41-2305.49 and if they did read it they FAILED to

(49.)

COMPREHEND the content of ORC Section 2305.43 (A)-(E) titled: <u>Law</u>
<u>enforcement officer's duty to disabled person.</u>

PAGE 93,is NOT Correct as Written.  Counsel Vincent/Landes' CONVOLUTED,
MISCONSTRUED,DISTORTION of FACTS is MALFEASENCE and evidenced as such,
commencing on line 1-3 and Answer on line 4 reads,Quoted:

Q. <u>Now,you say in your complaint that while you were at the jail,</u>
<u>the deputies offered to have a neighbor go to your house and get your</u>
<u>medication.</u>

1. Plaintiff was Under Arrest,therefore,the Sheriff/Sheriff's
Department was RESPONSIBLE to provide Plaintiff with Prescription
Medication(s) under <u>OAG 85-054,Page 2-200 OPINION NO. 85-054,SYLLABUS:,</u>
Page 2-201 1985 OPINIONS,Page 2-202 describes violation of U.S.
Constitution,Amendment XIII,in Para.2.

A. <u>I don't say that.</u>

Q. <u>Well,let me just read something to you. Page 6 of your complaint</u>
<u>under Count 6 you say: Plaintiff was permitted a phone call under ORC</u>
<u>Section 2935.14. Plaintiff told these two officers he needed his morning</u>
<u>prescription medication.  They then offered the Plaintiff a second phone</u>
<u>call to get his medications.</u> (MS.Shoemaker <u>CHANGES</u> Plaintiff's <u>COUNT SIX</u>
at this point,[t]hus Plaintiff's <u>MEANING.</u>)

However,both officers were willing to
sacrifice plaintiff's  security while confined and the security of his
home and property by giving his keys to his neighbor friend so he could
pick up plaintiff's medications and bring them to the jail,in violation

(50.)

<u>of the security plaintiff would expect from law officers</u>. Is that what what happened?

1. Why didn't the Jail call Plaintiff's wife to bring his medications on 10/11/2000?

2. Both Defendants,Deputies Chris Snider SWEAR in their respective Affidavits,PLAINTIFF'S EXHIBIT F and therein <u>DEFENDANT'S EXHIBIT 1</u>, Chris Snider and DEFENDANT'S EXHIBIT 2 Larry Meyer,respectively read:

a. Chris Snider,page 2 #8 reads Quoted: <u>At no time while he was yelling or swearing did William Reynolds mention any medications that he was taking,nor request that any medications be taken from his home to the jail.</u>

1. Defendant,Deputy Chris Snider saw Plaintiff's Medical Alert/ CADUCEUS on the outside of his Tee Shirt and FAILED to ask about it as the Investigating Officer.

2. Plaintiff was <u>UNDER ARREST</u>,therefore,the responsibility to a Disabled Person was Snider's job that he FAILED to do.

3. Chris Snider's AFFIDAVIT,Page 1 and therein no.3,in part reads. Quoted: <u>This address was known to me as the residence of William Reynolds</u>, <u>an individual who has been repeatedly arrested for his misconduct within Brown County,Ohio</u>,alleging to have been <u>DISPATCHED</u>.

If the <u>REPEATEDLY ARRESTED</u> as Sworn by Defendant,Deputy Chris Snider,<u>WERE TRUE</u>,then he had to know that Plaintiff,<u>WAS DISABLED</u>,and had been so since <u>DEC 7,1978</u>.

<u>DEFENDANT,Larry Meyer's AFFIDAVIT,DEFENDANT'S EXHIBIT 2:</u>

a. Larry Meyer,Page 2 #8 reads(ENHANCED),Quoted: <u>At no time prior to leaving his residence did William Reynolds mention any medications that he was taking,nor request that any medications be taken from his home to</u>

(51.)

**the jail,as the policy of the Brown County Sheriff's Department is**
**that such medications would be taken from the home along with the**
**individual upon his arrest.**

1. The Brown County,Ohio Sheriff's Department has,according to
Defendant,Deputy Larry Meyer,AFFIDAVIT,and therein Page 2 #8,BY POLICY,
have authorized themselves to,Conduct Illegal Search and Seizures,in
violation of U.S.Constitution,Amendment IV. (Copy of "POLICY" required
under DISCOVERY,that to this date of filing has been DENIED,Plaintiff.)

2. Why didn't the Jail call Plaintiff's wife to bring his medications
on 10/11/2000.

3. Defendant,Deputy Larry Meyer saw Plaintiff's Medical Alert/
CADUCEUS on the outside of his Tee Shirt and FAILED to ask about it as
the Investigation Officer,alleging to have been DISPATCHED.

4. Plaintiff was UNDER ARREST,therefore the responsibility to Disabled
Person was Snider and Meyer's job,that they,in concert, FAILED to do.

5. Larry Meyer's AFFIDAVIT,Page 1 and therein no.3,in part reads,
Quoted: The address is known to me as the residence of William Reynolds,
an individual who has been repeatedly arrested for his misconduct within
Brown County,Ohio.

If the REPEATEDLY ARRESTED as Sworn by Defendant,Deputy Larry
Meyer,WERE TRUE,then he had to know that Plaintiff,WAS DISABLED,and had
been since DEC 7,1978.

6. Lastly,Counsel Vincent/Landes Quoted Correctly,TWICE, the word
"OFFERED",the 2nd phone call to get his medications,therefore,under
DISCOVERY,Defendants must produce the TOTAL NUMBER OF PHONE CALLS MADE

( 52.)

BY PLAINTIFF on 10/11/2000 that must include Call(s) to his Attorney at (937)393-3487 Yellow Pages,Page 21, DEC 1999 (See PLAINTIFF'S EXHIBIT F and therein BOOKING CARD,written by C.O's Apgar/Hainey) under ORC Section 2935.20.

SPECIAL NOTE,to the Court and counsel Vincent: In Plaintiff's call to Miller Bonding,Georgetown,Ohio,REFUSED to Post Bond for Plaintiff on 10/11/2000,BECAUSE,there wasn't anyone there to pick him up or words to that effect,therefore,SETTING STIPULATIONS that precluded release.

Remember,THE OPERATIVE WORD IS: "OFFERED",him a 2nd phone call.

PAGE 94,is Correct as Written. PLAINTIFF'S COMPLAINT,EXHIBIT A by counsel Vincent/Landes,filed with their NOTICE OF REMOVAL into this Federal Court,File-Stamped 01 NOV 16 PM12:45.

Counsel Vincent/Landes NOTICE OF REMOVAL,consisting of Cover Page and Page 2. Next is counsel Vincent/Landes EXHIBIT A NOTICE OF REMOVAL, consisting of Cover Page to Page 5. Therein on Page 1 line 4 in part reads,Quoted:

,hereby give notice of removal of plaintiff's complaint, filed in the Common Pleas Court of Brown County,Ohio (Case No.20010713) on the basis that plaintiff's complaint specifically alleges causes of action arising under 42 U.S.C. Sec.1981,42 U.S.C. Sec.1983 and the Fourth and Eighth Amendments to the United States Constitution;for which this District Court has original jurisdiction under 28 U.S.C. Sec.131 and U.S.C.Sec.1343(a)(3).

Magistrate Black,FAILED to read and Comprehend (Case No.20010713) as written by Plaintiff,for had he done his job,he would have seen that Pro-

(53.)

Se Plaintiff's,COMPLAINT, consisted of (14) Typewritten,Double-Spaced pages,and inavertently has,<u>two (2) COUNT EIGHT'S</u>,respectively on Page 8 and (10),therefore,<u>MISSED by Magistrate Black</u>,counsel Vincent/Landes.

Plaintiff's 1st COUNT EIGHT on Page 8 and its content is Self-Explanatory and <u>True</u>,but,makes <u>No Mention</u> of any U.S.Constitution, Amendment that was violated.

Plaintiff's 2nd COUNT EIGHT on Page 10 and its content is Self-Explanatory and <u>True</u>,and the last paragraph is an <u>Amendment to the U.S. Constitution made</u>,that being,Quoted: <u>Defendant Darnall's actions have been wilful,reckless and malicious toward Plaintiff and in violation of his constitutional rights as a free citizen under the Fourth and Eighth Amendments of the U.S.Constitution,Article I Sections 9,11 of the Ohio Constitution.</u>

When this Federal Court <u>DISMISSED</u> Plaintiff's COMPLAINT against Dog Warden Michael Darnall,<u>Did Not</u>,dismiss Plaintiff's Charges under <u>42 Section 1983</u> or HISTORICAL AND STATUTORY NOTES: Revision Notes and Legislative Reports 1979 Acts etc.,Codifications,Effective dates 1979 Acts etc.,CROSS REFERENCES Attorney fees to prevailing party other than United States,see 42 USCA Section 1988. Citizenship clause,see USCA Const. Amend.XIV,Section 1. Conspiracy to interfere with civil rights, damages for,see 42 USCA Section 1985. Jurisdiction of district courts of civil rights actions,see 28 USCA Section 1997e. Privileges and immunities clauses,see USCA Const. Art.IV Section 2,cl. and Amend. XIV Section 1.

### LIBRARY REFERENCES

Exhaustion doctrine,application of,see Koch,Administrative Law and Practice Section 13.5. Federal jurisdiction,see West's Federal Practice

Manual Section 7521 et seq. Preliminary procedures, see West's Federal Practice Manual section 161 et seq. Procedural techniques of constitutional damage suit, see Koch, Administrative Law Practice section 7.42.

Line 4-13 reads, Quoted:

Q. Did you just read a portion of your complaint, Page 6 under count 6?

A. I did.

Q. What does that mean?

A. It means that they would have had to sacrifice the security of my home and outbuildings by giving my keys to my neighbor.

Q. Did that ever happen?

A. Not to my knowledge it never did happen.

Plaintiff, calls attention to the Courts, Adjudication, from PLAINTIFF'S EXHIBIT F and therein Page 14 line 2 in part, to 10 reads, Quoted:

Plaintiff alleges that he had prescription drugs in his home at the time he was arrested. (Plaintiff's Complaint at p.6.) Following his arrest, Plaintiff claims that he advised the Brown County Jail that he "needed his morning prescriptions...", in response to which the Brown County deputies " offered Plaintiff a 2nd phone call to get his medications..." which Plaintiff used to call his neighbor who brought his medications to the Brown County Jail. (Plaintiff's Complaint at p. 6,) Thus, altho Plaintiff may claim that he was denied adequate medical care, the facts as admitted by Plaintiff within his own Complaint fail

(55.)

to support any such claim. Thus,Plaintiff's conclusory allegations
are insufficient to support his claim in the absence of specific facts
to support it.

### :OPERATIVE WORDS:

Counsel Vincent/Landes,Habitually,use,Operative Words,that are without
Merit,Foundation and rely on Supposition they cannot furnish evidences
for,such as:

OFFERED,Plaintiff a 2nd phone call to get his medications ..."which
Plaintiff used to call his neighbor who brought his medications to the
Brown County Jail. etc.

1. All outgoing calls from the Jail  are RECORDED,therefore,the Brown
   County Deputies (Snider/Meyer) must show Phone Record for the TIME
   and to WHOM said 1st and 2nd calls were made,or counsel Vincent/
   Landes committed MALFEASANCE in this Federal Court.

2. USED TO CALL HIS NEIGHBOR,is AMBIGUOUS and NONDISCRIPTIVE,therefore,
   FAILURE to furnish Outgoing Call(s) on 10/11/2000 allegedly made by
   Plaintiff is the second MALFEASANCE by counsel Vincent/Landes.

3. BROUGHT HIS MEDICATIONS TO THE BROWN COUNTY JAIL,means that alleged
   neighbor had to identify Himself/Herself at the Jail,and for Who said
   medications were for or the third MALFEASANCE by counsel Vincent/
   Landes.

4. Counsel Vincent/Landes's ELUSIVE (PLAINTIFF'S EXHIBIT F) and therein,
   AFFFIDAVIT OF CHRIS SNIDER (DEFENDANT'S EXHIBIT 1) Sworn 15th day of
   November,2002,and therein #8 COUNTERMANDS Page 14. Further,AFFIDAVIT
   OF DEPUTY LARRY MEYER (DEFENDANT'S EXHIBIT 2) Sworn 6th day of

(56.)

November 2002 and therein #8 COUNTERMANDS Page 14. Further,Defendant Deputy Larry Meyer believes and has written,<u>that the policy of the Brown County Sheriff;s Department is that such medications would be taken from the home along with the individual upon his arrest.</u>

That "<u>POLICY</u>",by the Brown County Sheriff's Department better have the U.S, Supreme Court's signature,as WRITTEN by counsel Vincent/Landes, or they have a fourth MALFEASENCE as filed in this Federal Court.

Line 21-24,Page 94 reads,Quoted: <u>I could have done that a little bit better because they say -- the deputies now say in their November 6th and November 15th,2002 that a neighbor picked up the medications.</u>

<u>How would a</u> (PAGE 95 line 1) <u>neighbor know what medications to pick up?</u>

PAGE 95,is NOT Correct as Written and reads Quoted:

Q. <u>What deputies say that? Are you refering to the motion we've talked about at the various status conferences,the motion for summary judgement</u>?

A. <u>No,the affidavit of Snyder(Snider) and Meyer.</u>

******* Q. <u>Neither officer says that.</u>   (Vincent/Landes <u>HAVE JUST ADMITTED their MALFEASANCE</u> as filed with this Federal Court on 11/25/2002,that has become,<u>PLAINTIFF'S EXHIBIT F</u>,see Docket File.

A. <u>Sure they do.</u>

Q. <u>No</u>. But to your knowledge,no one ever went to your home and got any medications for you;correct?

(57.)

Here,counsel Vincent/Landes have,ADMITTED AGAIN,that Plaintiff never got any,<u>prescription medications</u>,on 10/11/2000 in violation of U.S. Constitution,Amendment VIII for Cruel and Unusual Punishment as written in OAG 85-054,Pages 2-200 to 2-203 and in particular Page 2-202 wherein THE UNITED STATES SUPREME COURT states in para. 2,and Quoted:

<u>A prisoner has a constitutional right to receive medical treatment.</u>

<u>The United States Supreme Court has held that a governmental</u> <u>body's deliberate indifference to the serious medical needs of its</u> <u>prisoners violates the eighth amendment to the United States</u> <u>Constitution which proscribes cruel and unusual punishment.</u> Estelle v.Gamble,429 U.S.97 (1976). See City of Revere v. Massachusetts General Hospital,463 U.S. 239 (1983);Byrd v. Wilson,701 F.2d 592 (6th Cir. 1983). Further,in Fitzke v. Shappell,468 F.2d1072,1076 (6th Cir. 1972), the court stated: "<u>[t]hus it is that fundamental fairness and</u> <u>our most basic conception of due process mandate that medical care be</u> <u>provided to one who is incarcerated and may be suffering from serious</u> <u>illness or injury.</u>" Accord Scharfenberger v. Wingo,542 F.2d 328 (6th Cir.1976); <u>Westlake v. Lucas</u>,537 F.2d 857 (6th Cir.1976).

Line 16-24 reads,Quoted:

    A. <u>I know I didn't get any</u> (Medications)

    Q. <u>All right.</u>

    A. <u>That I do know.</u>

    Q. <u>All right. And as far as you know,no neighbor went to get your</u> <u>medications;right</u>?

    A. <u>That's correct.</u>

(58.)

PLAINTIFF'S EXHIBIT F and therein Page 14,<u>was written by someone unknown to Plaintiff,at this point in time,and filing</u>,however, only a cursory review of each submission by Defendants Snider,Meyer,Gray, Hudepohol reveals that singly or in combination do not Posess enough <u>MOXIE</u> to have written the content of PLAINTIFF'S EXHIBIT F,and in particular Page 11 last para.,Page 12 and lest we forget Page 14 and the word "<u>OFFERED</u>",that requires DISCOVERY in the form of <u>PHONE BILL</u> showing Date,Time,and Number Called on 10/11/2000.

********** Conversely,counsel Vincent/Landes do posess the MOXIE and from
*********
Plaintiff's 1st <u>COUNT SIX on Page 6,Original Complaint</u>,CONVOLUTED and DISTORTED it into another DIMENSION,therefore,it was,<u>IN FACT</u>,counsel Vincent/Landes,<u>WHO BY INTERPITATION</u>,of <u>COUNT SIX</u>,actually wrote the content of <u>PLAINTIFF'S EXHIBIT F,INCLUSIVE OF BOTH AFFIDAVITS</u> by Defendants Chris Snider and Larry Meyer that have been CHALLENGED HEREIN,for content and violations of U.S.Constitution,Amendment(s),and numerous MALFEASENCE'S,<u>at their hands</u>.

Line 22-24,reads,Quoted:

Q. <u>When you went home on October 11th of 2000,were your medications still sitting where you had placed them before you left</u>? (Answer on PAGE 96.)

PAGE 96,is NOT Correct as Written,but reads,Quoted: (Question missing,line 24.)

A. <u>Of course they would be.</u>

Q. <u>All right. Because no one moved them. That's why they would be; right?</u>

(Counsel Vincent/Landes,<u>HAVE JUST ADMITTED</u>,that Plaintiff's alleged NEIGHBOR never took his medications to the Brown

County,Ohio Jail,shown just above,and as FALSIFIED/MALFEASENCED in concert by both counsel Vincent/Landes and evidenced in PLAINTIFF'S EXHIBIT F and therein on Page(s) 3,4,7,10,11,12,13,14,15,16,signatoried by counsel Vincent/Landes,17 Certificate of Service,signatoried by counsel Vincent/Landes,therefore,in concert,for the content.

Lastly,is DEFENDANT'S EXHIBIT 1,self-evident NOT to have been written by Defendant,FORMER,Deputy Chris Snider and evidenced in Report of Investigation 14-00-3083,SUPP Report,SUPP Report by Defendant Larry Meyer confirms neither of them wrote their respective AFFIDAVITS,for the grammadical correctness,neither defendant can/could provide on 10/11/2000,but,is so,WELL DONE,and signatoried by counsel Vincent/ Landes.


Line 4-11,reads,Quoted:

A. Wait a minute. You are not reading that correctly. Lets go back to their affidavit.

Q. No. We're going to talk about your complaint. I'm asking you very specific questions. Were your medications in the same place they were when you left when you got home?

A. That's right. Because I never got any at the jail.

Q. All right. What else happened at the jail? Anything while you were booked? Everything else go smoothly?

A. I don't even understand that question. I'm in a stinking jail, and I do mean that litterally a stinking jail. I'm cold,I'm hungry. I didn't get my medications. My blood pressure is sky high. At

(60.)

that time of the morning there was nobody at the sheriff's office to give me my medications if the neighbor would have brought them.

Q. What time are you required -- I believe this was 5 a.m. or so in the morning when you arrived at the jail;correct?

   (See PAGE 97 for Answer.)

PAGE 97,is Correct as Written,and reads,Quoted:

A. Upon arising.   (This confirms Ms.Shoemaker left a QUESTION out on
              PAGE 96 line 24.)

Q. What time do you normally get up in the morning?

A. 6:00,7:00.

Q. Fair to say between the hour of 8:00 p.m. and 6:00 or 7:00 in the morning you would not normally take medications because you're sleeping,right?

A. Well --

Q. Is that right?

A. No. I take my medications upon arising.

Q. You normally arise at 6:00 or 7:00?

A. 6:00 to 7:00. Usually its 6:00.

Q. That is when you would normally take your medications?

A. Correct.

Q. So what time did you arrive at the hospital that morning?

A. I have no idea.

(61.)

Q. I think we already said it was before 7:00;correct?

A. We would agree that would be reasonable because it was still dark.

Q. Did you receive any medications at the (PAGE 98) hospital?

PAGE 98,is Correct as Written,and reads,Quoted:

A. No.

Q. Did you ask for any?

A. Yes.

Q. Why didn't they give you any medications?

A. I have no idea.

Q. What did they find at the hospital?  Were you examined by a physician?

A. By a physician and a nurse.

Q. What did they find? Was anything wrong with you?

A. No record. There's no record of me being at the hospital.

Q. Do you remember being there?

A. Pretty sure I was.

Q. Did they tell you anything was wrong with you?

A. Said my blood pressure was up,which I already knew that. I didn't need a doctor or nurse to tell me that.

Q. Then what happened?

A. Then the hospital turns around and lies and said,he was never at our hospital. That's the one we're going to go by.

PAGE 99,is NOT Correct as Written,line 3 (Medicaid fraud) line 14-16 Answer is not correct. (PAGE 100 line 9-11 is Correct and PLAINTIFF'S EXHIBIT D and therein EXHIBIT 3 is the FACT,Plaintiff said the Life Squad,not the sheriff's department,as Ms.Shoemaker has written)

(62.)

Line 17-24 is Correct as Written,and depicts Defendant,Deputy Chris Snider's  BLANTANT IGNORANCE by remaining near Plaintiff's bedside,when in FACT he was handcuffed to the bed and was in legirons,therefore, Snider's,INVASION of PRIVACY and PATIENT DOCTOR/NURSE PRIVILEGE.

At Trial,Plaintiff SHALL ask Defendant,FORMER DEPUTY Chris Snider what medications did the Doctor/Nurse furnish,and what were the B/P readings,in his presence.


PAGE 100,is NOT Correct as Written,line 5 is WRONG as is 24,the balance is correct and reads,Quoted:

Line 3-24 reads:

A. He is suppose to know to leave.

Q. Which officer was it?

A. Snyder.(Snider)

Q. So you are in the hospital. Were you discharged?

A. Yes.

Q. How did you get to the hospital?

A. Life squad from Hammersville,Ohio. (From PAGE 99 line 14-16,shows that Ms.Shoemaker's ERROR as well as line 2-4 as there WAS NO MEDICAID FRAUD--ONLY--MEDICARE FRAUD,see PLAINTIFF'S EXHIBIT D and therein EXHIBIT 3 that shows MEDICARE,and PLAINTIFF'S EXHIBIT G and therein EXHIBIT 6 with attachments dated JAN 18,2001,JAN 13, 2001,and BILLING to PLAINTIFF received 3/7/2001 as initaled,that WAS THE RESPONSIBILITY of the Brown County,Ohio Sheriff's Department,pursuant to OAG 85-054 Pages 2-200 to 2-203.)

Q. Do you know how long you were there?

A. No,I have no idea.

(63.)

Q. **Did they do any kind of treatment to you**? **Did they give you any kind of treatment**?

A. **No medications,but they did my blood pressure and it was elevated**.

Q. **Did they do anything else for you**?

A. **No**.

Q. **They discharged you back to the jail**?

A. **No,they denied me being there**.

Q. **Were you discharged back to the jail**?

A. **Yes**.

Q. **How were you taken back to the jail**?

A. **Snyder's** (Snider's) **car**.

PAGE 101,is NOT Correct as Written,line 2 is WRONG. The balance of the page is is correct and self-evidnet that Plaintiff was DENIED:

(1) **Due Process**,under U.S.Constitution,Amendment IV,V,VIII (See OAG 85-054 Page(s) 2-200-2-203 and in particular Page 2-202 para.1,2.

(2) **Due Process**,under U.S.Constitution,Amendment XIV Section 1.

(3) **Due Process**,under Ohio Constitution,Article(s) 1,9,10,11.

(4) **Due Process**,under ORC Section(s) 2935.14,2935.15,2935.16,2935.19, 2935.20,2935.26,2305.41 to 2305.49,each for the singular/illegal charge of MINOR-MISDEMEANOR all on 10/11/2000.

Plaintiff requests permission of the Court to continue PAGES 102 to 133,and especially,PAGE 14 line 18-24,PAGE(s) 15-17 line 6 as that has been Forty Three (43) years ago,and all Child-Support has been PAID IN FULL,should be QUASHED.

Plaintiff must cease so he can get his copies run,with EXHIBIT(s)

(64.)

A-1,A-2,X-1,X-2,X-3,X-4,X-5,X-6,X-6-1,X-7,X-8,X-9,X-10,X-11 that have placed IN MEMORANDUM completed,that represent counsel Vincent/Landes' DEPOSITION QUESTION(s),therefore,Plaintiff's entitlement to Examine and Cross-Examine each person on Plaintiff's Final Witness List,they being Neighbors and Alleged Neighbors,alike,so the Court and Jury can decide who has been the Problem,Plaintiff or Neighbor(s) and their WELFARE RENTERS.

                                    Col.William D.Reynolds,Plaintiff

### CERTIFICATION

Two Original Signatured Copies,consisting of 65 Double-Spaced Pages and Plaintiff's Exhibits A-1,A-2,and Exhibits X-1 to X-11 mailed TUE. 7/25/06, same mailed to counsel Vincent/Landes the same date.

(65.)