IN THE __COMMON PLEAS__ COURT
__BROWN__ COUNTY, OHIO

Petitioner: EUNICE M. ADAE
_Eunice Adae_

Address: 7061 St. Rt. 221

City, State/Zip Code: Georgetown, OH. 45121

Date Of Birth: 12-31-45

Case No.: 20051096 DRH

Judge: CORBIN

MAGISTRATE TISSANDIER

PETITION FOR DOMESTIC VIOLENCE
CIVIL PROTECTION ORDER (R.C. 3113.31)

Respondent: Pamela L. Daugherty
_Dwayne E. Daugherty_

Address: 7043 Rt. 221 Geo. Ohio 45121

_Daughter-in-Law of Petitioner_
_Ronald P. Pettinger_

Date Of Birth: 8-15-63 Dwayne
7/4/69 Pamela

**Notice to Petitioner:** Throughout this form, check every ☐ that applies.

Do NOT write your address at left or below if you are requesting confidentiality.

☒ 1. Petitioner is a family or household member of Respondent, and a victim of domestic violence and seeks relief on Petitioner's own behalf. The relationship of Petitioner to Respondent is that of:

☒ Spouse of Respondent
☐ Former spouse of Respondent
☐ The natural parent of Respondent's child
☐ Other relative (by blood or marriage) of Respondent/Petitioner who has lived with Respondent at any time

☒ Child of Respondent
☒ Parent of Respondent
☐ Person "living as a spouse of Respondent" defined as:
  • now cohabiting; or
  • cohabited within five years prior to the alleged act of domestic violence

☒ 2. Petitioner seeks relief on behalf of the following family or household members:

| NAME | DATE OF BIRTH | HOW RELATED TO PETITIONER | RESPONDENT | RESIDES WITH |
|---|---|---|---|---|
| William R. Adae | 3-21-56 | Husband | | Petitioner |
| Chris Adae | aug 27-92 | Son | | |
| Roy Buckta | 6-10-69 | Son | | |
| Ronald P. | | | | |
| Christopher R. | | | | |

3. Respondent has engaged in the following act(s) of domestic violence (describe the acts as fully as possible, add additional pages if necessary):

Has made verbal threats to family members. Verbal threats myself by Dwayne. Yesterday 12-29-2005 Pamela entered my yard using bad language toward my son Ronald. She hit Ron and Ron hit her. She hit Ron again and he hit her again. Dwayne was

on my property weekend Ron's Coper
when Ron asked him to leave he drawed
a gun, pointed it at Ron and said Bang

1. Fox.

COURT OF COMMON PLEAS
BROWN COUNTY, OHIO

FILED
06 APR 27 PM 1:47

Flora Prather : Case No. CVH 20060317
7021 State Route 221
Georgetown, Ohio 45121 :

      Plaintiff :

Vs :

Eunice M. Adae & :
William R. Adae **FIRST AMENDED COMPLAINT**
7011 State Route 221 : (Jury Demand Endorsed Hereon)
Georgetown, Ohio 45121
:
      Defendants

### Facts Common to All Claims/Parties

1. Plaintiff is a resident of Brown County, Ohio.

2. Plaintiff is widowed and 81 years old.

3. Defendant Eunice M. Adae is the natural child of Plaintiff.

4. Defendant William R. Adae is the spouse of Defendant Eunice M. Adae.

5. In 1975, in deed book 152 at page 268 of the deed records of Brown County, Ohio, Plaintiff was the grantee as to 36.31 acres situate in Lewis Township, Brown County, Ohio (hereinafter the real estate). A copy of this deed is not attached to the complaint as it is a matter of public record.

6. On or about February 12, 2001, Plaintiff conveyed the real estate by quitclaim deed to the Defendants. No consideration in money or money's worth passed with the execution of this deed. In fact, the Brown County Auditor's records carry the transfer as an exempt transaction. A copy of this deed is not attached to the complaint as it is a matter of public record in that it is recorded in Official Record Book 233 at page 1751 of the deed records of Brown County, Ohio.

7. During the period of time leading to the conveyance by Plaintiff to the Defendants, the Plaintiff was weak of body and mind in that she was suffering from physical illness and was the victim of emotional duress and predation from Defendant Eunice M. Adae.

### FIRST CLAIM FOR RELIEF

8. Plaintiff incorporates herein by reference paragraphs one through seven above as if fully rewritten herein to the extent that the allegations are necessary to sustain this claim for relief.

9. Plaintiff's conveyance of the real estate to the Defendants was without monetary consideration and was not a gift and should be set aside.

### SECOND CLAIM FOR RELIEF

10. Plaintiff incorporates herein by reference paragraphs one through nine above as if fully rewritten herein to the extent that the allegations are necessary to sustain this claim for relief.

11. Plaintiff's conveyance of the real estate to the Defendants was the result of a combination of her physical infirmities that were known to Defendant Eunice M. Adae at the time of the conveyance as well as the extreme emotional pressure that was placed upon Plaintiff by Defendant Eunice M. Adae or was otherwise the result of duress occasioned by Defendant Eunice M. Adae at and toward the Plaintiff.

12. Based upon the conduct of Defendant Eunice M. Adae as alleged in paragraph 11, the deed from Plaintiff to Defendants should be set aside and the deed should be reformed so as to carry the Plaintiff as the true and lawful owner of the real estate.

### THIRD CLAIM FOR RELIEF

13. Plaintiff incorporates herein by reference paragraphs one through twelve above as if fully rewritten herein to the extent that the allegations are necessary to sustain this claim for relief.

14. In the event that Plaintiff's deed to the Defendants is not set aside, Plaintiff requests that the Court impress a trust in her favor or to otherwise reform the deed so that the real estate is placed solely in Plaintiff's name.

### FOURTH CLAIM FOR RELIEF

15. Plaintiff incorporates herein by reference paragraphs one through fourteen above as if fully rewritten herein to the extent that the allegations are necessary to sustain this claim for relief.

16. In order to induce the Plaintiff to convey the real estate to her, Defendant

Eunice M. Adae told the Plaintiff that she would care for the Plaintiff, watch over her and otherwise watch over the Plaintiff for the balance of the Plaintiff's life.

17. The representations of Defendant Eunice Ma. Adae as made to Plaintiff were and are false and fraudulent in that not only has Defendant Eunice M. Adade failed to carry out the promises made to the Defendant but has most recently indicated that she intends to charge the Plaintiff rent and take other adverse actions toward the Plaintiff such as sell the real estate in whole or in part.

Wherefore, the Plaintiff demands the following relief: as to her first and second claims for relief that the deed from her to the Defendants be set aside; as to her third claim for relief, that the deed from her to the Defendants be set aside, reformed or that the Court impress a trust in favor of the Plaintiff so as to protect Plaintiff's interest in the real estate; on her fourth claim for relief, Plaintiff demands alternative relief in that she demands that the deed from Plaintiff to the Defendants be set aside, reformed or that a trust be impressed upon it or for a money judgment against Defendants Eunice M. Adae and William R. Adae in the value of the real estate at the time of trial; for her costs and expenses herein; attorney fees if allowed by law; and to such other and further relief to which she may be entitled.

_/s/ Gary A. Rosenhoffer_
Gary A. Rosenhoffer   0003276
Attorney for Plaintiff Prather
190 E. Main Street
Batavia, Ohio 45103
(513) 732-0300


### JURY DEMAND

Plaintiff demands trial by jury as allowed by law as to her claims for relief.

_/s/ Gary A. Rosenhoffer_
Gary A. Rosenhoffer
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a copy of this pleading was served upon Defendants Eunice M. Adae and William R. Adae by ordinary mail, postage prepaid on April 25, 2006 at 7061 State Route 221, Georgetown, Ohio 45121.

_____
Gary A. Rosenhoffer

## Lack of action by local officials is upsetting

To the editor:

On Sept. 23, 1999, I called the sheriff's office to speak with Crawford, personally. I was told by the answering Deputy Craig, he would not be in until Sept. 24 in the a.m.

Since the neighbors' dogs had continuously barked for four hours straight, at that point, my wife called for Sheriff Crawford and was told by the male communications person answering, that Crawford was out of town and would not be back until Monday Sept. 27! (Hopefully all of you readers see the run around you get when you try to speak to the sheriff's office!)

When the dogs had barked for eight continuous hours, I called the sheriff's office again, telling the communications dispatcher I wanted a deputy to come to our home, giving him our address, and the call pertained to nuisances. Some time later we got a call from the sheriff's office, and the person speaking said: "Neither he or Col. Kelly Jones" did not know of any law on nuisances that would help me. I asked who I was speaking with and he said Deputy Utter. I told him neither he or Col. Kelly Jones knew much about the law, and that would be the end of our conservation! (It goes without saying no one came down!)

Deputy Utter is the same boy that did come to our home the week of Sept. 13, 1999 for the same barking dog problem, nuisance and all Utter could say was; "Dogs will bark" and he heard them barking on our front porch!

Upon his leaving Utter did not go to the nuisance scene on now two different complaints, even with my having told him about Ohio Revised Code 955.01 through 955.22, of which it should be obvious neither he or Col. Kelly Jones bothered to read!

Deputy Utter asked me if I had contacted the prosecutors office to which I said, "no, Grennan would not help me!"

Here the question becomes: Why does the Sheriff's Office always "Lay it off on the citizen to contact the Prosecutor's Office when in fact, that is their duty and responsibility?"

It is really a shame the deputy sheriffs in Brown County are "so ignorant," they do not know the various sections of the Ohio Revised Code and appear to me are to lazy to look things up! I told Utter it came under the 3767 section, which obviously fell on deaf ears.

The last time I went to Grennan's office he was 15 minutes late and as arrogant as he could possibly be! Under those circumstances, without a change of attitude from this elected official, we will not be going back soon!

The reason I went to Grennan's Office: I had been questioned at length for indecent exposure by Flora Prather, her daughter Eunice Adae, her son, Dwayne Daugherty, and their "renters" the Parkers!

Upon Assistant Prosecutor Nicholas Ring reading me my rights, I was examined/cross examined at length by Nicholas Ring, with investigator Bob Gifford, and attorney David Grimes being present, on Jan. 7, 1997 for the alleged charges on Jan. 4, 1997.

It is to be special noted with Ring/Grennan's failure to arrest me on Jan. 4, 1997 or Jan. 7, 1997, Flora Prather and, group named above, went on the local talk show "Hot-Line" broadcast all over Brown County, and surrounding counties, making reference to "The Colonel" having done this dastardly deed!!

In addition to this Prosecutor Grennan, was a party of the first part, in that same "gossip show" and still "failed" to have me arrested after the show on Jan. 10, 1997 for the (5) alleged charges!

Prosecutor Grennan/Nicholas Ring, Gifford and Grimes, jointly had to have determined there was not enough credibility among the five eye witnesses to file their charges !

Do you readers "smell the mouse?" It goes without saying, with me as a layman in the law, Prosecutor Grennan, his assistant Ring, Attorney at Law Grimes with investigator Gifford are all failures at due process! Since Jan. 4, 1997, two years, eight months, 20 days have elapsed and no charges.

Now, for their other failure under the law! This failure comes under the Ohio Revised Code Section 2917.32, 1-a, b, 2-a, 3-a, b, c, for the (5) eye witnesses having filed false reports against me with a law officer and then sweeping it under the table as if it did not happen!

Grennan will be coming up for reelection in the not too distant future. I urge you voters to use a lot of soul searching before ever putting him back into office!

Col. William D. Reynolds
Georgetown

THE NEWS DEMOCRAT THURSDAY, OCTOBER 14, 1999   A5

