# BROWN COUNTY COURT
## BROWN COUNTY, OHIO



**STATE OF OHIO**                    CASE NO. CRB 0001246

Plaintiff                    *

vs                           *           JOURNAL ENTRY

William D. Reynolds          *

Defendant                    *           April 19, 2001

This matter was before the court for trial on a violation of R.C. 2917.11. Upon consideration of the testimony and evidence, the and upon motion of the Defendant, pursuant to Crim. R 29, the court granted the Defendant's motion and dismissed the case.

Prior to the start of the trial, the court denied the Defendant's motion for disqualification.

SO ORDERED.

_Margaret␣Clark_
Judge, Brown County Court

Mary McMullen
A.P.R.

_____
Atty for D.

CERTIFIED COPY
BROWN COUNTY COURT
BROWN COUNTY, OHIO
CLERK DANNY L PRIDE
AGENT: _____ Dep.
DATE: 4-23-01

S10063

IN THE BROWN COUNTY COURT, BROWN COUNTY, OHIO

| | |
|---|---|
| State of Ohio, | * |
| Plaintiff, | * Case No. CRB 0001246 |
| vs. | * AFFIDAVIT OF DISQUALIFICATION |
| William D. Reynolds, | * |
| Defendant. | * |

State of Ohio     )
                  )ss:
County of Brown   )

William D. Reynolds, being first duly sworn, deposes and says:

1. Both of the County Court Judges in Brown County, Ohio are bias against the Defendant. In the instant case, Judge Margaret Clark, is assigned to hear this case, and the Affiant says that she is biased against him based on the following actions:

   a. In 1998, Judge Clark, without hearing, set a bond of $5,000.00 on the Defendant for two misdemeanors, one a second decree misdemeanor of resisting arrest, and one of menacing, a fourth decree misdemeanor.

   b. In the trial, the *State of Ohio vs. Pamela Daugherty*, in which the Affiant was the prosecuting witness, the Court, Judge Clark sitting on the bench, acquitted the Defendant, Pamela Daugherty. In the acquittal, the Judge, Judge Clark, implied that the photograph of the bruises on Mr. Reynolds arms was the photograph of some other injury. This would imply that the Affiant was lying under oath, and she went on to say that he didn't say a thing when she walked up to him to be absolutely incredible, thereby again reaffirming her position that his testimony is not credible.

c. Affiant says that the Judge has previously demonstrated a bias against him, but she will not give him a fair and unbias trial. Affiant further acknowledges that he has been in a running feud with the establishment in Brown County, Ohio, and that the County Court Judges have consistently displayed a bias against him, and refused to believe him although the testimony was given under oath, and frequently not refuted.

A copy of the partial transcript on the Pamela Daugherty matter is attached.

Affiant further says that there is a trial set before the Brown County Court with Judge Margaret Clark presiding on the 19th day of April, 2001, at 9:00 a.m., and that the said Maggie Clark as Judge of the Brown County Court has displayed a pronounced bias against him, and he therefore moves for her disqualification.

Further Affiant sayeth not.

_____
William D. Reynolds,

Sworn to and signed before me by William D. Reynolds this 10th day of April, 2001.

_____
Notary Public

TAMI E. FLOREK
Notary Public, State of Ohio
My Commission Expires April 10, 2002

## CERTIFICATE

This is to certify that a copy of this Affidavit was filed with the Clerk of the Brown County Court, 770 Mt. Orab Pike, Georgetown, Ohio 45121 upon Judge Maggie Clark at the same address, and upon Mary McMullen, Asst. Prosecutor, 200 E. Cherry St., Georgetown, Ohio

for the State of Ohio, this 10th day of April, 2000.

                                                         William D. Reynolds

JCH/tf
4-9-01

**CERTIFIED COPY**
BROWN COUNTY MUNICIPAL COURT
BROWN COUNTY, OHIO
CLERK JAY H. ANDERSON
AGENT: _____
DATE: _____

**PARTIAL TRANSCRIPT**

**STATE OF OHIO VS. PAMELA DAUGHERTY**

before the Honorable Margaret Clark, Judge of the Brown County Court, Brown County, Ohio, as follows:

THE COURT: Thank you.

I have a couple of observations. One is, I'm not altogether certain that the camera strap is not, what I would refer to as a break-away cord, and that it's intended to separate. It is probably to keep from strangling people. But, in any case, it wasn't admitted into evidence. It's an observation I think kind of, cord strap or cord stock.

Another observation about one of the photographs, Exhibit 3, and that is if what Mr. Reynolds' was saying is correct, then that's a photograph of some other injury. At least, I would think so. I think that the damage would be on the outer part of his arm more than the inner part of his arm in the way he was demonstrating how he was holding the camera.

There was limited foundation for that photograph anyway. It was a, obviously a male arm with a significant bruise on it. It could very well be Mr. Reynolds', but it's not entirely consistent with his

2

1  testimony and his demonstration of how he was holding
2  the camera.
3       I do find his statement that he just
4  didn't say a thing when she walked to be absolutely
5  incredible. I can't imagine that anyone would sit
6  there silently in a vehicle when someone came out to
7  obstruct, as he testified giving his testimony, the
8  weight that I would need to. In the circumstances, I
9  haven't seen that, that would be credible.
10      In any case, I think you see where I'm
11 going. I'm entering a finding of not guilty.
12      If you would please do an entry, Mr.
13 Ring, I'll sign it.
14      MR. RING: Yes, Your Honor.
15      MR. ERHARDT: Thank you, Your Honor.
16      THE COURT: And the circumstances, I see
17 no need to retain the exhibits.
18      MR. RING: Take them home.
19      May I approach?
20      THE COURT: You may.
21      Okay, thank you.
22
23
24

1                        **C E R T I F I C A T E**

2

3    COUNTY OF BROWN

4    STATE OF OHIO

5             I, Deborah S. Adkins, Official Court

6    Reporter for the Court of Common Pleas of Brown County,

7    Ohio, do hereby certify that the foregoing is a true

8    and accurate transcript of the proceedings had before

9    the Honorable Margaret Clark, Judge of the Brown County

10   Court, in the matter of STATE OF OHIO, Plaintiff, vs.

11   PAMELA DAUGHERTY, Defendant, as recorded by Courtroom

12   Tape Recording Procedure in July 2000, and afterwards

13   reduced to typewriting at my direction.

14             Given under my hand and official seal

15   this 24 January 2001.

16

17

18                    _____
                      Deborah S. Adkins, Court Reporter
19                    Brown County Common Pleas Court
                      Georgetown, Ohio 45121
20

21

22

23                       DEBORAH S. ADKINS
                                             Notary Public, State of Ohio
24                                           My Commission Expires 4 Jan. 2005

### [§ 2701.03.1] § 2701.031 Disqualification of municipal or county court judge.

(A) If a judge of a municipal or county court allegedly is interested in a proceeding pending before the judge, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the judge or to a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the judge, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the court in which the proceeding is pending.

(B) An affidavit of disqualification shall be filed under this section with the clerk of the court in which the proceeding is pending not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled and shall include all of the following:

(1) The specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations;

(2) The jurat of a notary public or another person authorized to administer oaths or affirmations;

(3) A certificate indicating that a copy of the affidavit has been served on the judge of the municipal or county court against whom the affidavit is filed and on all other parties or their counsel;

(4) The date of the next scheduled hearing in the proceeding or, if there is no hearing scheduled, a statement that there is no hearing scheduled.

(C)(1) Except as provided in division (C)(2) of this section, when an affidavit of disqualification is presented to the clerk of a municipal or county court for filing under division (B) of this section, the clerk shall enter the fact of the filing on the docket in that proceeding and shall provide notice of the filing of the affidavit to one of the following:

(a) The presiding judge of the court of common pleas of the county;

(b) If there is no presiding judge of the court of common pleas of the county, a judge of the court of common pleas of the county.

(2) The clerk of the municipal or county court in which a proceeding is pending shall not accept an affidavit of disqualification presented for filing under division (B) of this section if it is not timely presented for filing or does not satisfy the requirements of divisions (B)(2), (3), and (4) of this section.

(D)(1) Except as provided in divisions (D)(2) to (4) of this section, if the clerk of the municipal or county court in which a proceeding is pending accepts an affidavit of disqualification for filing under divisions (B) and (C) of this section, the affidavit deprives the judge of a municipal or county court against whom the affidavit was filed of any authority to preside in the proceeding until the judge who was notified pursuant to division (C)(1) of this section rules on the affidavit pursuant to division (E) of this section.

(2) A judge of a municipal or county court against whom an affidavit of disqualification has been filed under divisions (B) and (C) of this section may preside in the proceeding if, based on the scheduled hearing date, the affidavit was not timely filed.

(3) A judge of a municipal or county court against whom an affidavit of disqualification has been filed under divisions (B) and (C) of this section may determine a matter that does not affect a substantive right of any of the parties.

(4) If the clerk of a municipal or county court accepts an affidavit of disqualification for filing under divisions (B) and (C) of this section, if the judge who is notified pursuant to division (C)(1) of this section of the filing of the affidavit of disqualification denies the affidavit pursuant to division (E) of this section, and if, after the denial, a second or subsequent affidavit of disqualification regarding the same judge and the same proceeding is filed by the same party who filed or on whose behalf was filed the affidavit that was denied or by counsel for the same party who filed or on whose behalf was filed the affidavit that was denied, the judge of a municipal or county court against whom the second or subsequent affidavit is filed may preside in the proceeding prior to the ruling, by the judge who is notified pursuant to division (C)(1) of this section, on the second or subsequent affidavit pursuant to division (E) of this section.

(E) If the clerk of a municipal or county court accepts an affidavit of disqualification for filing under division (B) and (C) of this section and if the judge who is notified pursuant to division (C)(1) of this section of the filing of the affidavit determines that the interest, bias, prejudice, or disqualification alleged in the affidavit does not exist, the judge who is so notified shall issue an entry denying the affidavit of disqualification. If the judge who is notified pursuant to division (C)(1) of this section of the filing of the affidavit determines that the interest, bias, prejudice, or disqualification alleged in the affidavit exists, the judge who is so notified shall issue an entry that disqualifies the judge against whom the affidavit was filed from presiding in the proceeding and designate another judge of the municipal or county court, or of the court of common pleas, to preside in the proceeding in place of the disqualified judge.

HISTORY: GC § 13433-19; 113 v 123(148), ch 12, § 9; Bureau of Code Revision, RC § 2937.20, 10-1-53; 127 v 423 (Eff 8-27-57); 146 v H 151 (Eff 12-4-95); RC § 2701.03.1, 146 v S 263. Eff 11-20-96.

**Research Aids**

Interest, bias or prejudice of judge:
 O-Jur3d: Cts & Jud §§ 114, 117, 121, 122, 125, 133, 139

#### CASE NOTES AND OAG

1. (1997) Where a judge learned at trial that a client was about to testify and disclosed that relationship to the parties, a party's failure to object until after the trial was over waived all but plain error: Paulding-Putnam Coop., Inc. v. Kuhlman, 117 OApp3d 156, 690 NE2d 52.

2. (1999) The state was not entitled to disqualification of a judge for bias against the state in gambling cases merely because the judge on a single occasion imposed a nominal fine for gambling offenses, stating that the state was only trying to protect its lottery monopoly: State v. Fraternal Order of Eagles, Aerie 2347, 99 OMisc2d 33, 715 NE2d 630 (CoC).

### § 2701.04 Removal of residence of judge.

If a judge of the supreme court removes his residence

FILED

2001 MAR 29   BROWN COUNTY COURT
BROWN COUNTY, OHIO

BROWN COUNTY COURT
GEORGETOWN, OHIO
DANNY L. PRIDE
CLERK



| | | |
|---|---|---|
| STATE OF OHIO | : | CASE NO. CRB0001246 |
| Plaintiff | : | JUDGE CLARK |
| vs. | : | |
| WILLIAM REYNOLDS | : | **ENTRY AMENDING COMPLAINT** |
| Defendant | : | |

Upon motion of the State, and for good cause shown, the complaint in the above reference case is hereby amended to reflect a charge of disorderly conduct, a violation of R.C. 2917.11(A)(2), a minor misdemeanor.

SO ORDERED.

_____
Margaret A. Clark, Judge

_____
Mary McMullen #0066589
Assistant Prosecuting Attorney

_____
Jon Hapner
Attorney for Defendant

CERTIFIED COPY
BROWN COUNTY COURT
BROWN COUNTY, OHIO
CLERK DANNY L. PRIDE
AGENT_____
DATE: 1/23/03

SP 683

*[Page contains a rotated, faded photocopy of an Application for Registration of Dog for the Year form, Brown County, Georgetown, Ohio. Legible fields:]*

**APPLICATION FOR REGISTRATION OF DOG FOR THE YEAR**

Owner of Dog: Williams

Address: [illegible] St. Rt. 221

Application No.: [illegible]

| AGE | SEX | COLOR | HAIR | BREED IF KNOWN | Fees Paid | Penalty | Date Purchased Outside Ohio | Tag No. Assigned |
|---|---|---|---|---|---|---|---|---|
| 5 | Male | | | [illegible] | | | | 1530 |

Signed in my presence this 30 day of [illegible]

**DOUG GREEN**
**Brown County Auditor**