**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM D. REYNOLDS, | : | Case No. C-1-01-877 |
| Plaintiff, | : | Judge Weber |
| vs. | : | Magistrate Judge Black |
| WINDELL CRAWFORD, et al., | : | |
| Defendants. | : | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

On May 31, 2006, Defendants filed a Motion for Summary Judgment. Thereafter, on June 7, 2006, this Court held a status conference with the parties at which Plaintiff requested that this Court provide him with additional time to respond to Defendants' Motion. This Court granted Plaintiff's request and ordered that Plaintiff file his response to Defendants' Motion for Summary Judgment on or before July 17, 2006, with Defendants' reply due on or before August 1, 2006, which was subsequently memorialized in this Court's written Order filed June 8, 2006.

As of this date, more than two weeks after the date on which Plaintiff's response was due, Plaintiff has failed to file **any** response to the pending Motion for Summary Judgment of Defendants, or provide any evidence acceptable under Fed.R.Civ.P. 56 upon which this Court could base a denial of summary judgment as requested.

Plaintiff's failure to timely file a response to Defendants' pending Motion for Summary Judgment makes judgment in favor of Defendants proper in light of the facts that have been conclusively established as a result of Plaintiff's non-response. In such an instance, the Sixth Circuit Court of Appeals held in *Spurlock v. Whitney*, 79 Fed.Appx. 837, 839 (6th Cir. 2003) that when a nonmoving party "fails to respond to a motion for summary judgment by the deadline for

such response, the district court cannot grant to the nonmoving party an extension of time to file absent a showing of 'cause' for the delay" and where no "cause" is shown, "the district court may not entertain late filings." Further, the *Spurlock* Court held that:

> Where no response to a summary judgment motion is properly before a district court, the court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact." Rather, **the district court may rely upon the facts advanced by the movant.** Federal Rule of Civil Procedure 56(e) requires that the nonmoving party's response designate specific facts demonstrating the existence of genuine issues of material fact. Fed.R.Civ.P. 56(e). **The nonmoving party is deemed to have waived its opportunity to designate facts in accordance with Rule 56(e) when it fails to properly file a response.** This court has stated that it is not the role of the district court to develop facts for the nonmoving party. (Internal citations omitted, emphasis added.)

*Id.* at 39. In accordance with *Spurlock*, and as there is no Fed.R.Civ.P. 56 evidence demonstrating the existence of genuine issues of material facts, Defendants are entitled to summary judgment in their favor.

Even if Plaintiff had timely responded to Defendants' Motion for Summary Judgment, such a response would have failed to demonstrate that a genuine issue of material fact exists in this case. From Plaintiffs' own admissions within his deposition of February 6, 2006, it has been conclusively established that he has absolutely no support for any First or Fourth Amendment claim against either Michelle Hudepohl who notarized a probable cause affidavit, or against Clark Gray who was not involved in Plaintiff's arrest on October 11, 2000 in any way. Summary Judgment in favor of Defendants Hudepohl and Gray is appropriate.

Following dismissal of the claims against Defendants Hudepohl and Gray, the only claims remaining for this Court's consideration are those against Deputies Snider and Meyer, both of whom are likewise entitled to summary judgment in their favor. During his deposition,

2

Plaintiff admitted that he directed profanity towards Deputy Snider during their encounter of October 11, 2000 after he had invited the deputies into his home. *(See Snider Aff. ¶'s 5, 6; Meyer Aff. ¶'s 5, 6; Reynolds' depo., p. 78, lines 11 - 19.)* Despite warnings that he would be arrested if he continued his disorderly conduct, Plaintiff continued yelling and swearing at the deputies, resulting in his arrest by Deputy Snider for persistent disorderly conduct in violation of §2917.11. *(See Snider Aff. ¶ 7; Meyer Aff. ¶7.)*

A reasonable police officer confronted with the same facts as Deputy Snider on October 11, 2000, would not have been put on notice that arresting Plaintiff for persistent disorderly conduct would be a violation of Plaintiff's First or Fourth Amendment rights, as probable cause existed for making such an arrest. Ohio Courts have previously recognized that an individual's loudness and aggressiveness in speech toward a police officer qualifies as behavior which is sufficient to establish the elements of an offense under Ohio Revised Code §2917.11(A) without violating the individuals free speech or freedom of expression. *State v. Rajeski,* No. CA2002-11-120, 2003 WL 21257968 (Ohio Ct. App., June 2, 2003). Thus, probable cause for arresting Plaintiff existed on October 11, 2000 under the totality of the circumstances which faced Deputy Snider, and Deputy Snider is entitled to judgment in his favor. *New Jersey v. T. L. O.*, 469 U.S. 325 (1985).

Under Plaintiff's own recollection of the incident, Deputy Meyer did not participate in the arrest of Plaintiff, but was present on October 11, 2000 inside Plaintiff's house. *Deposition of William D. Reynolds, pp. 108, 114.* Thus, it appears that Plaintiff is claiming that Deputy Meyer somehow violated his constitutional rights by not intervening in the arrest of Plaintiff. No circumstance existed at the time of Plaintiff's arrest on October 11, 2000, under which Deputy Meyer would even arguably be required to affirmatively intervene and stop such arrest. *Jacobs*

3

*v. Village of Ottawa Hills*, 5 Fed. Appx. 390, 395 (6th Cir. 2001). Thus, Deputy Meyer had no reason to intervene in the arrest of Plaintiff, and Defendant Meyer is entitled to qualified immunity and summary judgment dismissing Plaintiff's claims against him.

For all of the foregoing reasons, as well as those stated within their Motion for Summary Judgment, Defendants Chris Snider, Larry Meyer, Michelle Hudepohol, and Clark Gray, hereby request that this Court issue an Order granting summary judgment in their favor as to all of Plaintiff's claims.

        Respectfully submitted:

        /s/ John E. Vincent
        **MARK LANDES (0027227)**
        *E-mail*: marklandes@isaacbrant.com
        **JOHN E. VINCENT (0070501)**
        *E-mail*: johnvincent@isaacbrant.com
        ISAAC, BRANT, LEDMAN & TEETOR, LLP
        250 East Broad Street, 9th Floor
        Columbus, Ohio 43215-3742
        (614)221-2121; FAX (614)365-9516
        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. A copy was also served via U.S. Mail, postage prepaid this 1st day of August, 2006, upon:

William D. Reynolds
7013 St. Rt. 221
Georgetown, Ohio 45121
*Plaintiff pro se*

      /s/     John E. Vincent
**MARK LANDES (0027227)**
**JOHN E. VINCENT (0070501)**
*Attorneys for Defendants*