IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM D. REYNOLDS,

        Plaintiff

   v.                             C-1-01-877

SHERIFF WINDELL CRAWFORD,

        Defendant

## ORDER

This matter is before the Court upon plaintiff's Interrogatories Propounded to Deputy Chris Snider and Deputy Larry Meyer (doc. no. 115).

The following interrogatories were asked of Deputy Chris Snider:

Interrogatory No. 1:

1)    a) On the date of 10/11/2000, state the personal information Reynolds furnished you after his arrest and used in the Probable Cause Affidavit, Exhibit A?

Interrogatory No. 2:

2)    From same affidavit in No. 1, how did C.O. Rick Haney and C.O. Geno Apgar become witness 2 . . .?

2

The defendants object to Interrogatory No. 1 and No. 2 because, among other reasons, the plaintiff did not provide Exhibit A to either Snider or Meyer. Although plaintiff has explained during our conference held April 5, 2006, he refers to Exhibit A attached to papers previously filed in this case, this Court holds that it is necessary that the specific Exhibit A plaintiff refers to in his Interrogatories must be attached to the interrogatories to make the interrogatories clear and unambiguous. Otherwise, the interrogatories are vague. Defendant's objections are **SUSTAINED**. (See Transcript April 5, 2006, pp. 33-48).

Interrogatory No. 3 omitting explanation:

3) ". . . your questions are: 1) Where, by location

4) was the dividing line, (2) Was the dividing

5) line for the purpose, only of patrolling" or (3)

was there another purpose. (See Transcript April 5, 2006, pp. 48-49).

The objection is **SUSTAINED** for reasons stated by defendant.

Interrogatory No. 4 omitting explanation by plaintiff:

". . . therefore, your questions: 1) What address

6) did I state on that tape recording for where

7) the Barking Dogs were, (2) What section and or sections of the ORC did I say were in violation in that call?"

3

The parties agreed to let the tapes in plaintiff's possession speak for themselves. If necessary, this interrogatory can be answered after tapes are copied and/or transcribed.

Objection is **MOOT**.  (See Transcript April 5, 2006, pp. 50-56).

    Interrogatory No. 5 omitting initial phrases:

8)     ". . . (1) What Section of the ORC Prohibited noxious exhalations or noisome or offensive smells, become injurious to health,
9)     comfort, or property if individuals or the public (2) on the night of 10/11/2000 did you enforce that section of the ORC for plaintiff?"

Objection **SUSTAINED**.  Ohio claims have been dismissed.  Information will not reasonably lead to discovery of admissible evidence.  (See transcript April 5, 2006, pp. 56-57).

    Interrogatory No. 6 omitting initial phrases:

10)     ". . . your questions: (1) What criminal charge did you <u>Personally</u> file in any <u>complaint</u>,
11)     (2) Under what Section of the ORC would permit anyone other than Deputy Larry Meyer, who was present inside my home on 10/11/2000, but did not file a complaint, and
12)     (3) What Section of the ORC Legally permitted <u>Defendant Clark Gray</u> to file a Complaint under Crim. R. 3, and 4 and the charge under Crim R. 4, by Clark Gray is Erroneous and he also Failed to file a <u>Jurat</u>, why?

    Defendant objects because it is vague.

    As to Question (1), the answer is known to plaintiff; Questions 2) and 3) ask for legal conclusions and are arguments.

    Objection **SUSTAINED**.  (See transcript April 5, 2006, pp. 58-59).

4

Interrogatory No. 7.

13) "In plaintiff's 1st phone call on 10/11/2000 to the Comm. Ctr at 12:20 A.M. what did plaintiff tell Dispatcher Luther when he gave him his phone number?

This information is known to plaintiff, who has possession of this information in the tapes which will, by agreement, speak for themselves. (See transcript April 5, 2006, pp. 59-60 and pp. 50-56).

Interrogatory No. 8:

"In plaintiff's 2nd phone call on 10/11/2006 and your wife Andrea Snider as
14) Dispatcher answered (1) what time did I tell
15) her that I had called in before, (2) Who
16) did she tell me was on duty, (3) what did she tell me that the Sheriff said
17) (Crawford), (4) What law enforcement did I tell her I was being denied
18) by the two in (2) above, (5) where did she say defendant Deputy Chris Snider was located?? (Road Deputy)

Interrogatory No. 9

19) "In plaintiff's 3rd call . . . (1) what time did
20) I tell her it was in the morning, (2) what ORC violations did I tell her was occurring,
21) (3) what did she tell me that you had
22) done Before this 3rd call, (4) whose dog did Defendant, Deputy Chris Snider, say were barking as he had reported back to his wife?? (Ref. Exhibit D and herein Exhibit 2 for whose dog was barking on 10/11/2000)

5

The parties agree the tapes will speak for themselves. (See transcript April 5, 2006, pp. 60-61 for both Interrogatory No. 8 and 9; also see pp. 59-60, 50-56 of April 5, 2006 transcript).

Interrogatory No. 10 – omitting introductory phrases:

23) ". . . who specified the ADDRESS on
24) each of those calls, (1) what was the
25) persons name at that address, (2) were the vicious/dangerous dogs at that address licensed under ORC . . ."

As to Question (1), the tapes will speak for themselves. Question (2) involves Ohio issues; question is not relevant or lead to any relevant evidence. (See transcript April 5, 2006, page 61).

Objection **SUSTAINED**.

Interrogatory No. 11:

26) "How many 911, E-911 calls did plaintiff make on 10/11/2000?" answered (transcript April 5, 2006, page 64).

Interrogatory No. 12:

27) "What ORC Section permitted defendant, Deputy Michelle Hudephol to Depose your probable cause affidavit . . ."

"Depose" means to put under oath (page 605 Webster's Third New International Dictionary – Unabridged).

Plaintiff's request to require an answer is **DENIED**. Question asks for legal conclusion. (Transcript April 5, 2006), page 66).

Interrogatory 13:

28) "Why is Exhibit A, . . . Different . . ."

Objection **SUSTAINED**.  Exhibit A not attached to interrogatory.  Interrogatory is thus vague.  (See transcript April 5, 2006, pp. 67-69).

    Interrogatory No. 14:

    29)   "Why is Exhibit B . . ."

Objection **SUSTAINED**.  (See transcript April 5, 2006, pp. 69-70 and discussion regarding Interrogatory 13).

    Interrogatory No. 15 on page 8 of plaintiff's filing Doc. No. 115:

    "What ORC Section permits any Deputy Sheriff . . .
30)   (1) File a complaint for an alleged crime that he/she
31)   was not witnesses to (2) who by name and authority authorized the usage of the Preprinted complaint form shown as Exhibit B in the captioned case??"

Exhibit B not attached.  Question (1) asked for legal opinion.  (See transcript April 5, 2006, pp. 70-72).  Objection **SUSTAINED**.

    Interrogatory No. 16 on page 8 of plaintiff's Doc. No.115:

    32)   Contains argument – (see transcript April 5, 2006, page 72).

Objection **SUSTAINED**.

    Interrogatory No. 15 on page 10 of plaintiff's Doc. No.115:

    33)   "What does State v. Hoffman say . . ., and
34)   (2) What does the United States Supreme Court say . . ."

Asks for legal conclusions.  (See transcript April 5, 2006, pp. 70-73).  Objection **SUSTAINED**.

7

Interrogatory No. 16 on page 10 of plaintiff's Doc. No.115:

35) "With particularity (1) State why you refused
36) to take plaintiff to hospital . . .(2) . . . (3) . . . (4) . . . what medication did you observe being administered to plaintiff . . ."

Defendant's objection **SUSTAINED**. (See discussion at transcript April 5, 2006, pp. 73-77). The record made at hearing will be considered the answers to No. 16, page 10.

Interrogatory No. 17:

37) ". . . (1) Did you fail and or refuse to respond to
38) plaintiff's first call . . . and (2) why did you ignore the contents of that first call . . ."

(See transcript April 5, 2006, pp. 78-80). Court suggested interrogatory be revised. Plaintiff at page 80 of April 5 2006 transcript; line 9-10, declined).

Interrogatory No. 18:

39) "As can be heard on your micro-tape . . . (1)
40) . . . and Quoting you . . . and (2) was that a violation of ORC . . ."

Tape will speak for itself and Question (2) asked for legal opinion. (See transcript April 5, 2006, page 80).

Objection **SUSTAINED**.

Interrogatory No. 19:

41) "From Exhibit G . . .2) who by name . . .
42) and (2) How did that alleged neighbor . . .
43) and (3) who by name . . ")

8

This did not occur.  Exhibit G is not attached to interrogatories.  (See transcript April 5, 2006, pp. 80-84)

ANSWERED

The foregoing is a summary of the discussions held with the parties on April 5, 2006.  The interrogatories discussed above were propounded to Deputy Snider.  The Court enforces Fed. R. Civ. P. 33(a).  The plaintiff has propounded 43 questions to Deputy Snider.  The parties have addressed these 43 questions in the foregoing, the Court has ruled on the issues pertaining to these interrogatories presented by the parties.  Pursuant to the foregoing, no additional interrogatories need be answered or discussed by either party or the Court.  Interrogatories No. 20-32 on pp. 21 to 33 of Doc. No. 115 exceed the limit of 25 set by Rule 33(a) and are quashed.

The plaintiff requests the production of the micro-tape recording made by Deputy Chris Snider.  Plaintiff has a copy.  If the original cannot be found, the copy may be used as evidence if admissible.

Plaintiff's second request for production of the 911 tape is moot.

The parties agree there were no 911 calls made by plaintiff on 10/11/2000.

The Court confirms that a hearing on defendant's Motion for Summary Judgment (doc. no. 113) will be held **September 7, 2006 at 1:30 p.m.** before this Court.

9

Before the hearing of the Motion, the Court suggests a discussion of plaintiff's interrogatories submitted to Larry Meyer (doc. no. 115, pp. 13-21) and plaintiff's comments and concerns regarding his deposition taken February 6, 2006. (Doc. no. 113-2).

**IT IS SO ORDERED**.

s/Herman J. Weber<br>
Herman J. Weber, Senior Judge<br>
United States District Court