

FILED
JAMES BONINI
CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO,WESTERN
DIVISION**

06 AUG 30  PM 12: 36

William D.Reynolds,Col.USAF Ret.

Plaintiff,

vs.,

Windell Crawford,et.al.

Defendants

Case No. C-1-01-877,removed from
Common Pleas Court,Brown County,
Ohio Case No. 20010713 by counsel
John E.Vincent.

Plaintiff's Reciept of counsel Vincent/
Landes' <u>Defendants' Index to Trial
Exhibits</u>,A-1,A-2,B,C,D-1,D-2,E-1,E-2,F-1,
F-2,G-1,G-2,H-1,H-2,I-1,I-2,I-3,J-1,J-2
on 8/3/2006,and the following applies.

EXHIBIT A-1,Report of Investigation 14-00-3083 by Defendant,Deputy Chris Snider

is Non-Sensical and FAILS to meet the MANDATED requirements of ORC

Section 2935.19,for Ordinary and Concise Language, on 10/11/00 at

451A.

M/O,is Non-Sensical and Approved by Supervisor (WC),and Defendant,Deputy

Larry Meyer in his Sworn Affidavit dated 6 NOV 2002,<u>DEFENDANT'S EXHIBIT 2</u>.

This DENIES Plaintiff from Examination,Cross-Examination of Supervisor

(WC) at trial,for the ILLEGAL COMPLAINT by Defendant,Deputy Clark Gray,in

violation of ORC Section 2935.09 because he Was Not Witness to any alleged

crime on 10/11/2000,therefore,his COMPLAINT(s) are FALSIFIED.

EXHIBIT A-2,by Defendant,Deputy Chris Snider is FALSIFIED,Weight is wrong,and

color of Hair is also Wrong,as will be confirmed by Dr.McHenry,at

Trial. ORC No & title are BOTH MISSING.

State v. Hoffman,Pages 129-134 Shall be used at Trial,especially

Page 131 and what <u>The United States Supreme Court</u> has stated,[Cite

as State v.Hoffman(1979),57 Ohio St.2d 129.]

( 1.)

SPECIAL NOTE, to this Court:

Nowhere in counsel Vincent/Landes', DEFENDANTS' Index to Trial Exhibits, submitted to the Court do they show Defendant, Deputy Clark Gray's FALSIFIED COMPLAINT , PLAINTIFF'S EXHIBIT B, 2000 OCT 11 AM9:13 CASE No.CRB0001246 that is A MINOR MISDEMEANOR, and he too FAILED to Write and File Jurat under Crim. R.3, however, Plaintiff was still ARRESTED and INCARCERATED at the hands of Defendant(s) Deputies Chris Snider in concert with Larry Meyer, who DENIED him his medications.

This Court, at a minimum, should CHARGE Defendant, Deputy Clark Gray with MALFEASANCE for filing a FALSIFIED COMPLAINT in violation of ORC Section 2935.09, because he Was Not Witness to any alleged crime on 10/11/2000.

EXHIBIT B, at the hand of Defendant, Deputy Chris Snider, SUPP REPORT, does Not correlate with his SWORN AFFIDAVIT, dated 15th NOV 2002, Filed with this Court on or about NOV 25, 2002. (SUPP REPORT reads, in part, Quoted:

> I/O ResponDed to a call at William ReynolDs ReS. UPon Entering Driveway Mr Reynolds meet officers at the door and told us to come in.

I/O responded, suddenly becomes, OFFICER(S) and US, however, in his SWORN AFFIDAVIT 15 NOV 2002 in part reads, #3 in part reads, Quoted: On or about October 11, 2000, at approximately 4:30a.m., I was dispatched to 7013 State Route 221, Georgetown, Ohio for complaints of barking dogs., DEFENDANT'S EXHIBIT 1.

DEFENDANT'S EXHIBIT 2, a SWORN AFFIDAVIT by Defendant, Deputy Larry Meyer, dated 6 NOV 2002 and therein that, #3 1st sentence, is VERBATUM, that HE TOO WAS DISPATCHED to Plaintiff's home "For complaints of barking dogs."

( 2.)

What Defendant's Deputies Chris Snider and Larry Meyer FAIL to state is that Plaintiff was <u>THE COMPLAINTANT</u> at 12:20AM,1:25AM and 4:22AM,and the Tape Recordings of Plaintiff's calls,EACH,state the exacting address  where the dogs were barking,and <u>IT WAS NOT 7013 St.Rt.221</u>.

PLAINTIFF'S EXHIBIT D and therein <u>EXHIBIT 2</u> is the <u>IRREFUTABLE FACT</u> that Plaintiff's DOG WAS DEAD on 8/21/2000,52 days BEFORE Defendants,Deputies Chris Snider and Larry Meyer,<u>WERE DISPATCHED TO 7013 St.Rt.221,is FALSIFIED by BOTH</u> and this Court at a minimum,should <u>CHARGE EACH OF THEM with MALFEASENCE</u>.

EXHIBIT C,SUPP Report by Defendant,Deputy Larry Meyer,reads in part,Quoted:

> <u>I/O ResponDed to 7013 SR 221 ReynolDs ResiDence to ASSiST Dep SniDer oN DOG CompLANT. I/O wAs ADv Complant cALLed CoMM Center iRRATE.</u>

That 1st sentence by Defendant,Deputy Larry Meyer is FALSIFIED,because HE, was privy to EACH of Plaintiff's three (3) calls on 10/11/2000 and not unlike Defendant,Deputy Chris Snider,then in PLAINTIFF'S EXHIBIT F and therein Page 11,last paragraph reads,Quoted:  <u>In the early morning of October 11,2000,Deputies from the Brown County Sheriff's Department were responding to Plaintiff's 911 call regarding barking dogs. After they arrived at his</u> (Page 12 line 1-5) <u>home and investigated Plaintiff's complaints of barking dogs,Deputies Snider and Meyer went to Plaintiff's door. After being invited inside,Plaintiff began berating,yelling and swearing at Deputies Snider and Meyer. Despite being warned to regain control of himself,Plaintiff persisted in his conduct,and was placed under arrest for persitent disorderly conduct in violation of O.R.C. Section 2917.11</u>.HOWEVER:

Plaintiff was ILLEGALLY CHARGED with MINOR MISDEMEANOR by Defendant, Deputy Clark Gray in COMPLAINT at his hand,and SWORE the content of said

( 3.)

Complaint before Deputy Clerk Christine Adams at AM9:13 2000 OCT 11,Case No. CRB0001246,PLAINTIFF'S EXHIBIT B. PLAINTIFF'S EXHIBIT B-1 confirms that Defendant,Deputy Clark Gray's COMPLAINT was in violation of ORC Section 2935.09 because he WAS NOT WITNESS to any alleged crime,INSIDE Plaintiff's home on 10/11/2000,therefore,this Court,at a minimum should charge Clark Gray with MALFEASENCE. (Ref.PLAINTIFF'S EXHIBIT G and therein EXHIBIT(s) 1,2,3,4,5, 6 and the attachments thereto.)

SUPP Report by Defendant,Deputy Larry Meyer,10-11-00 para.2 is FALSIFIED because EACH Defendant knew the content of EACH of Plaintiff's three (3) calls to Comm.Ctr.,as Road Deputies,on 10/11/2000 at 12:20AM,1:25AM,4:22AM,especially the ADDRESS,therefore,EACH of their respective SWORN AFFIDAVITS are also FALSIFIED,when they EACH ALLEGE they were DISPATCHED to Plaintiff's address of 7013 St.Rt.221,because,PLAINTIFF WAS THE COMPLAINTANT for barking dogs,and this Court must agree that Plaintiff WOULD NOT have called the Comm.Center if it was his own dog barking. PLAINTIFF'S EXHIBIT D and therein EXHIBIT 2 confirms why Plaintiff's dog WAS NOT Barking on 10/11/2000.

SUPP Report by Defendant,Deputy Larry Meyer,10-11-00 para. 2 line 11-15 reads,Quoted:
        AT this poinT WilliAM BecAMe iRRATE AGAiN,CussinG AND CaRRinG oN, AT this Dep SNiDeR ANV. He WAsN't GoinG TO LisTEN TO this.,etc.forthcomming,but, first: Nowhere in Defendant,Deputy Chris Snider's P.C.A. 10/11/00 4:51Am, or EXHIBIT B 10/11/00,EXHIBIT D-1,D-2 does Defendant,Deputy Chris Snider state:
    He WAsN'T GoinG TO LisTEN TO this,OR any combination of that sentence,[t]hus
    this Court can only conclude that Defendant,Deputy Larry Meyer's  SUPP
    Report EXHIBIT C para.2 line 11,12,13 in part,IS FALSIFIED.

Continuing SUPP Report line 13 in part,14,15,16,17 reads Quoted: WilliAM

(4.)

ADV OFFiceRs to GeT the FuCK ouT OF His House,AT this point Dep SNiDeR PlAced WiLLiAM UNDeR ARRest FoR PeRsisTANT DOC. THE TiME I/O WAs PResenT NO DOGS WeRe HeARD BARKiNG iN AReA.

If in FACT,Plaintiff told Defendant(s),Deputies Chris Snider and Larry Meyer to "Get the fuck out of his house" ,this Court can ONLY CONCLUDE  that by Meyer is FALSIFIED,because,Nowhere in EXHIBIT A-1,A-2,B,D-1,D-2,E-1,E-2,F-1, F-2,G-1,G-2,H-1,H-2,I-1,I-2,J-1,J-2 does I/O,Defendant,Deputy Chris Snider say:

"Get the fuck out of his house",Plaintiff had EVERY RIGHT TO DO SO AS HE IS PROTECTED UNDER U.S.Constitution,Amendment I,FREEDOM OF SPEECH,STATE v. HOFFMAN [Cite as State v.Hoffman (1979),57 Ohio St.2d 129.] and therein Page 131 THE UNITED STATES SUPREME COURT has stated that no matter how rude,abusive, offensive,,derisive,vulgar,insulting,crude,profane,or opprobrious spoken words may seem to be in their utterance may not be made a crime unless they are "fighting words",as defined in that tribunal.

Bottom line,if Plaintiff's,INVITED GUESTS INTO HIS HOME,on 10/11/2000 Didn't like what they,allegedly heard, all they had to do is LEAVE.

Nowhere in Defendant,Deputy Larry Meyer's or Chris Snider's  filings, inclusive of their respective SWORN AFFIDAVITS do their filings meet the mandated requirements of ORC Section 2935.19.

EXHIBIT D-1,D-2 IS THE,2nd,TIME THIS DOCUMENT HAS BEEN SUBMITTED TO THIS Federal Court and has been TAMPERED by Defendant(s) Deputies Chris Snider,Larry Meyer,Clark Gray,Michelle Hudepohl,either separately or in concert,that Does Not Match/Correlate with PLAINTIFF'S EXHIBIT A,in that it has been ERADICATED at the very top of the page by REMOVING:  2917.11 A-2 [M-4] PersisTenT DisorderLY  and from the back-side  the name (ClarK GraY,[t]hus Tampering with

(5.)

Evidence in violation of ORC Section 2921.12 (A) and Tampering with Records in violation of ORC Section 2913.42 (A).

Should EACH Defendant,Deputies Snider,Meyer,Hudepohol or Gray at Trial DENY said Tampering(s),then this Court can only conclude that the Tampering(s) were done by counsel Vincent/Landes and take the approiate steps,under the law, inclusive of,Judgement,favorable to Plaintiff.

EXHIBIT E-1,E-2 is a FALSIFIED Document in that Plaintiff was CHARGED,NOT BY, Defentant(s),Deputies Chris Snider or Larry Meyer who were in FACT inside Plaintiff's home 10/11/2000 but by Deputy Clark Gray in violation of ORC Section 2935.09,in that he,WAS NOT WITNESS to ANY Alleged Crime inside Plaintiff's home on 10/11/2000,and evidenced as such in PLAINTIFF'S EXHIBIT B,wherein he ILLEGALLY filed a CHARGE of MINOR MISDEMEANOR and his INEPTNESS OF THE LAW is exemplified in PLAINTIFF'S EXHIBIT D and therein EXHIBIT 1,PLAINTIFF'S EXHIBIT G,received by the COURT 2/5/2003 consisting of 22 typewritten pages mailed CERTIFIED,whose Certification number is shown in Plaintiff's CERTIFICATION, with EXHIBIT(s) 1-6 clarifies the CHARGE as a MINOR MISDEMEANOR,therefore, Plaintiff,WAS IN FACT ILLEGALLY ARRESTED,ILLEGALLY INCARCERATED WITHOUT PROCESS in violation of U.S.Constitution,Amendment(s) I,IV,V,VII,VIII,XIV Section 1.

Judge Clark's  JOURNAL ENTRY 790853 FEB 14,2001 it is JUDGE CLARK,who EXERTS her Personal BIAS/Bitterness toward Plaintiff when she wrote: Para.1 is Self-Evident.

Para.2 reads,Quoted: Upon Motion of the State,and for good cause shown,the State is permitted to amend the complaint and the complaint is hereby amended to include the language that the Defendant,William Reynolds,persisted in disorderly conduct after reasonable warning or request to desist.

This matter shall be set for jury.

(6.)

Judge Clark,at that point became:

1. Prosecuting Attorney!!

2. Judge,Jury and Hangman,all in one fell swoop!!!

3. It being Self-Evident that Judge Clark FAILED to Grasp the FACT that ORC Section 2935.09 was applicable,therefore,Deputy Clark Gray's COMPLAINT was FALSIFIED,and to Compound the FALSIFICATION he SWORE the content of his COMPLAINT to be TRUE when in FACT it Is Not file-stamped until: 2000 OCT 11 AM9:13,therefore,Clark Gray WAS WORKING 1st Shift,that date,and:

4. Judge Clark FAILED to Note,Read,Comprehend the FACT that NONE of the Defendant(s) Wrote and Filed a JURAT,MANDATED,on the FACE OF COMPLAINT Crim.R.3,and supported in State v.Green: [Cite as State V.Green (1988), 48 Ohio App 3d 121.].

5. ENTRY,Amending Complaint,file-stamped 2001 MAR 29 PM1:30,signatured by Judge Clark and A.P.A. Mary McMullen reads,Quoted:

Upon motion of the State,and for good cause shown,the complaint in above reference case is hereby amended to refelct the charge of disorderly conduct,a violation of R.C. 2917.11,a minor misdemeanor.

1. Plaintiff's OHIO REVISED CODE,Statutes,2917.11 is verbatum as far back as SEVENTEENTH EDITION of Criminal Law Handbook for the CHARGE of Disorderly Conduct under R.C. Section 2917.11 (A)(2) reads, Quoted:
No person shall recklessly cause inconvenience,annoyance or alarm to another,by doing any of the following:

2. (2) reads,Quoted:

Making unreasonable noise or offensively coarse

(7.)

utterence,gesture,or display,or communicating unwarranted and grossly
abusive language to any person,and in the case at hand,a MINOR MISDEMEANOR,
ignored by Judge Clark from 10/11/2000 until APR 19,2001,JOURNAL ENTRY
810064,where she then FAILED to dismiss in accordance to Crim.R.29 (A) that
states in part: The court on motion of defendant or on its own motion,after
the evidence on either side is closed,SHALL ORDER THE ENTRY OF A JUDGEMENT
OF ACQUITTAL of one or more offences charged in the indictment,information,
or COMPLAINT,if the evidence is insufficient to sustain a conviction of
such offence or offences. Etc.

1. In Case CRB0001246 Judge Clark FAILED to Comprehend that Plaintiff
was FALSELY ARRESTED INSIDE his home by Defendant Chris Snider in concert
with Defendant Larry Meyer,ILLEGALLY INCARCERATED,DENIED BAIL under ORC
Section 2935.15,DENIED phone call to his ATTORNEY in violation of ORC
Section 2935.14,INCARCERATED WITHOUT DUE PROCESS FOR THE CHARGE OF MINOR-
MISDEMEANOR in violation of U.S.Constitution,Amendment(s) I,IV,V,VIII (See
OAG 85-054,especially Page 2-202 para's.1,2 and Case Law.) and XIV Section
1.

2. Judge Clark FAILED to Recognize that Defendant,Deputy Clark Gray
ILLEGALLY filed COMPLAINT (PLAINTIFF'S EXHIBIT B) and SWORE the content
before Deputy Clerk Christine Adams when,IN FACT,he Was Not Witness to ANY
ALLEGED CRIME,inside Plaintiff's home on 10/11/2000,in violation of ORC
2935.09,[t]hus the ineptness of BOTH Judge Clark and Defendant,Deputy Clark
Gray have been Demonstrated before this Federal Court.

a. Judge Clark knew or should have known from the BOOKING  CARD,EXHIBIT(s)
E-1,E-2 that Plaintiff was Falsely Arrested and ILLEGALLY INCARCERATED,Was
Held Without Bail,in violation of U.S.Constitution,Amendment(s) I,IV,V,VIII,
XIV Section 1,OAG 85-054 Pages 2-200 to 2-203,especially Page 2-202 Para's.
1,2,and accompanying Case Law.

(8.)

b. Allegedly,Judge Clark read EXHIBIT(s) A-1,A-2,B,C,D-1,D-2 and PLAINTIFF'S EXHIBIT B,wherein she FAILED to NOTE the Time of Day (AM9:13) and WHO filed a COMPLAINT,against Plaintiff "FOR" Defendant(s) Deputies Chris Snider,in concert with Larry Meyer. Further,Defendant,Deputy Clark Gray was working FIRST (1st) SHIFT,therefore,Self-Evident he ILLEGALLY filed COMPLAINT "FOR" Defendant(s) Deputies Chris Snider and Larry Meyer,in violation of ORC Section 2935.09.

EXHIBIT F-1,F-2 by ARRESTING OFFICER(s) LARRY MEYER for the CHARGE OF ASSAULT::

1. Plaintiff's recollection is that this Court previously has ruled that there Would Not be any background for more than eight (8) years,as depicted in EXHIBIT F-1,F-2 as submitted by counsel Vincent/Landes,however,if that is not correct,Plaintiff responds as follows:

2. Defendant,Deputy Larry Meyer in the Captioned Case Did Not know any more about the law on 10/10/1992 then he does on 10/10/2000,because,ORC Section 2903.22 A,IS NOT ASSAULT,in Plaintiff's copy of the law,therefore, his ineptness as a Deputy Sheriff is a continuing thing.

3. Counsel Vincent/Landes have FAILED to check anything prior to their submission into this Federal Court.

4. Deputy Larry Meyer on 10/10/1992 in EXHIBIT(s) F-1,F-2 as the Arresting Officer FAILED to:

        a. Read Plaintiff Miranda v.Arizona.

        b. Provide Plaintiff with his Blood Pressure Medication while incarcerated,as shown on EXHIBIT F-2.therefore, in violation of U.S.Constitution,Amendment VIII,OAG

85-054,Pages 2-200-2-203,especially,Page 2-202 Para's 1,2, and Case Law therein.

5. The infractions of Plaintiff's <u>RIGHTS</u> by Defendant,Deputy Larry Meyer on <u>10/10/1992</u>,warrants,counsel Vincent/Landes to produce,(1) Copy of alleged Warrant to Arrest,(2) Copy of Each Hearing Tape Recording,and or Transcript, (3) Copy of Trial Tape Recording and or Transcript.

6. Defendant,Deputy Larry Meyer's ineptness is further exemplified by putting down an address of <u>7024 St.Rt.221</u> instead of Plaintiff's address.

EXHIBIT G-1,G-2 by Arresting Officer for the CHARGE of  Crim.Tres. under ORC 2903.21,Deputy Larry Meyer 6/3/1994.

1. Plaintiff's recollection is that this Court previously ruled that there Would Not be any background for more than six (6) years as depicted in EXHIBIT(s) G-1,G-2 as submitted by counsel Vincent/Landes,however,if that is not correct,Plaintiff responds as follows:

2. Defendant,Deputy Larry Meyer in the Captioned Case did not know any more about the law on 10/10/1992,herein 6/3/1994 or 10/10/2000,because,ORC Section 2903.21 <u>IS NOT</u> Criminal Trespass,in Plaintiff's copy of the law, therefore,his ineptness as a Deputy Sheriff spans from 10/10/1992,6/3/1994,to 10/11/2000 just for Plaintiff,and most likely by all other persons he has contact with in an official capacity,to date.

3. Counsel Vincent/Landes have FAILED to check anything prior to their submission into this Federal Court.

4. Deputy Larry Meyer on 6/3/1994 in EXHIBIT(s) G-1,G-2 as the Arresting Officer FAILED to:

a. Read Plaintiff Miranda v. Arizona.

(10.)

    b. Provide Plaintiff with his <u>SPECIAL MEDICAL NEEDS</u>: YES-BlooD PRessuRE ETC.,Medications shown on EXHIBIT G-2, therefore in violation of U.S.Constitution,Amendment VIII,OAG 85-054,Pages 2-200-2-203,especially,Page 2-202 Para's 1,2,and Case Law therein.

5. The infractions of Plaintiff's <u>RIGHTS</u> by Defendant,Deputy Larry Meyer on <u>6/3/1994</u>,warrants,counsel Vincent/Landes to produce,(1) Copy of alleged Warrant to Arrest,(2) Copy of EACH Hearing Tape Recording,and or Transcript, (3) Copy of Trial Tape Recording,and or Transcript.

6. Defendant,Deputy Larry Meyer's ineptness is a,<u>Continuing Trait</u>,altho he from his PEERS within the Brown County,Ohio Sheriff's Department file <u>GLOWING EMPLOYEE PERFORMANCE EVALUATION REPORTS</u>,even from his <u>OWN FATHER</u> Sgt. Lee Meyer and subsequently,Lt.Lee Meyer,THAT REEKS OF <u>NEPOTISIM</u>,from <u>DISCOVERY</u> submitted by counsel Vincent <u>JUN 2,2006</u>.

7. Defendant,Deputy Larry Anthony Meyer,S/S██████████,DOB ██████████, background within the Brown County,Ohio Sheriff's Department is inclusive of:

1. Letter to Sheriff Crawford dated 12/17/1998 that reads,Quoted:

12/17/98
    To Sheriff Crawford.
    This is a letter to advise you that I would like to submit to you that I am intrested in the Lt,Det.position posted,I feel with my 10yrs. experience that I am qualified for the position,
        If I am not seclected for the position I would like a letter stating the reason,
                    Thank you
                          <u>Signatured by Dep.Larry Meyer</u>.
                  Deputy Larry Meyer
                  12/17/98

Plaintiff's Comments:

(11.)

1. The letter itself depicts,(1) His inability to write a letter for seeking a promotion,(2) His ineptness to use puncuation correctly,(3) His inability to lay out a letter correctly or furnish any attributes for why he should be considered,other than 10yrs.,(4) Counsel Vincent/Landes FAILED to include,IN DISCOVERY,the letter stating the reason why he was not selected.

2. Defendant,Deputy Larry Meyer's,CERTIFICATION EXAMINATION FOR  OHIO PEACE OFFICERS,Student Grade Report on 8/11/1989,makes it self-evident to Plaintiff,coupled with UNINTELLIGIBLE,GRAMMICALLY INCORRECT,SLOPPY PENMANSHIP REPORTS he writes,small wonder he has not been terminated.

His test scores reveal his Lack of Qualification as follows:

| | | Max Score | Questions Correctly answered | |
|---|---|---|---|---|
| I. | Admin. | 19 | --14 | |
| II. | Legal | 46 | --32 | |
| III. | Human Rel. | 29 | --24 | |
| IV. | Firearms | N/A | Testing comp,but not by whom. | |
| V. | Driving | N/A | Testing comp,but not by whom. | |
| VI. | Invest'n | 28 | --21 | |
| VII. | Traffic Acc. Invest'n | 29 | --16 | |
| VIII. | Patrol | 12 | --10 | |
| IX. | Traffic Enforcement | 24 | --16 | |
| X. | Civil Disorders | 11 | --9 | |
| XI. | Unarmed Self-Defense | N/A | Testing comp,but not by whom. | |

(12.)

XII.  Prisoner     Max Score 2-- Questions correctly answered--2
      Booking
       and
      Handling

XIII. First Aid              N/A                          Testing comp.but
                                                          not by whom.


               Possible Maximum
                    Score          200    Total Number of
                                          Questions
                                          Correct:           144

                                          Percentage of
                                          Questions
                                          Correct:           72

                                          Passed
                                          Examination         √

Removing the Percentage for <u>Overall</u> test Score for Defendant,Deputy Larry

Meyer,and doing the Percentage for EACH <u>ATTRIBUTE Tested</u>,on its own Merit,He

would have FAILED. When a test has a question that has,<u>A POSSIBLE MAXIMUM</u>

<u>SCORE of 2</u>,Grading on the Curve,and or by Percentage,defeats the purpose/intent

of Testing,when for that <u>one question</u> (XII.) <u>he gets 100%</u>,Dynamically Changes

the OVER-ALL TEST SCORE PERCENTAGE,almost as if done Purposely.

Plaintiff Does Not know the Test Administrator's name,nor can he read her

signature as it is,AS SLOPPY,as Larry Meyer's Reports.


        <u>Special Note to the Court and counsel Vincent/Landes:</u>

Sometime <u>AFTER</u> 6/3/1994 EXHIBIT G-1,G-2,and 3-11-98,the Sheriff's

Department in Brown County,Ohio <u>CHANGED the FORMAT of BOOKING CARD</u>,by <u>REMOVING</u>

<u>"Special Medical Needs"</u>,<u>for prisoners.</u>


EXHIBIT H-1,H-2 is the Epitome of the BALANANT INEPTNESS of Defendant,Deputy

Jack B.Moore in concert with Sgt.Nehus who filled out the Booking Card,

submitted to this Federal Court on or about 7/31/2006,that Plaintiff finds to have Tampered/Falsified entries entered into the BOOKING CARD when compared to PROBABLE CAUSE AFFIDAVIT,Both dated 03-11-1998,(1) Failure by Defendant,Deputy Jack B.Moore to Write and File JURAT under Crim.R.3,See STATE v. GREEN [Cite as State v.Green (1998),48 Ohio App.3d 121.]

Further,Plaintiff was Falsely Arrested and ILLEGALLY INCARCERATED by Defendant,Deputy Jack B.Moore in concert with Dog Warden Michael Darnall on the SINGULAR CHARGE of MINOR MISDEMEANOR,3/11/1998,and evidenced as such in the ATTACHED COPY of G-1,being said Minor Misdemeanor Citation,Deputy Jack B. Moore HAS SWORN to be TRUE,on the FACE of CITATION,and Notarized by Angela Craig.

Here this Federal Court and counsel Vincent/Landes are to NOTE that there isn't,ANY CITATION NUMBER,for said Citation on 03-11-1998 as dated at the hand of Defendant,Deputy Jack B.Moore,but,does SHOW Case No.98CRB1717-03,however, there ARE NOT any other CHARGE(s) that same date. It is important to NOTE,said Citation,in part reads,Quoted:

TO DEFENDANT:

On 03-11-1998 at SR. 221 Georgetown,OH you Did In A PUBLIC PLAcE OF TWO OR MoRE PErSOnS EnGAGE In CONDuCT LIKELY TO BE OFFENSIVE OR X Cuse,Blab,Blab, that is not legible.

What is important is the FACT Defendant,Deputy Jack B.Moore,WROTE: Did in a Public Place of two or more persons,etc.,and therein gave  Plaintiff's Name,Address,S/S no.,HE,declared as a Public Place,when in FACT it is PLAINTIFF'S HOME,therefore,the INEPTNESS of Defendant,Deputy Jack B.Moore, however,in doing this,HE, violated Plaintiff's RIGHTS under U.S.Constitution, Amendment(s) I,IV,V,VI,VIII,XIV Section 1,Miranda v.Arizona,OAG 85-054 Pages 2-200 to 2-203,especially Page 2-202 Para's.1,2,held plaintiff in Jail,WITHOUT his Prescription Medications as shown on Plaintiff's CADUCEUS,from 3:03PM

(14.)

3/11/1998 to 10:40AM 3/12/1998 on his,Singular Charge of Minor Misdemeanor.

3/12/1998,comes Defendant,Deputy Donnie Wagner AT 98 MAR 12 AM8:54 who ILLEGALLY files and SWEARS the content of PLAINTIFF'S EXHIBIT(s) L,No. 98CRB1717-01 and M,No,98CRB1717-02 in violation of ORC Section 2935.09 because HE WAS NOT WITNESS TO THESE ALLEGED CRIMES on 3/11/1998,wherein:

1. Exhibit G-1 shows CASE No.98CRB1717-03 on 3/11/1998,BOTH the Court and counsel Vincent/Landes,HAVE TO BE WONDERING HOW THIS COULD BE,and:

2. How is it possible that(2917.11) by interlination got added to ALL COPIES,EXCEPT Plaintiff's??,and:

3. How is it possible for ONLY Plaintiff's PINK COPY of said Minor Misdemeanor Citation has: 9:00pm Rec.WDR (Plaintiff's initals)

4. How is it possible for ONLY Plaintiff's PINK COPY of said Minor Misdemeanor Citation NOT TO HAVE THE CASE No. written in--- the words that come to mind for Plaintiff is Tampering With Evidence and Tampering with Records,respectively in violation of ORC Section 2921.12 (A),2913.42 (A),and at that TRIAL 1:05CV224,Plaintiff SHALL throw in Obstruction of Justice,in violation of ORC Section 2921.32 (A).

5. Why,from EXHIBIT H-2 would Judge Clark set a  "Bond SEt AT 5,000 CASH PER JudgE ClaRK" for a Minor Misdemeanor Citation,THAT IS NOT A JAILABLE VIOLATION unless she is,A Party of the First Part,in the Tampering with Evidence,Tampering with Records that occured on 3/11/1998 by her own Deputy Clerk of Courts MARY LINDSEY who added (2917.11) to M/M Citation,and who also permitted Defendant,Deputy Wagner to SWEAR PLAINTIFF'S EXHIBITS L,M,alleged crimes he WAS NOT WITNESS TO,and filed on 3/12/1998 as the file-stamp shows.

6. Defendant,Deputy Donnie Wagner FAILED to Write and File JURAT under Crim.R.3 and Judges Zachman,Schriver,Clark,Prosecutor Thomas Grennen and Robert Benintendi in concert FAILED to NOTE and OVERTURN CONVICTION under State v. Green,[Cite asState v.Green (1988),48 Ohio App.3d 121.]

(15)

EXHIBIT I-1 is the Prima-Facie,Irrefutable FACT of (1) Judge Schriver's personal BIAS toward Plaintiff,when:

1. He FAILED to produce a BOND SHEET,as he alleged was available.

2. He FAILED to NOTE the FACT that neither Defendant,Deputy Jack B. Moore and or Donnie Wagner Wrote or Filed JURAT,therefore,he FAILED to give Plaintiff EQUAL PROTECTION UNDER THE LAW in violation of U.S. Constitution,Amendment XIV Section 1,and STATE v.GREEN.

3. He FAILED,in producing Judge Clark's Record(s) for Setting a $5,000 Bond for the ONLY CHARGE on 3/11/1998 of Minor Misdemeanor.

4. He in concert with Assistant Prosecutor Robert F.Benintendi,FAILED to have Judge Clark File a note for SETTING $5,000.00 CASH BOND for said Minor Misdemeanor,as depicted in EXHIBIT H-2 and supported in Transcript.

5. EXHIBIT H-1 shows 1st offense by MOORE: DOC,2nd Menacing,3rd Assault on a Police Officer that is COUNTERMANDED by PLAINTIFF'S EXHIBITS L, M,therefore,FALSIFIED by BOTH Defendant,Deputy Jack B.Moore and Sgt. Nehus.

6. Why did Judge Schriver in concert with Prosecutor Benintendi BOTH FAIL to NOTE and ACT upon the REVERSAL for Dates of Occurence,by Defendant, Deputy Clerk of Courts Mary Lindsey for M/M Citation on 03-11-1998 by Defendant,Deputy Jack B.Moore (Case No.98CRB1717-03) v/s PLAINTIFF'S EXHIBIT(s),THE NEXT DAY,by Defendant,Deputy Donnie Wagner FOR Defendant, Deputy Jack B. Moore,and evidenced in PLAINTIFF'S EXHIBIT(s) L,M,and in Transcript on 3/12/1998 that Judges Zachman and Schriver BOTH FAILED to NOTE and ACT upon for this violation of ORC Section 2935.09, because Defendant,Deputy Donnie Wagner,WAS NOT WITNESS TO ANY ALLEGED CRIME AT PLAINTIFF'S ADDRESS of 7013 St.Rt.221 on 3/11/1998 or at any other time,therefore,all of them named herein #6 violated Plaintiff's U.S.Constitution,Amendment XIV Section 1 that reads,Quoted:

(16.)

All persons born or naturalized in the United States <u>and subject to the</u>
<u>jurisdiction thereof,are citizens of the United States and the State wherein</u>
<u>they reside. No State shall make or enforce any law which shall abridge the</u>
<u>priveleges or immunities of citizens of the United States;nor shall any State</u>
<u>deprive any person of life,liberty,or property,without due process of law;nor</u>
<u>deny to any person within its jurisdiction the equal protection of the laws.</u>

It is Self-Evident to Plaintiff from Page 1 to 17 herein that Plaintiff has
been DENIED his RIGHTS,throughout,<u>commencing on 3/11/1998 to the date of this</u>
File-Stamp into this Federal Court.

7. Lastly,EXHIBIT I-1 confirms that Plaintiff was DENIED his Rights under
   the U.S. and Ohio Constitution(s) respectively Amendments I,IV,V.VI,VIII,
   XIV Section 1,Articles 9,10,OAG 85-054 Pages 2-200-2-203 and in
   particular Page 2-202 paragraphs 1,2 and Case Law therein,STATE v.
   HOFFMAN [<u>Cite as State v. Hoffman (1979),57 Ohio St.2d 129.</u>],THE OHIO
   LAW ABSTRACT (39Abs.) Pages 595--609 in the Captioned Case and in Case
   No.1:05CV224.

   EXHIBIT I-1 describes the FALSIFICATIONS contained in EXHIBITS H-1,
   H-2,by Defendant,Deputy Jack B.Moore,Judges Zachman,Schriver,Prosecutor
   Grennen/Asst.Prosecutor Robert Benintendi.

EXHIBIT I-2,describes the,FALSIFIED CHARGE,by Defendant,Deputy Donnie
Wagner on 3/12/1998,who is further so INEPT that he Does Not know or understand
that 2903.22 IS NOT a Chargeable Crime under ORC Section 2903.22 WITHOUT the
(A) following the number.

Defendant,Deputy Donnie Wagner FAILED to read Plaintiff Miranda v.
Arizona when he served Plaintiff with his ILLEGAL COMPLAINTS,3/12/1998 and
therein FAILED to Write and File JURAT under Crim R.3.

(17.)

Judge Schriver,in his Cover-Up of the FACT that Plaintiff was FALSELY Arrested and UNLAWFULLY INCARCERATED,3/11/1998,in the singular charge of Minor Misdemeanor.

PLAINTIFF'S EXHIBIT G-1 was Sworn and notarized by Angela Craig for Defendant,Deputy Jack B.Moore to be TRUE as shown in the content of PLAINTIFF'S EXGIBIT G-1,therefore,Defendant(s) Judge Schriver in concert with Asst.Prosecutor Benintendi DROPPED the M/M Charge,Plaintiff asserts they were not Privileged to do,then ILLEGALLY instructed Plaintiff that he could not mention the M/M Citation at Trial,but it was mentioned by Dep.Moore and it went over the heads of Each JUROR.

Plaintiff CLAIMS FOUL,because,Defendant Judge Clark,allegedly,set BOND at $5,000.00 CASH ONLY,on the singular charge of Minor Misdemeanor,dated 3/11/1998. (Ref.EXHIBIT H-2 and PLAINTIFF'S EXHIBIT(s) G-1,L,M,attached.)

EXHIBIT I-2,is the FALSIFIED CHARGE by Defendant,Deputy Donnie Wagner, THE NEXT DAY,3/12/1998 AM8:54,in violation of ORC Section 2935.09 an alleged Criminal Act that he was not Witness to,as Mandated therein.

EXHIBIT I-3,is the FALSIFIED CHARGE by DEFENDANT,Deputy Donnie Wagner, THE NEXT DAY,3/12/1998 AM8:54,in violation of ORC Section 2935.09 an alleged Criminal Act that he was not Witness to,as Mandated therein.

In BOTH EXHIBIT(s) I-2,I-3 Defendant,Deputy Donnie Wagner FAILED to read Plaintiff Miranda v.Arizona,and further,FAILED TO PROVIDE TO PLAINTIFF, his RIGHTS under U.S.Constitution,Amendment(s) I,IV,V,VI,VII,VIII,XIV Section 1,OAG 85-054 Page(s)2-200,2-201,2-202,2-203 and especially 2-202 paragraphs 1,2 and Case Law therein.

BOTH,EXHIBIT(s) I-2,I-3 were in posession and or available to Judge(s) Zachman and Schriver,however,BOTH FAILED,to THROW THE ILLEGAL COMPLAINTS OUT under ORC Section 2935.09 as filed by Dep.Wagner,and to THROW OUT the M/M

Citation for being FALSIFIED IN CONTENT,SWORN to be TRUE,Notarized as such, and TAMPERED by REVERSING date of OCCURENCE,TAMPERED BY ADDING (2917.11) in a penmanship OTHER THAN Defendant,Deputy Jack B.Moore's.

The JURY were in posession of these same EXHIBIT(s) and or had access to said records,but,FAILED to COMPREHEND the ILLEGAL CONTENT of M/M Citation or ILLEGAL CONTENT of BOTH COMPLAINTS. In part,this can be attributed to the COVER-UP by Judge Schriver in his instructions to Plaintiff not to mention the M/M Citation to the JURY,however,Defendant,Deputy Jack B.Moore testified T.6/30/1998 Page 130 line 2-5 reads,Quoted: (Questions by Plaintiff,Answers

by Defendant,Deputy Jack B.Moore.)

Q. What was I charged with?

A. At the time of arrest,I believe it was just a disorderly conduct,at the time of arrest.

Here,This Court,counsel Vincent/Landes should NOTE: That Sworn Testimony WENT OVER THE JURY'S HEAD,as did the testimony T.6/30/1998,Page126 line 5--23,Questions by Plaintiff,Answers by Defendant,Deputy Jack B.Moore.)

THE COURT: I'll note your statement,but I'll allow the deputy to explain.

A. Okay,what it was like,I filled out the probable cause.

Q. You what? I didn't hear it that time.

A. I filled out the probable cause for the charges to be filed,Okay? The next day,the day shift officer will take them over to the Prosecutor's office so the second and third shift officers doesn't come in during the day,on their off time,to file charges at the Prosecutors office.

Q. Those two complaints were used in this courtroom by Judge Zachman, and those are the two complaints filed by Deputy Wagoner. (Wagner.) They didn't go to the Prosecutor's office to the best of my knowledge,because

(19.)

the judge had them in his hand.  T. 6/30/1998 Page 128,Dep.Moore's SUPP
Report,Page 2 line 10-12 is FALSELY quoted to the COURT and JURY,reads,Quoted:

AT THAT TIME I/O TRIED TO GET AHOLD OF MR,REynoLDS TO ADVISE HIM HE WAS
UnDER ARREST.

Deputy Moore ,Quoting from his own SUPP REPORT,reads as transcribed by
Defendant,Court Reporter Deborah Adkins:

A. Okay,With the beer? "The beer can and at that time I tried to get a'hold
of .Mr.Reynolds to advise him he was under arrest."

Both the COURT and JURY let that FALSIFIED QUOTATION by Defendant,Deputy
Jack B.Moore,GO OVER THEIR HEADS,and simply put,Deputy Moore DID NOT,HAVE TO
"HAVE A'hold OF PLAINTIFF" to tell him he was under arrest,further,the ONLY
CHARGE by Deputy Moore on 3/11/1998 was Minor Misdemeanor Citation,evidenced
in the attached PLAINTIFF.'S EXHIBIT G-1,therefore,HE HAD NO REASON/Probable
Cause to TAKE A'HOLD of PLAINTIFF or INCARCERATE him on 3-11-1998 as HE has
written.

Evidence of Deputy Moore's FALSIFICATION(s) is in the attached PLAINTIFF'S
EXHIBIT(s) L,M,Written and SWORN,by Defendant,Deputy Donnie Wagner,in violation
of ORC Section 2935.09.

Judge Herman J.Weber now has a better,INSIGHT,for how the Brown County,
Ohio Sheriff's Department,in conjunction with the Prosecuting Attorney's office
and the JUDGE(s)in Brown County,Ohio,OPERATE,self-evident,NOT TO BE UNDER THE
LAW in the Captioned Case or 1:05CV224,also in this Federal Court.

PLAINTIFF MOTIONS,the Court to SUPRESS counsel Vincent/Landes EXHIBIT(s)
F-1,F-2,G-1,G-2, as the Court has previously ruled based on time/dates of
occurence.

(20.)

PLAINTIFF,from counsel Vincent/Landes' EXHIBITS I-1,I-2,I-3 submits to this Federal Court,**PLAINTIFF'S EXHIBIT I-1,I-2,I-3-1**,as evidence that Plaintiff DID NOT have a JURY of HIS PEERS at TRIAL,6/30/1998,that was SIX YEARS 16 DAYS (6) YEARS (16) DAYS "**PRIOR**" to PLAINTIFF'S EXHIBIT I-1,I-2,I-3-1 dated OCT 16, 2003,wherein the JURORS,SIX YEARS "EARLIER" T.6/30/1998,would,Statistically Speaking, at the rate of three/four out of five would have been "Low Level Readers",only More of Them,therefore,by definition of PEER Plaintiff Did Not have a Jury of His Peers,and was convicted.

Further,Plaintiff has MOTIONED this Federal Court to DISMISS all potential jurors if they,Were Not High School Graduates,and that GED Equivalent Was Not Acceptable,as they have already proven themselves to be QUITTERS,coupled with the FACT they wouldn't understand the Courts Instructions or THE LAW,as self-evident,since REMOVAL by counsel Vincent/Landes,Common Pleas Court,Brown County,Ohio,Case No.20010713.

EXHIBIT J-1,J-2 by counsel Vincent/Landes is Additional and Irrefutable FACT that Defendant,Deputy Jack B.Moore's and PLAINTIFF'S EXHIBIT T is further FALSIFIED as his P.C.A. on 03-11-1998 wherein he shows Plaintiff's WEIGHT as 205# J-1 shows it as 225# and Dr.McHenry's Record Shall Prevail,at Trial, Moore shows Plaintiff's Hair as BK,EXHIBIT J-1 shows it to be GRAY,Dr.McHenry's records Shall Prevail.

EXHIBIT J-2 shows: Sentence Begins: 07/02/98 08:00--Sentence Expires: 7/31/98 15:30,however,Release Date 07-29-98 is self evident not to be (30) days as mandated in Disposition/Sentence by Judge Schriver. This OBVIOUS DISCREPANCY in violation of EXHIBIT(s) I-1,I-2,I-3,J-1,J-2,FAILURE by counsel Vincent/Landes further FAILS to include JOURNAL ENTRY for Sentencing,Thursday JUL 2,1998 at 8:30AM. This continued FAILURE to provide FACTS by the Brown County,Ohio Court for what transpired will result in Plaintiff's MOTION to

SUPRESS,EXHIBIT(s) I-1,I-2,I-3,J-1,J-2 as being INCOMPLETE,LACKING in FACTS, therefore,Irrelevant,and Nonessential in the Captioned Case.

Col. William D. Reynolds

Col.William D.Reynolds,Plaintiff

## CERTIFICATION

Two Original Signatured copies mailed to Federal Court for File-Stamp and return of one copy to Plaintiff in S.A.S.E. provided. Copy mailed to counsel Vincent/Landes,Tuesday 8/28/2006.

77C MT. CLER PIKE
(street and number)

GEORGETOWN, OH    BROWN County, Ohio
(city)           (name of county)

**State of Ohio**

| | |
|---|---|
| v. | **MINOR MISDEMEANOR** |
| LEWILLIAM D ZEYNOLDS | **CITATION** |
| (name of defendant) | **(Rule 4.1)** |
| 7013 S 2 221 GTGN | |
| (address) | |
| 12-02-31  21512-2005 | CITATION NO. |
| D.O.B.    S.S.N. | 98CRB1717-C3 |
| | CASE NO. |

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**TO DEFENDANT:**

On _____03-11-_____ 19 9P at
            (date)

7013 SR 221  GEORGETOWN, OH
            (place)

you DID IN A PUBLIC PLACE OR THE RL MOLE
(describe the offense charged and state the numerical

RECLOS ENGAGE IN CONDUCT LIKELY TO BE OFFENSIVE
designation of the applicable statute or ordinance)

OR TO CAUSE INCONVENIENCE ANNOYANCE ALARM TO PERSONS
OF ORDINARY SENSIBILITIES    (2917.11 * )

You are ordered to appear at * the above-captioned Court
at 9:00AM o'clock FRIDAY  03-13- 19 9P
                        (day, date)

* the Juvenile Court of _____
County at the time and place ordered by that Court.

If you wish to contest the matter you must appear at the above time
and place. In lieu of appearing at the above time and place you may,
within seven (7) days after the date of issuance of this citation: (1) appear
personally at the captioned Court, sign the guilty plea and waiver of
trial which appear in this form, and pay a fine of $100.00
and court costs $40.00    or (2) sign the guilty plea and waiver
provision, mail citation and check or money order for fine and costs
stated in (1) above to the captioned court.

If you fail to appear at the time and place stated above; or comply with
either (1) or (2), you may be arrested.

This citation was served personally on the defendant.

_DEP MCEE_
Signature of Issuing Law Enforcement Officer

Being duly sworn the issuing law enforcement officer states that he has
read the citation and that it is true.

_DEP MCEE_
Issuing Officer

Sworn to and subscribed before me by _____
    on MARCH 11 , 19 9P

_Angela Craig_
Notary Public State of Ohio    Public
My Commission Expires
My Commission Expires 9-25-2002
9-25-2002

_____
Signature of Defendant
(Refusal to sign citation could result in your arrest)

* Delete the lines not applicable

**PLAINTIFF'S**
**EXHIBIT**
_G-1_

Jun..Co 500 C

N THE __BROWN COUNTY COURT__ _____ __BROWN__ __GEORGETOWN__ . OHIO
(Court)                                              (Name of County)        (City)

THE STATE OF OHIO

vs                                      No __9380b17G-1__
__WILLIAM REYNOLDS__
SSN: 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                        **COMPLAINT**
DOB: 12-2-37
                                        (Rule 3) (Rule 4)
7013 St. Rt. 221
GEorgetown, Ohio   45121
Address

Complainant being duly sworn states that __William Reynolds__
                                              (defendant)

__Brown__ _____ . County. Ohio on or about _____ __March 11,__

19 9? __did recklessly or by force, resist or interefere with a lawful arrest of the person__
    (state the essential facts)
    __or another.__

PLAINTIFF'S
EXHIBIT
__L,__

__Section 2921.33(A) of the ORC, a misdemeanor of the second degree.__
in violation of _____
    (state the numerical designations of the applicable statute or ordinance)

                                        Complainant  DEP. D. WAGNER for DEP. B. MOORE

Sworn to and subscribed before me by __Dep. D. Wagner__ _____ on
__3/12__ 19 _93_

_____
Judge - Clerk - Deputy Clerk

or

_____
Notary Public

I do hereby certify this to be a true copy of the original
entry in above captioned case on file in Brown County Court
journal ____ Page ____
                                        _____ County, State of Ohio
        Clerk
_____             My commission expires _____ 19 ___

Mun. Co. 500 C

IN THE ___BROWN COUNTY COURT_____, BROWN GEORGETOWN , OHIO
           (Court)                                          (Name of County)    (City)

FILED

THE STATE OF OHIO

                    vs.                           )        No. 98CR3177-02
            WILLIAM REYNOLDS                       )
            SSN: 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                        )        COMPLAINT
            DOB: 12-2-37                            )
Name                                               )        (Rule 3) (Rule 4)
        7013 St. Rt. 221
Address  Georgetown, Ohio   45121

    Complainant being duly sworn states that ____William Reynolds_____
                                              (defendant)
at ___Brown_____, County, Ohio on or about ____March 11,_____.
   (place)
19 _98__   did knowingly cause another to believe that the offender will cause physical harm
          (state the essential fact's)
           to the person or property of such other person, such other person's unborn, or a
           member to the other person's immediate family.

PLAINTIFF'S
EXHIBIT
M.

(A)

in violation of ___Section 2903.22 of the ORC, a misdemeanor of the fourth degree._____
                 (state the numerical designations of the applicable statute or ordinance)

                                        _____
                                              Complainant DEP. D. WAGNER for DEP. B. MOORE

Sworn to and subscribed before me by ___Dep. D. Wagner_____ on
           ___3/12___ 19 _98_.

I do hereby certify this to be a true copy of the original
entry in above captioned case on file in Brown County Court
Journal_____Page_____                        _____, County, State of Ohio

Case 1:01-cv-00877-HJW-TSB    Document 124    Filed 08/30/2006    Page 26 of 26

# EMOC T

100
roll
195
19

# County literacy tutors r

## Workshop held at Georgetown Church of Christ

**By MARSHA MUNDY**
Staff Writer

Brown County residents have expressed their concern over a problem that is becoming increasingly widespread. Statistics show that one in five adults read at a low level. Low level readers know some words by recognition such as restroom signs, stop signs and exit signs, but most of these low level readers do not know the alphabet or phonics. Some adults struggle with reading, writing, spelling and grammar. These adults, living in Brown County, will be able to take advantage of 18 tutors now being trained throughout the county to help adults learn to read by using the Laubach Method of tutoring. The Literacy Council of Clermont and Brown Counties is in the process of conducting tutor training classes in Georgetown. By Oct. 18, these tutors will have completed their training and be available to teach area adults to read.

A member of the Georgetown Church of Christ congregation was instrumental in bringing this training to Brown County for the first time. In the past, tutors received their training at the literacy office in Clermont County. He approached the church elders about the need and they envisioned the potential for enriching the lives of people in the community both economically and spiritually through this program. As a result, the elders of Georgetown Church of Christ have generated enough interest within their congregation to warrant the Literacy Center holding a training session in Brown County for the first time in their history.

The Literacy Council of Clermont and Brown Counties is staffed by three part-time staff members but relies heavily on volunteers to perform most of the work. They currently have 60 trained tutors and nearly 30 other volunteers who help with various duties around the office and with special projects. The training session is conducted by volunteers Kathy Gillespie and Michelle Gossett.

The Literacy Council receives 30 - 40 percent of its funding from the United Way. Yvonne Walker, outreach director for the



Brown County li
Council of Cler
Georgetown Ch

**Please see READ / page 3**

# Historical marker de

le

31