FILED
JAMES BONINI
CLERK

06 OCT 25 PM 1:45

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLIAM D. REYNOLDS, : | |
| Plaintiff, : | |
| : | Case No. C-1-01-877 |
| v. : | |
| WINDELL CRAWFORD, et al., : | |
| Defendants. : | |

## ORDER

This matter is before the Court upon Defendants' motion for summary judgment (Doc. 113) and reply in support thereof. (Doc. 120).

Plaintiff originally filed this action in the Court of Common Pleas of Brown County, Ohio, against various Brown County government employees. Defendants removed the action to this Court on December 19, 2001. (Doc. 1). On September 29, 2005, this Court ruled on the parties' cross motions for summary judgment (Docs. 55, 58), denying Plaintiff's motion and granting Defendants' motion in part. (Doc. 87). Pursuant to that decision, only Plaintiff's claims against Defendants Chris Snider, Larry Meyer, Clark Gray and Michelle Hudepohl for alleged violations of the First and Fourth Amendments to the United States Constitution remain.

On May 31, 2006, said remaining Defendants filed a second motion for summary judgment. (Doc. 113). According to Defendants, Plaintiff's deposition testimony taken on February 6, 2006, reveals that the sole basis for his claim against Defendant Hudepohl is her signature as notary public appearing on a probable cause affidavit relative to Plaintiff's arrest.

(*See* Doc. 113, pp. 3-4). Defendants further observe that the crux of Plaintiff's similar complaint against Defendant Gray is that he, too, signed a criminal complaint against Plaintiff. (*See id.* at 4-5). A copy of the probable cause affidavit produced by Defendants (Doc. 113, Exh. B), however, belies even that proposed basis for liability against Defendant Gray, as Gray's signature appears nowhere on the document.

Despite being granted an extension of time and being directed by the Court to file his response to Defendants' motion for summary judgment by July 17, 2006 (*see* Doc. 117), Plaintiff has filed nothing in opposition to that motion. As the evidence of record, including Plaintiff's own deposition testimony, sets forth no legal basis for maintaining a federal cause of action against either Defendant Hudepohl or Gray, Defendants' motion for summary judgment is GRANTED as to those Defendants.

Plaintiff's claims against Defendants Snider and Meyer, however, are based upon a less attenuated connection to the arrest which underlies Plaintiff's complaint. According to the record, both Snider and Meyer were Brown County deputy sheriffs who appeared at Plaintiff's door in the early morning hours of October 11, 2000, in response to a complaint from Plaintiff about barking dogs. Although Plaintiff initially invited the deputies inside, Plaintiff alleges that he subsequently withdrew that invitation and asked that the officers leave his home. Defendant Snider nonetheless arrested Plaintiff on a charge of "persistent disorderly conduct" under Ohio Rev. Code § 2917.11, based on the fact that Plaintiff yelled and cursed at the deputies, and failed to stop after Snider and Meyer warned him to do so. Defendant Meyer did not intervene in that arrest.

Construing all facts in the light most favorable to Plaintiff, as we must for purposes of

this motion, *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986), this Court again concludes that genuine issues of material fact exist as to whether Deputy Snider had probable cause to arrest Plaintiff for disorderly conduct, *see Swiecicki v. Delgado*, 463 F.3d 489, 498 (6th Cir. 2006) ["Probable cause is an issue of fact for the jury to resolve if there are any genuine issues of material fact that are relevant to the inquiry."], and if Snider lacked probable cause, whether Deputy Meyer had an affirmative duty to intervene in order to prevent a violation of Plaintiff's constitutional rights. *See Jacobs v. Village of Ottawa Hills*, 5 Fed. Appx. 390, 395 (6th Cir. 2001). The existence of such factual issues precludes summary judgment as to those two Defendants.

IT THEREFORE IS ORDERED that Defendants' motion for summary judgment (Doc. 113) hereby is GRANTED in part and DENIED in part. The motion is GRANTED as to Plaintiff's federal claims against Defendants Gray and Hudepohl in their entirety, and such claims therefore are DISMISSED with prejudice. The motion is DENIED as to Plaintiff's remaining claims against Defendants Snider and Meyer, and this matter hereafter shall proceed in accordance with the established schedule as to those two Defendants only.

**IT IS SO ORDERED.**

_____
Herman J. Weber, Senior Judge
United States District Court

J:\HJWF\01-877.sj.wpd