JAMES BONINI
CLERK

**NOT RECOMMENDED FOR PUBLICATION**

08 MAY 30 PM 3: 51          No. 06-4525

**FILED**

MAY 29 2008

LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

1:08CV 877 - HJW

|  |  |  |
|---|---|---|
| **WILLIAM D. REYNOLDS,** | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| **CHRIS SNIDER, LARRY MEYER and** | ) | SOUTHERN DISTRICT OF OHIO |
| **CLARK GRAY,** | ) | |
| | ) | |
| **Defendants-Appellants.** | ) | |
| | ) | |
| | ) | |

BEFORE:    MERRITT, CLAY and GILMAN, Circuit Judges

MERRITT, Circuit Judge.   In the form stated in the brief of the three defendants-appellants, the single question in this appeal is whether "the District Court improperly denied the Brown County deputies' motion for summary judgment based upon qualified immunity as plaintiff's arrest on October 11, 2000, for persistent disorderly conduct was supported by probable cause and was reasonable under the circumstances." The plaintiff, supported by the findings and judgment of the District Court, claims that there is a material dispute of fact about whether the defendants' actions were "supported by probable cause."

The defendants arrested plaintiff for disorderly conduct after plaintiff invited the officers into his home to request that they investigate barking dogs in his neighborhood. Plaintiff then yelled, cursed and asked the officers to leave when they did not (according to plaintiff) make an effort to

No. 06-4525
*Reynolds v. Crawford*

stop his neighbors from keeping barking dogs that interrupted his sleep and the peace of the

neighborhood. The disorderly conduct case went to trial in the state courts, and the plaintiff was

acquitted. The state court found that the officers did not have a basis in Ohio law for arresting the

plaintiff for yelling and cursing at the officers when they were in his home.

The Ohio Rev. Code § 2917.11(2) defines disorderly conduct as "making unreasonable noise

or an offensively course utterance, gesture, or display or communicating unwarranted and grossly

abusive language to any person. . . ." The state court found no such conduct.

Judge Weber in the District Court below declined to grant summary judgment to the officer-

defendants, stating his reasons as follows:

> The Deputies were present in plaintiff's home shortly after 4:30 a.m. on
> October 11, 2000 at plaintiff's invitation. Plaintiff terminated that invitation by
> ordering the Deputies to leave. This Court concludes that it was not objectively
> reasonable for the Deputies to ignore the request to leave given by plaintiff. Thus,
> the resolution of plaintiff's claim depends on the totality of the circumstances as they
> existed on October 11, 2000. These circumstances include whether the Deputy
> Sheriffs were acting in good faith.

> It has long been the law in Ohio that it is not a crime to make an offensively
> coarse utterance or communicate unwarranted and grossly abusive language to any
> person unless the words spoken are likely, by their very utterance, to inflict injury or
> provoke the average person to an immediate retaliatory breach of peace. *State v.
> Hoffman*, 57 Ohio St.2d 129 (1979). There is conflicting evidence whether plaintiff's
> conduct either inflicted any injury to the Deputies or would provoke them to breach
> the peace.

> Under the facts of this case, it was not objectively reasonable for the Deputies
> to arrest plaintiff; thus, plaintiff is entitled to proceed in this case on his First and
> Fourth Amendment claim against defendants. . . .

The plaintiff's claim is that the defendants were personally piqued at him, threw their weight

around improperly and arrested him for disorderly conduct without probable cause, as required by

-2-

*No. 06-4525*
*Reynolds v. Crawford*

the Fourth Amendment. After a hearing, the state court dismissed the case against plaintiff, finding

that his loud conduct, although offensive to the officers, did not constitute the crime of disorderly

conduct under state law. Plaintiff then brought a § 1983 action, claiming that defendants violated

his constitutional rights for arresting him without probable cause. The District Court concluded that

upon the facts presented there is a material dispute of fact concerning the officers' conduct and

motives and, therefore, concluded that there is a material dispute about whether the officers arrested

plaintiff without probable cause. As the District Court concluded, the officers have not met the test

of "qualified immunity" under *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), and its progeny because

there is a factual dispute about the motive, purpose and intent of the officers — a factual issue that

may require a jury trial under the Seventh Amendment ("in suits at common law . . . the right of trial

by jury should be preserved").

In reviewing a claim of qualified immunity, "government officials performing discretionary

functions generally are shielded from liability for civil damages insofar as their conduct does not

violate clearly established statutory or constitutional rights of which a reasonable person would have

known." *Harlow*, 457 U.S. at 818. A district court's denial of a claim of qualified immunity is an

appealable final decision to the extent that it turns on an issue of law. *Mitchell v. Forsyth*, 472 U.S.

511, 530 (1985); *Sheets v. Mullins*, 287 F.3d 581, 585 (6th Cir. 2002) ("[F]or appellate jurisdiction

to lie over an interlocutory appeal, a defendant seeking qualified immunity must be willing to

concede the facts as alleged by the plaintiff and discuss only the legal issues raised by the case.").

Where a defendant's arguments regarding qualified immunity "rely *exclusively* on a disputed version

No. 06-4525
*Reynolds v. Crawford*

of the facts, this court does not have jurisdiction to consider [the] appeal." *McKenna v. City of Royal Oak*, 469 F.3d 559, 560 (6th Cir. 2006) (emphasis added).

In this appeal, we do not have appellate jurisdiction to review the denial of qualified immunity because factual disputes exist as to whether the officers had probable cause to arrest plaintiff.

Accordingly, the judgment of the District Court is AFFIRMED.

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Leonard Green
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: May 29, 2008

Mr. John E. Vincent Jr.
Isaac, Brant, Ledman & Teetor
250 E. Broad Street
Suite 900
Columbus, OH 43215

William D. Reynolds
7013 State Route 221
Georgetown, OH 45121-0000

Re:  Case No. 06-4525, *Reynolds v. Crawford, et al*
Originating Case No. : 01-00877

Dear Sir or Madam,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Nancy Barnes
Senior Case Manager
Direct Dial No. 513-564-7022
Fax No. 513-564-7096

cc:  Honorable Herman J. Weber
Mr. James Bonini

Enclosure

James Bonini
Southern District of Ohio at Cincinnati
100 E. Fifth Street
Suite 103 Potter Stewart U.S. Courthouse
Cincinnati, OH 45202-0000