# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

WILLIAM D. REYNOLDS,　　　　　　　　　　Case No. 1:01-cv-877
　　Plaintiff/Appellant　　　　　　　　　　　　Weber, J.

vs

WINDELL CRAWFORD, et al.,　　　　　　**ORDER**
　　Defendants/Appellees

This matter is before the Court on plaintiff/appellant's motion for *in forma pauperis* status and motion for transcript of trial at government expense. (Doc. 172).

On August 13, 2009, the jury returned a verdict in favor of defendants in this case. (Doc. 164). Thereafter, plaintiff/appellant filed a notice of appeal and moved for a transcript of the trial at government expense in the Sixth Circuit Court of Appeals. The Court of Appeals denied the motion, noting that since plaintiff/appellant paid the $455.00 appellate filing fee he is not proceeding *in forma pauperis* and is not entitled to a transcript at government expense. (Doc. 171). However, the Court of Appeals' denial was without prejudice to plaintiff/appellant's filing a motion for *in forma pauperis* status and a motion for a transcript at government expense in the district court. (Doc. 171). The Court of Appeals specified:

> The motion for *in forma pauperis* status must be accompanied by an affidavit establishing Reynold's pauper status. The motion for a transcript at government expense must be accompanied by a memorandum demonstrating that the appeal is not frivolous but raises a substantial question.

(Doc. 171, citing 28 U.S.C. § 753(f)).

The instant motion before the district court fails to establish plaintiff/appellant's pauper status, or demonstrate the appeal is not frivolous and raises a substantial question.

Plaintiff/appellant's affidavit in support of his pauper status omits any information about his spouse's income or assets. Plaintiff/appellant justifies this omission by stating his spouse "has not been, Directly Harmed, by the actions of Brown County, Ohio Sheriff's Department, nor does her name appear on Case No. C-1-01-877 or this Appeal Case No. 09-4060." (Doc. 172 at 3). Plaintiff/appellant's justification for the omission of his spouse's resources is without merit.

Both the appellate rules of procedure and the case law require the court to consider the income and assets of an applicant's spouse in determining *in forma pauperis* status. Rule 24(a), Fed. R. App. P., directs a party desiring to appeal *in forma pauperis* to file an affidavit in the district court that provides the information set forth in Form 4 of the Appendix of Forms. *See* Fed. R. App. P. 24(a)(1)(A). Form 4 requires, among other things, information about the income and assets of the appellant and his or her spouse. Fed. R. App. P., Appendix of Forms, Form 4.

The case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed *in forma pauperis*. *See Muhammad v. Louisiana Attorney Disciplinary Bd.*, No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sept. 25, 2009); *Jones v. St. Vincents Health System*, No. 3:07-cv-177, 2007 WL 1789242, at *1-2 (M.D. Fla. June 19, 2007); *Fridman v. City of New York*, 195 F. Supp.2d 534, 537 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2d Cir. 2002); *Montiel v. Wyndham Anatole Hotel,* No. 3.03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov 6, 2003); *Mann v. Frank,* No. 90-1122, 1992 WL 219800, at *4 (W.D. Mo. Sept. 2, 1992); *Bender v. Defense Logistics Agency,* No. 90-858, 1990 WL 96185, at *1 (E.D. Pa. July 3, 1990); *Monti v. McKeon,* 600 F. Supp. 112, 114 (D. Conn. 1984); *Williams v. Spencer,* 455 F. Supp. 205, 208-09 (D. Md. 1978). In the absence of any information concerning the assets and income of plaintiff/appellant's spouse, the Court cannot conclude that

plaintiff/appellant is a pauper entitled to a transcript at government expense.

Accordingly, plaintiff/appellant's motion for *in forma pauperis* status and motion for transcript of trial at government expense (Doc. 172) are **DENIED**.

The Clerk of Court is **DIRECTED** to send plaintiff/appellant three copies of Form 4, Fed. R. App. P., Appendix of Forms.

A copy of this Order shall be sent to the Clerk of the Sixth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Date: 11/16/09

Herman J. Weber, Senior Judge
United States District Court